## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED

JAN 27 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

_ELitha Brownley_ )
_____, )
    **Plaintiff(s),** )
 )
 )
 vs. )    **Case No.**
 )
_Judge Robert E. Senechalle_ )
_Judge James O'Hara._ )
 )    1:23-cv-00517
 )    Judge Sharon Johnson Coleman
 )    Magistrate Beth W. Jantz
 )    Random Assignment
    **Defendant(s).** )


## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

    laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.  Plaintiff's full name is _ELitha Brownley_.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELitha Brown Bey )
_____ )
, )
)
**Plaintiff(s),** )
)
vs. )          **Case No.**
)
Skokie Motor Sales Inc )
)
_____ , )
)
)
**Defendant(s).** )

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.   This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.   The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.   Plaintiff's full name is   ELitha      Brown - Bey      .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELitha Brown-Bey<br><br>Plaintiff(s),<br><br>vs.<br><br>Attorney Kevin M. O'Brien And The<br>Law Office) of Kevin M. O'Brien<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* **pro se** *plaintiff, state your case in a clear manner.  Please read the directions and the numbered paragraphs carefully.  Some paragraphs may not apply to you.  You may cross out paragraphs that do not apply to you.  All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

    laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C.  §§ 1343 and 1367.

3.  Plaintiff's full name is  ELitha Brown-Bey                          .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ELithA BROWN-Bey

_____,

       **Plaintiff(s),**

       **vs.**                **Case No.**

Attorney Emily Schroeder

Attorney Jamie S. Lane

       **Defendant(s).**

### COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and

   laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is ELithA BROWN-Bey .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

10.    Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

Defendant(s) have infringed on the following Constitutional Violations under Title 18 USCA sec 241 242 & 245. Declaration On the Rights of Indegenous Peoples (E.Ca 4 Sub 2/994/2/add. 1 (1994). (Sec: Article 1 & 2 with all Section: Enforced by Federal Constitution Law and by International Law) See: Article VI of The United States Republic Constitutional, and Executive Order 13107 The Implementation of Human Rights Treaties, etc. to which the Senators, the Representatives, the Members of the several State Legislatures, and all Executive and Judicial Officers, both of the United States and of the Several States, shall be bound by Oath or Affirmation, to support this Constitution. Remedy to be: LIFETIME MEDICAL EXPENSES and $1,000,000.00 (ONE MILLION DOLLARS USD)

11.    Defendant acted knowingly, intentionally, willfully and maliciously.

12.    As a result of defendant's conduct, plaintiff was injured as follows:

Ms. Brown-Bey suffered a meniscus tear, or which underwent a Miniscetomy. In addition, a TOTAL KNEE REPLACEMENT is recommended. Which has completely altered her life PERMITMENTLY.

13.    Plaintiff asks that the case be tried by a jury.    ☒ Yes        ☐ No

4

10. Plaintiff further alleges as follows: (***Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.***)

SEE ATTACHMENTS /
EXHIBITS A

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

PERMANENTLY DAMAGES. MENTAL ANGUISH, PAIN +
SUFFERING EMOTIONAL HEALTH ANXIETY DEPRESSION,
GRIEF and/or PSYCHOSOMATIC PHYSICAL SYMPTOMS. NEGLIGENCE
or INTENTIONAL INFLICTION.

13. Plaintiff asks that the case be tried by a jury.   ☑ Yes      ☐ No

4

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Elitha Brown_

Plaintiff's name *(print clearly or type)*: _ELithA BROWN_

Plaintiff's mailing address: _% 15915 Vine Ave_

City _HARVey_            State _Illinois_    ZIP _[60426]_

Plaintiff's telephone number: (_708_) _359-5741_

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

15. Plaintiff has previously filed a case in this district.   ☐ Yes  ☒ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

**Law Offices of Kevin M. O'Brien**
**Suite 700**
**105 West Madison Street**
**Chicago, IL 60602**
**(312) 683-4000**

## ATTORNEY-CLIENT AGREEMENT

I, the undersigned client, do hereby retain and employ the Law Offices of Kevin M. O'Brien in any claim against **any and all interested parties** and any other person, firm or corporation, for injuries and damages I sustained arising out of an incident which occurred on **January 19, 2017** I hereby agree to pay said attorney a fee for his services and to pay the costs reasonably necessary to investigate and prosecute this claim.

### LEGAL SERVICES

The client shall pay a sum equal to 33.3% of the total proceeds of any recovery, including medical payment recovery.

### COSTS

The client will pay, in addition to payment for legal services, all costs and expenses incurred. "Costs" shall include, but not be limited to, expenses for filing, subpoenas, depositions, witness fees, investigation, expert witnesses, medical records and reports, photographs, and all costs necessary for proper performance of legal services. A portion of this fee may be paid to a referring attorney in exchange for services rendered. Any referral agreement does not affect the total amount of attorney's fee charged.

### CHARGES

THERE WILL BE NO CHARGE FOR LEGAL SERVICES IN THIS MATTER IF NO MONEY IS RECOVERED.

### CLIENT'S DUTY

The client shall immediately inform the attorney of any change of address or phone number.

### SETTLEMENT

No settlement shall be made without consent of the injured party, EXCEPT, where a client has failed to inform the attorney of a change of address and cannot be located after diligent search by the attorney, then, the client expressly grants power of the attorney to accept a reasonable settlement on the client's behalf and to accept, endorse and deposit any settlement checks in the client's name into a trust account and to deduct fees, costs and expenses and to satisfy outstanding liens and to retain the client's share in said trust account until the client can be located. When the client does consent to a settlement, the client hereby gives the



EXHIBIT # A-1
2-PAGES

attorney the right to execute drafts and releases as the client could do if personally present.

1. I hereby acknowledge receipt of this agreement and a copy of "An Act Relating to Certain Agreement in Connection with Personal Injuries," 815 ILCS 640 ("Act". All notices under such Act may be sent to Kevin M. O'Brien, 407 South Dearborn, Suite 1125, Chicago, Illinois 60605.

Dated: _____ ,2017

_____ CLIENT

I hereby agree to the above and further agree to make no charge for services unless recovery is had in above claim, and to make no settlement without consent of claimant.

_____ ATTORNEY on behalf of Law Office of Kevin M O'Brien

"An Act Relating to Certain Agreements in Connection with Personal Injuries"

2. Any person who makes an agreement with any other person to represent him in his claim for settlement of a personal injury claim within 5 days after the occurrence which gave rise to the claim may, within a 10 day period after the occurrence elect to avoid the agreement by notifying the other person in writing of the election by registered or certified mail, return receipt requested.

The person undertaking the representation of the injured party by such an agreement must, at the time of the agreement, furnish the party with whom the agreement is made, a copy of the agreement and the address to which the notice may be sent and a copy of this ACT, and obtain written acknowledgment of receipt of such from the party represented. If he fails to do so, the 10 day period provided for in this Act does not commence to run until the agreement, address and a copy of this Act are furnished.

EXHIBIT # A-1

FILED
12/27/2018 1:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

FILED DATE: 12/27/2018 1:53 PM  2018L013896

**STATE OF ILLINOIS** )
**COUNTY OF COOK** )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **ELITHA BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No.:** |
| ) | |
| **KEVIN RAYMOND, and** ) | **Amount Claimed:** **In excess of** |
| **SKOKIE MOTOR SALES, INC.** ) | **$50,000.00** |
| ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT AT LAW

NOW COMES Plaintiff, ELITHA BROWN, by and through her attorney, KEVIN M.

O'BRIEN, and complaining of Defendants, KEVIN RAYMOND and SKOKIE MOTOR

SALES, INC., states as follows:

1. That on and prior to January 19, 2017, Interstate 94 was a public highway running in a

   general north and south direction, at or near West 35th Street, in the City of Chicago,

   County of Cook and State of Illinois.

2. That on or about January 19, 2017, Plaintiff, ELITHA BROWN, operated and controlled

   a motor vehicle which was traveling in a northbound lane of traffic on Interstate 94 at or

   near West 35th Street in the City of Chicago, County of Cook and State of Illinois.

3. That on or about January 19, 2017, Defendant, KEVIN RAYMOND, operated and

   controlled a motor vehicle traveling in a northbound lane of traffic on Interstate 94 at or

   near West 35th Street in the City of Chicago, County of Cook and State of Illinois.


EXHIBIT
A-2
7-Pages

4. That on or about January 19, 2017, Defendant, SKOKIE MOTOR SALES, INC., owned, managed and maintained the motor vehicle Defendant, KEVIN RAYMOND, was driving.

5. That on or about January 19, 2017, and at all times mentioned herein, Plaintiff, ELITHA BROWN, was in the exercise of ordinary care and caution for her own safety and was at all times free from contributory negligence.

6. That on or about January 19, 2017, Defendants, KEVIN RAYMOND and SKOKIE MOTOR SALES, INC., had a duty to act with ordinary care and caution for the safety of themselves and of other motorists using the highway, including Plaintiff, ELITHA BROWN.

7. That on or about January 19, 2017, Plaintiff, ELITHA BROWN, was traveling in a northbound lane of traffic on Interstate 94 at or near West 35th Street, when she was rear-ended by the motor vehicle being driven by Defendant, KEVIN RAYMOND.

8. That on or about January 19, 2017, Defendants, KEVIN RAYMOND and SKOKIE MOTOR SALES, INC., breached the aforesaid duty of due care and were then and there guilty of one or more of the following careless or negligent acts or omissions:

   a. Owned, managed, maintained, operated, and controlled a motor vehicle so that as a direct and proximate result thereof, Plaintiff, ELITHA BROWN, was injured;

   b. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway which endangered the safety of person or property in violation of 625 ILCS 5/11-601;

   c. Operated said motor vehicle without keeping proper and sufficient lookout for other cars in and about the area, and more particularly, Plaintiff herein;

FILED DATE: 12/27/2018 1:53 PM   2018L013896

   d. Failed to keep said vehicle under proper control and failed to stop, slow down or

   otherwise alter speed, movement, or direction of said vehicle when danger of

   collision with Plaintiff was imminent;

   e. Failed to give audible warning with his horn when such warning was reasonably

   necessary to ensure safe operation of said vehicle, in violation of 625ILCS 5/12-

   601; or

   f. Were otherwise careless or negligent.

9. That as a direct and proximate result of one or more of the foregoing careless and

   negligent acts or omissions, Plaintiff, ELITHA BROWN:

   a. Was seriously and permanently injured and suffered and will continue to suffer

   damages of a personal and pecuniary nature;

   b. Expended and may in the future continue to expend large sums of money

   endeavoring to be cured of her injuries; and

   c. Suffered property damage to her motor vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELITHA BROWN, by and through her attorney, Kevin M.

O'Brien, hereby request that this Honorable Court grant her the following relief:

   a. Judgment against Defendants, KEVIN RAYMOND and SKOKIE MOTOR

   SALES, INC., in an amount greater than FIFTY-THOUSAND DOLLARS

   ($50,000.00); and

   b. Award all other relief it deems appropriate.

Kevin M. O' Brien, Attorney for Plaintiff,
Elitha Brown

Law Office of Kevin M. O'Brien
105 West Madison Street, Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney I.D. #: 26743

FILED DATE: 12/27/2018 1:53 PM   2018L013886

**STATE OF ILLINOIS**    )
**COUNTY OF COOK**    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **ELITHA BROWN,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | **No.:** | |
| ) | | |
| **KEVIN RAYMOND, and** ) | **Amount Claimed:** | In excess of |
| **SKOKIE MOTOR SALES, INC.** ) | | $50,000.00 |
| ) | | |
| ) | | |
| **Defendants.** ) | | |

### <u>AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)</u>

I, Kevin M. O'Brien, an attorney, hereby certify as follows:

1. That upon review of the above-captioned matter, it has been determined that the total

amount of money damages sought does exceed $50,000.00.


FURTHER AFFIANT SAYETH NOT.

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.


Kevin M. O'Brien, Attorney for Plaintiff


Law Office of Kevin M. O'Brien
105 West Madison Street
Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney I.D. #: 26743

**Summons - Alias Summons**  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.   12/27/2018 1:53 PM DOROTHY BROWN

Atty. No.: 26743

Atty Name: Kevin M. O'Brien

Atty. for: Plaintiff

Address: 105 West Madison Street., Suite 700

City: Chicago

State: IL   Zip: 60602

Telephone: (312) 683-4000

Primary Email: _____

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

☒ Richard J Daley Center
50 W Washington
Chicago, IL 60602

☐ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

☐ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

☐ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

☐ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

☐ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☒ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

APPEAL TO THE APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

FROM THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT

COOK COUNTY, ILLINOIS

ELITHA BROWN

    Plaintiff/Petitioner     Reviewing Court No: <u>1-21-0131</u>

               Circuit Court/Agency No: <u>2018L013896</u>

               Trial Judge/Hearing Officer: KAREN L.

v.                        O'MALLEY


SKOKIE MOTOR SALES, INC. ET AL.

    Defendant/Respondent


**COMMON LAW RECORD - TABLE OF CONTENTS**


Page <u>1</u> of <u>3</u>

| **Date Filed** | **Title/Description** | **Page No.** |
|---|---|---|
| 12/27/2018 | DOCKETLIST | C 5-C 10 |
| 12/27/2018 | COMPLAINT AT LAW | C 11-C 15 |
| 12/27/2018 | SUMMONS | C 16-C 18 |
| 12/27/2018 | SUMMONS 2 | C 19-C 21 |
| 01/01/2019 | E NOTICE | C 22 |
| 01/22/2019 | AFFIDAVIT OF SERVICE | C 23 |
| 01/22/2019 | AFFADAVIT OF SERVICE | C 24-C 25 |
| 02/27/2019 | CASE MANAGEMENT ORDER | C 26-C 27 |
| 02/27/2019 | APPEARANCE AND JURY DEMAND | C 28 |
| 02/27/2019 | NOTICE OF FILING | C 29 |
| 02/28/2019 | ALIAS SUMMONS | C 30-C 32 |
| 03/18/2019 | PROTECTIVE ORDER | C 33-C 36 |
| 03/26/2019 | APPEARANCE AND JURY DEMAND | C 37 |
| 03/26/2019 | NOTICE OF FILING | C 38 |
| 03/27/2019 | DEFENDANTS ANSWER TO COMPLAINT AT LAW | C 39-C 42 |
| 03/27/2019 | EXHIBIT A | C 43-C 61 |
| 03/27/2019 | NOTICE OF FILING | C 62 |
| 03/27/2019 | NOTICE OF MOTION 2 | C 63 |
| 03/27/2019 | MOTION TO DISMISS | C 64-C 68 |
| 03/27/2019 | NOTICE OF MOTION | C 69 |
| 04/02/2019 | EXHIBIT A | C 70-C 88 |
| 04/02/2019 | NOTICE OF MOTION | C 89 |



EXHIBIT

A-3

3 pages

Table of Contents

**COMMON LAW RECORD - TABLE OF CONTENTS**

Page 2 of 3

| Date Filed | Title/Description | Page No. |
|---|---|---|
| 04/02/2019 | PROOF OF SERVICE | C 90 |
| 04/08/2019 | ORDER | C 91 |
| 05/01/2019 | CASE MANAGEMENT ORDER | C 92 |
| 05/10/2019 | PROOF OF SERVICE DISCOVERY DOCUMENTS | C 93 |
| 05/13/2019 | PROOF OF SERVICE DISCOVERY DOCUMENTS | C 94 |
| 07/02/2019 | CASE MANAGEMENT ORDER | C 95 |
| 08/20/2019 | CASE MANAGEMENT ORDER | C 96 |
| 10/21/2019 | CASE MANAGEMENT ORDER | C 97 |
| 12/17/2019 | CASE MANAGEMENT ORDER | C 98 |
| 01/28/2020 | NOTICE OF MOTION | C 99 |
| 01/28/2020 | MOTION TO WITHDRAW ATTORNEY | C 100 |
| 02/18/2020 | ORDER OF ATTORNEY WITHDRAWAL | C 101 |
| 03/19/2020 | PETITION TO VACATE ORDER | C 102-C 130 |
| 04/16/2020 | E NOTICE | C 131 |
| 04/16/2020 | E NOTICE 2 | C 132 |
| 04/16/2020 | E NOTICE 3 | C 133 |
| 04/30/2020 | CERTIFICATE OF MAILING | C 134-C 138 |
| 06/23/2020 | E NOTICE | C 139 |
| 06/23/2020 | E NOTICE 2 | C 140 |
| 06/23/2020 | E NOTICE 3 | C 141 |
| 07/07/2020 | PROOF OF SERVICE DISCOVERY DOCUMENTS | C 142 |
| 08/13/2020 | APPEARANCE | C 143 |
| 10/19/2020 | PETITION TO VACATE MOTION | C 144-C 149 |
| 11/19/2020 | EXHIBIT A | C 150-C 154 |
| 11/19/2020 | EXHIBIT B | C 155-C 156 |
| 11/19/2020 | EXHIBIT C | C 157-C 164 |
| 11/19/2020 | EXHIBIT D | C 165 |
| 11/19/2020 | EXHIBIT E | C 166 |
| 11/19/2020 | NOTICE OF FILING | C 167 |
| 11/19/2020 | RESPONSE TO PLAINTIFFS PETITION | C 168-C 171 |
| 11/23/2020 | ORDER | C 172 |
| 12/17/2020 | APPEARANCE AND JURY DEMAND | C 173-C 186 |
| 12/21/2020 | E NOTICE | C 187 |
| 12/21/2020 | E NOTICE 2 | C 188 |
| 12/21/2020 | POST CARD | C 189 |

Table of Contents

## COMMON LAW RECORD - TABLE OF CONTENTS

Page 3 of 3

| Date Filed | Title/Description | Page No. |
|---|---|---|
| 12/23/2020 | ORDER FOR FEE WAIVER | C 190-C 191 |
| 02/03/2021 | NOTICE OF INTERLOCUTORY APPEAL | C 192-C 205 |
| 02/09/2021 | CASE MANAGEMENT ORDER | C 206 |
| 02/09/2021 | REQUEST TO PREPARE RECORD | C 207-C 209 |

EXHIBIT

A-3

3 PAGES

```
18-L-013896              A BROWN ELITHA        V.      RAYMOND KEVIN ,        L A W   R E C O R D
18-L-013896                                            SKOKIE MOTOR SALES

                                                                                             CASE PENDING      PAGE     1
                                                                                                          ON JURY CALL 00/00/00 .

12/27/18  BROWN ELITHA,            PERSONAL INJURY (MOTOR VEHICLE) COM    I02000001.00    368.00                          12/27/18
0027      OBRIEN KEVIN M                                            105 W MADISON #700     CHICAGO       IL    60602
26743

12/27/18  BROWN ELITHA,            SUMMONS ISSUED AND RETURNABLE          I02000002.00                  OBRIEN KEVIN M    12/27/18
3127                               I02000003.00

12/27/18  BROWN ELITHA,            SUMMONS ISSUED AND RETURNABLE                          OBRIEN KEVIN M                  12/27/18
3127

01/01/19  BROWN ELITHA,            ELECTRONIC NOTICE SENT      I02000004                                 OBRIEN KEVIN M   01/01/19
3492

01/01/19  BROWN ELITHA,            CASE MANAGEMENT DATE GENERATED 02/27/19 10:00 A.M.                                     / /
3498

01/22/19  RAYMOND KEVIN            SUMMONS RETURNED - N.S.  REASON: NO 01/22/19  I02000005                                / /
2255

01/22/19  BROWN ELITHA,            AFFIDAVIT OF SERVICE FILED            I02000006                                        01/23/19
2814

02/27/19  SKOKIE MOTOR SALES, INC. APPEARANCE FILED - FEE PAID - (JURY 467.00   I02000008                                02/27/19
1900                                                            150 N MICHIGAN AVE      CHICAGO    IL    60601
42907                              SMITH AMUNDSEN LLC

02/27/19  SKOKIE MOTOR SALES, INC. NOTICE OF FILING FILED     I02000009                SMITH AMUNDSEN LLC                 02/27/19
3331

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO ADMISSION OF FACTS - ALLOWED -    O'HARA, JAMES N.                   02/27/19
4203                                                                                                I02000007

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO ISSUE ALIAS SUMMONS - ALLOWED -   O'HARA, JAMES N.                   02/27/19
4213                                                                                                I02000007

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO TAKING OF DEPOSITION - ALLOWED - 06/12/19   O'HARA, JAMES N.         02/27/19
4218                                                                                                     I02000007

02/27/19  RAYMOND KEVIN            ORDER ON MOTION TO TAKING OF DEPOSITION - ALLOWED - 06/12/19   O'HARA, JAMES N.         02/27/19
4218                                                                                                     I02000007

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO FILE AMENDMENT OR ADDITIONAL OR AMENDED PLEADINGS - ALLOWED -   O'HARA, JAMES N.   02/27/19
4231                                                                                                                I02000007

02/27/19  RAYMOND KEVIN            ORDER ON MOTION TO FILE AMENDMENT OR ADDITIONAL OR AMENDED PLEADINGS - ALLOWED -   O'HARA, JAMES N.   02/27/19
4231                                                                                                                I02000007

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED - 03/27/19   O'HARA, JAMES N.   02/27/19
4234                                                                                                                      I02000007

02/27/19  SKOKIE MOTOR             ORDER ON MOTION TO FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED - 03/27/19   O'HARA, JAMES N.   02/27/19
4234                                                                                                                      I02000007

02/27/19  BROWN ELITHA,            ORDER ON MOTION TO DISCOVERY - ALLOWED - 04/24/19   O'HARA, JAMES N.                   02/27/19
4296                                                                                              I02000007

02/27/19  RAYMOND KEVIN            ORDER ON MOTION TO DISCOVERY - ALLOWED -            O'HARA, JAMES N.                    02/27/19
```

tabbles®

EXHIBIT
A-4
3-PAGES

12/27/19 SKOKIE MOTOR SALE
3492 ELECTRONIC NOTICE SENT                                   SMITH AMUNDSEN LLC                     12/27/19

12/27/19 BROWN ELITHA
4427 CASE SET ON TRIAL SETTING CALL IN 2006 04/01/20 LD000000000000                                 12/27/19
                                                    MARAS, MARCIA

01/28/20 BROWN ELITHA
3303 NOTICE OF MOTION FILED          102000035         OBRIEN KEVIN M                               01/28/20

01/28/20 BROWN ELITHA
3330 MOTION FILED                    102000036         OBRIEN KEVIN M                               01/28/20

01/28/20 BROWN ELITHA
3337 MOTION SCHEDULED 02/18/20 10:00 A.M.              OBRIEN KEVIN M                               01/28/20

02/18/20 BROWN ELITHA
4234 ORDER ON MOTION TO FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED - 03/20/20  102000037   02/18/20
                                                    O'MALLEY, KAREN L.

02/18/20 BROWN ELITHA
4250 ORDER ON MOTION TO ORDER PLAINTIFF, DEFENDANT OR WITNESS TO APPEAR - ALLOWED - 04/06/20  102000037   02/18/20
                                                    O'MALLEY, KAREN L.

02/18/20 BROWN ELITHA
4251 ORDER ON MOTION TO EXECUTE OR PERFORM - ALLOWED - 02/21/20              102000037                02/18/20
                                                    O'MALLEY, KAREN L.

02/18/20 BROWN ELITHA
4287 ORDER ON MOTION TO WITHDRAWAL OF ATTORNEY FROM CASE - ALLOWED -        102000037                02/18/20
26743 OBRIEN KEVIN M          105 W MADISON #700         CHICAGO         IL         60602
                                                    O'MALLEY, KAREN L.

02/18/20 BROWN ELITHA
4619 CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED - 04/06/20     102000037                02/18/20
                                                    O'MALLEY, KAREN L.

03/19/20 BROWN ELITHA
3390 MOTION FILED                    102000044         BROWN ELITHA                                 03/19/20

04/06/20 BROWN ELITHA
4440 ORDER OF COURT CONTINUANCE COVID-19 CLOSURE 07/06/20                                           04/16/20

04/16/20 SKOKIE MOTOR SALE
3492 ELECTRONIC NOTICE SENT          102000038         SMITH AMUNDSEN LLC                           04/16/20

04/16/20 RAYMOND KEVIN
3492 ELECTRONIC NOTICE SENT          102000039         SMITH AMUNDSEN LLC                           04/16/20

04/30/20 BROWN ELITHA
2871 CERTIFICATE OF MAILING FILED    102000040                                                      05/01/20

06/23/20 SKOKIE MOTOR SALE
3492 ELECTRONIC NOTICE SENT          102000041         SMITH AMUNDSEN LLC                           06/23/20

06/23/20 RAYMOND KEVIN
3492 ELECTRONIC NOTICE SENT          102000042         SMITH AMUNDSEN LLC                           06/23/20

06/23/20 BROWN ELITHA
4440 ORDER OF COURT CONTINUANCE COVID-19 CLOSURE 02/11/21                                           06/23/20

07/07/20 RAYMOND KEVIN
4440 PROOF OF SERVICE FILED          102000043         SMITH AMUNDSEN LLC                           07/07/20

08/13/20 BROWN ELITHA
1900 APPEARANCE FILED - FEE PAID - (JURY 251.00        102000045                                    08/13/20

4296  ORDER ON MOTION TO DISCOVERY - ALLOWED - 04/24/19    102000007    02/27/1

02/27/19  BROWN ELITHA.
4297  ORDER ON MOTION TO EXCHANGE INFORMATION - ALLOWED - 03/06/19    O'HARA, JAMES N.    102000007    02/27/1

02/27/19  BROWN ELITHA.
4619  CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED - 05/01/19    O'HARA, JAMES N.    102000007    02/27/1

02/28/19  BROWN ELITHA.
3121  ALIAS SUMMONS ISSUED    102000010    OBRIEN KEVIN M    03/01/1

03/18/19  BROWN.
4367  HIPAA PROTECTIVE ORDER - ALLOWED    102000011    O'HARA, JAMES N.    03/18/1

03/26/19  RAYMOND KEVIN
1900  APPEARANCE FILED - FEE PAID - (JURY 467.00    102000012    CHICAGO    IL    60601
42907  SMITH AMUNDSEN LLC    150 N MICHIGAN AVE    03/26/1

03/26/19  RAYMOND KEVIN
3321  NOTICE FILED    102000013    SMITH AMUNDSEN LLC    03/26/1

03/27/19  SKOKIE MOTOR SALES, INC.
3004  EXHIBITS FILED    102000016    SMITH AMUNDSEN LLC    03/28/1

03/27/19  SKOKIE MOTOR SALES, INC.
3100  ANSWER FILED    102000015    SMITH AMUNDSEN LLC    03/28/1

03/27/19  SKOKIE MOTOR SALES, INC.
3303  NOTICE OF MOTION FILED    102000014    SMITH AMUNDSEN LLC    03/28/1

03/27/19  SKOKIE MOTOR SALES, INC.
3303  NOTICE OF MOTION FILED    102000019    SMITH AMUNDSEN LLC    03/28/

03/27/19  SKOKIE MOTOR SALES, INC.
3321  NOTICE FILED    102000016    SMITH AMUNDSEN LLC    03/28/

03/27/19  SKOKIE MOTOR SALES, INC.
3500  MOTION TO DISMISS FILED    102000017    SMITH AMUNDSEN LLC    03/28/

03/28/19  SKOKIE MOTOR SALES, INC.
3397  MOTION SCHEDULED 04/08/19 10:00 A.M.    SMITH AMUNDSEN LLC    03/28/1

04/02/19  SKOKIE MOTOR SALES, INC.
3004  EXHIBITS FILED    102000023    SMITH AMUNDSEN LLC    04/02/1

04/02/19  SKOKIE MOTOR SALES, INC.
3303  NOTICE OF MOTION FILED    102000022    SMITH AMUNDSEN LLC    04/02/1

04/02/19  RAYMOND KEVIN
3372  PROOF OF SERVICE FILED    102000020    SMITH AMUNDSEN LLC    04/02/1

04/02/19  SKOKIE MOTOR SALES, INC.
3390  MOTION FILED    102000021    SMITH AMUNDSEN LLC    04/02/1

04/08/19  SKOKIE MOTOR SALE
4619  CASE CONTINUED FOR CASE MANAGEMENT CONFERENCE - ALLOWED - 05/01/19    CALLAHAN, JOHN P.    102000024    04/08/1

04/08/19  SKOKIE MOTOR SALE
6271  ORDER ON MOTION TO STRIKE OR WITHDRAW COMPLAINT, AMENDED COMPLAINT OR PORTION THEREOF - CNT - 05/01/19    CALLAHAN, JOHN P.    102000024    04/08/1

Matter No.: 3040095 JSL/KKG
Atty No.: 42907

FILED
3/27/2019 4:35 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

**STATE OF ILLINOIS)**
**COUNTY OF COOK )**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **ELITHA BROWN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No. **2018 L 013896** |
| | ) Hearing Date: 4/8/2019 10:00 AM - 10:00 AM |
| **KEVIN RAYMOND, and** | ) |
| **SKOKIE MOTOR SALES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT SKOKIE MOTOR SALES, INC.'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, Defendant, SKOKIE MOTOR SALES, INC., by and through its attorneys SMITH AMUNDSEN LLC, and pursuant to 735 ILCS 5/2-619(a)(9) submits its Motion to Dismiss Plaintiff's Complaint at Law. In support thereof, Skokie Motor alleges and states as follows:

### INTRODUCTION

1.     This matter arises from a two-car motor vehicle accident that occurred on January 19, 2017, on the Dan Ryan Expressway near the 35th street exit. Plaintiff, Elitha Brown ("Plaintiff") was allegedly injured when she was rear-ended by co-Defendant, Kevin Raymond ("Raymond"). At the time, Raymond was driving a motor vehicle that was owned by Skokie Motors. Plaintiff seeks to impose liability on Skokie Motors based solely on its ownership of the vehicle. The allegations against Skokie Motors should be dismissed with prejudice because the Complaint fails to allege grounds upon which relief can be granted.



EXHIBIT
A-5
5 - PAGE

2.        Plaintiff's claims against Skokie Motors are barred by 49 U.S.C. § 30106 (2010)
(the "Graves Amendment"). The Graves Amendment preempts claims against lessors and
companies in the business of renting vehicles absent certain specific circumstances, which, as
discussed in further detail below, are not applicable in this case.

3.        Skokie Motors was merely the owner of the vehicle driven by Raymond involved
in the subject motor vehicle accident. Skokie Motors did not engage in independent negligence
or criminal wrongdoing. As such Skokie Motors is not a proper party to this cause of action and
should be dismissed from this litigation.

## BACKGROUND

4.        On December 28, 2018, Plaintiff filed her Complaint at Law (the "Complaint")
against Raymond and Skokie Motors. *See* Plaintiff's Complaint at Law attached hereto as
**Exhibit A**.

5.        Plaintiff's Complaint alleges that on January 19, 2017, owned, managed, and
maintained the motor vehicle Raymond was driving. *See* Exhibit A at ¶ 4.

6.        At all relevant times, Skokie Motors was in the business of selling and leasing
vehicles and at the time of the subject accident had leased the vehicle being operated by
Raymond to Raymond. *See* Affidavit of Mark Didricksen attached hereto as Exhibit B at ¶ 2-4.

7.        Pursuant to Skokie Motors and Raymond's agreement, Skokie Motors was the
owner of the subject motor vehicle. *See* **Exhibit B**.

8.        Plaintiff's Complaint contains no allegations that the motor vehicle involved in
the subject accident malfunctioned or had been improperly maintained. *See* Exhibit A.

## LEGAL STANDARD

9.        A motion to dismiss under 735 ILCS 5/2/-619 admits all well-pleaded facts and
all reasonable inferences from those facts. *Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995). It does

-2-



**EXHIBIT**

not, however, admit either legal conclusions or factual conclusions absent specific allegations. *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919 (1st Dist. 1994); *Steifel v. Ill. Unions Ins. Co.*, 116 Ill. App. 3d 352 (1st Dist. 1983). If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted. *Carter v. New Trier East High School*, 272 Ill. App. 3d 551 (1st Dist. 1995).

10.     The purpose of a Section 2-619 motion is to dispose of issues of law and easily-proved issues of fact prior to trial. *Doyle v. Holy Cross Hosp.*, 186 Ill. 2d 104 (1999); *Malanowski v. Jabamon*, 293 Ill. App. 3d 720, 723 (1st Dist. 1997). Dismissal of a complaint for failure to state a cause of action is a matter within the discretion of the trial court. *Brennan v. Kadner*, 351 Ill. App. 963, 971 (1st Dist. 2004). A Section 2-619 motion to dismiss may be granted if, construing all documents submitted in support of the motion in the light most favorable to the non-moving party, there are no disputed issues of fact. *Mostafa v. City of Hickory Hills*, 287 Ill. App. 3d 160, 165 (1st Dist. 1997). In deciding a Section 2-619 motion to dismiss, a court may consider, among other things, the pleadings, affidavits, counter affidavits and depositions. *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907 (1st Dist. 1996).

## ARGUMENT & AUTHORITIES

11.     No factual allegations contained in Plaintiff's Complaint can support a theory of liability against Skokie Motors. Plaintiff has not alleged that Raymond was either an authorized agent/employee of Skokie Motors or acting on behalf of Skokie Motors. Additionally, Plaintiff has not asserted any theories of vicarious liability.

EXHIBIT

tabbies

12.     Plaintiff's sole theory of recovery against Skokie Motors is based on ownership of

the vehicle, which is barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment"). The

Graves Amendment states:

> An owner of a motor vehicle that rents or leases the vehicle to a
> person (or an affiliate of the owner) shall not be liable under the
> law of any State or political subdivision thereof, by reason of being
> the owner of the vehicle (or an affiliate of the owner), for harm to
> persons or property that results or arises out of the use, operation,
> or possession of the vehicle during the period of the rental or lease,
> if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the
>     trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part
>     of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

13.     According to the Graves Amendment, a lessor cannot be liable solely for owning

a leased vehicle if (1) the owner or its affiliate is engaged in the trade or business of renting or

leasing motor vehicles and (2) there is no negligence or criminal wrongdoing on the part of the

owner or its affiliate. *Id.*

14.     Both of these conditions are satisfied here. Skokie Motors is the owner of the

vehicle involved in the accident and is engaged in the business of leasing motor vehicles. *See*

Exhibit B. Further, Plaintiff's Complaint at Law contains no allegations of negligence or

criminal wrongdoing on Skokie Motor's part. *See* Exhibit A.

15.     The Graves Amendment specifically insulates automobile lessors such as Skokie

Motors from vicarious liability for injuries sustained as a result of a motor vehicle accident with

a vehicle owned by the lessor. *See* 49 U.S.C. § 30106(a). Moreover, there are no facts alleged in

-4-



the Complaint to support claims of negligence or criminal wrongdoing on the part of Skokie Motors.

16.     While there is no on-point Illinois case law considering this issue, the majority of courts that have considered the Graves Amendment have concluded that it preempts conflicting state law and is constitutional. *See, e.g., Green v. Toyota Motor CreditCorp* (E.D.N.Y. 2009), 605 F.Supp.2d 430; *Pacho v. Enterprise Rent-A-Car Co.* (S.D.N.Y. 2008), 547 F.Supp.2d 341; *Johnson v. Agnant*, 480 F.Supp2d 1 (D.D.C. 2006); *Carton v. General Motors Acceptance Corp*, 639 F.Supp.2d 982 (N.D.IA. 2009).

17.     Accordingly, the Graves Amendment preempts any claims Plaintiffs make against Skokie Motors as the vehicles owners, and Plaintiff's Complaint should be dismissed with prejudice as to Skokie Motors.

WHEREFORE, Defendant, Skokie Motors, respectfully requests that this Court enter and Order dismissing Skokie Motor from the litigation and dismissing Plaintiffs Complaint at Law with prejudice as to Skokie Motors pursuant to 725 ILCS 5/2-619(a)(9), and for all other relief this Court deems appropriate and just.

Respectfully submitted,

By: _____

JAMIE S. LANE

JAMIE S. LANE
SmithAmundsen LLC
Attorneys for: Defendants
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Atty No.: 42907
Email: Jlane@salawus.com



Matter No.: 3040095 JSL/KKG
Atty No.: 42907

STATE OF ILLINOIS )
COUNTY OF COOK )

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ELITHA BROWN )
)
Plaintiff, )
)
v. ) No. 2018 L #13896
)
KEVIN RAYMOND, and )
SKOKIE MOTOR SALES, INC., )
)
Defendant. )

## AFFIDAVIT OF MARK DIDRICKSEN

I, Mark Didricksen, a competent individual over eighteen years of age, being first duly sworn, depose and state that if called upon to testify in this matter, I will testify to the following facts based upon my personal knowledge.

1.    I am the Inventory Manager at Skokie Motor Sales, Inc., a company in the business of selling and leasing vehicles. Based on my role at Skokie Motor Sales, Inc., I have knowledge of Skokie Motor Sales Inc.'s operations.

2.    At all times relevant herein, Skokie Auto Sales, as and is in the business of selling and leasing vehicles.

3.    At the time of the subject incident, Skokie Motors was the owner of the 2017 Jeep Cherokee driven by Kevin Raymond, a finance manager at Skokie Motor.

4.    Pursuant to certain terms and conditions and for specific periodic payments, Skokie Motors leased the 2017 Jeep Cherokee to Kevin Raymond for his temporary use.



EXHIBIT 4



EXHIBIT
A-6
2-PAGES

FURTHER AFFIANT SAYETH NOT

Mark Didrickson  on behalf of Defendant  Skokie Motor
Sales, Inc

Subscribed and Sworn to
Before me this 27th day
of March, 2019

A G RAZON
Official Seal
Notary Public - State of Illinois
My Commission Expires Dec 3   2019    (Seal)

DORIGINAL          EXHIBIT # 14

Schroeder, Emily

| | |
|---|---|
| **From:** | Bryan Hoffman <bryanhoffmanlaw@gmail.com> |
| **Sent:** | Tuesday, April 02, 2019 1:08 PM |
| **To:** | Ghani, Khadija |
| **Subject:** | Re: Elitha Brown v. Kevin Raymond and Skokie Motors [IWOV-Active.FID868470] |

Hi Khadija,

This e-mail follows up our telephone conversation today regarding your last e-mail.

1) Please send us the revised Affidavit and we will voluntarily dismiss Skokie Motors at the next CMC

2) We will answer your written discovery sent to us on behalf of Kevin Raymond only (thank you for clarifying the duplicate copies)

3) I was told we re-issued written discovery to your office (I think it was mailed last Friday or possibly even yesterday - hopefully you receive it soon)

Please let me know if you have any questions or concerns. Thank you.

Bryan Hoffman

On Tue, Apr 2, 2019 at 11:44 AM Ghani, Khadija <kghani@salawus.com> wrote:

Hi Bryan,

Left a message with your office, but wanted to discuss several things:

1)      We will be filing our amended MTD today with additional statements regarding Kevin acting outside the scope of his employment and using the vehicle for his personal use based on our conversation last week, with the understanding that you will then voluntarily dismiss Skokie Motors,

2)      We issued discovery on behalf of both Skokie Motors and Kevin Raymond, obviously we don't expect you to be duplicative, but since Skokie Motors will be dismissed, I re-issued with Kevin Raymond's name. So that's why you'll receive double copies of everything today.

1



3)    You never re-issued discovery as we discussed last week, with clarification as to which requests were issued to which defendant. Do you still intend on re-issuing a clean copy of discovery?


Please feel free to either call or email me to discuss. Thanks!


**Khadija K. Ghani**

Attorney

SmithAmundsen LLC

150 North Michigan Avenue, Suite 3300, Chicago, Illinois 60601

P: 312.455.3847 | F: 312.997.1832 | kghani@salawus.com | http://www.salawus.com

 Please consider the environment before printing this e-mail

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.


--
The Law Office of Kevin M. O'Brien
105 West Madison Street
Suite 700
Chicago, IL 60602
T: (312) 683-4000
F: (312) 683-4075

Notice: This email message and any attachments transmitted with it may contain attorney-client privileged, attorney work-product and/or confidential information intended solely for the use of the individual or entity named above. Receipt of this e-mail message and/or attachments by any person(s) or entities that are not the intended recipient(s) does not constitute a waiver of any applicable legal privilege. If you are not the intended recipient of this e-mail, dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT #_____

FILED
4/2/2019 2:48 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

Matter No.: 3040095 –JSL/KKG
Atty No.: 42907

**STATE OF ILLINOIS** )
**COUNTY OF COOK** )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **ELITHA BROWN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 2018 L 013896** |
| ) | |
| **KEVIN RAYMOND, and** ) | |
| **SKOKIE MOTOR SALES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### NOTICE OF MOTION

TO: Mr. Kevin M. O'Brien
Law Office of Kevin M. O'Brien
105 W. Madison Street, Suite 700
Chicago, IL 60602
Email: obrienlawoffice@gmail.com

On **April 8, 2019**, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable **James J. O'Hara**, or any judge sitting in his stead, in **2206** of the Richard J. Daley Center, Chicago, Illinois, and shall then and there present the attached **Defendant Skokie Motor Sales, Inc.'s Amended Motion to Dismiss Plaintiff's Complaint at Law.**

**SMITHAMUNDSEN LLC**                         **Atty. for Defendant(s)**
**150 North Michigan Ave., S-3300**           **Chicago, Illinois 60601**
**(312) 894-3200**                            **Atty. No.: 42907**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to 735 ILCS 5/1-109, that on the 2nd day of April, 2019 the Notice of Motion was served upon all counsel of record via electric mail to the addresses set forth.

/s/ Joan D. Kaufmann


EXHIBIT
A-8
1-page

FILED
4/2/2019 2:48 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

# EXHIBIT A



FILED
12/27/2018 1:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

FILED DATE: 12/27/2018 1:53 PM   2018L013896

**STATE OF ILLINOIS** )
**COUNTY OF COOK** )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ELITHA BROWN, )
      Plaintiff, )
     )
v. )    No.:
     )
KEVIN RAYMOND, and )    Amount Claimed:   In excess of
SKOKIE MOTOR SALES, INC. )                   $50,000.00
     )
     )
      Defendants. )

### COMPLAINT AT LAW

NOW COMES Plaintiff, ELITHA BROWN, by and through her attorney, KEVIN M.

O'BRIEN, and complaining of Defendants, KEVIN RAYMOND and SKOKIE MOTOR

SALES, INC., states as follows:

1. That on and prior to January 19, 2017, Interstate 94 was a public highway running in a
general north and south direction, at or near West 35th Street, in the City of Chicago,
County of Cook and State of Illinois.

2. That on or about January 19, 2017, Plaintiff, ELITHA BROWN, operated and controlled
a motor vehicle which was traveling in a northbound lane of traffic on Interstate 94 at or
near West 35th Street in the City of Chicago, County of Cook and State of Illinois.

3. That on or about January 19, 2017, Defendant, KEVIN RAYMOND, operated and
controlled a motor vehicle traveling in a northbound lane of traffic on Interstate 94 at or
near West 35th Street in the City of Chicago, County of Cook and State of Illinois.

4. That on or about January 19, 2017, Defendant, SKOKIE MOTOR SALES, INC., owned, managed and maintained the motor vehicle Defendant, KEVIN RAYMOND, was driving.

5. That on or about January 19, 2017, and at all times mentioned herein, Plaintiff, ELITHA BROWN, was in the exercise of ordinary care and caution for her own safety and was at all times free from contributory negligence.

6. That on or about January 19, 2017, Defendants, KEVIN RAYMOND and SKOKIE MOTOR SALES, INC., had a duty to act with ordinary care and caution for the safety of themselves and of other motorists using the highway, including Plaintiff, ELITHA BROWN.

7. That on or about January 19, 2017, Plaintiff, ELITHA BROWN, was traveling in a northbound lane of traffic on Interstate 94 at or near West 35th Street, when she was rear-ended by the motor vehicle being driven by Defendant, KEVIN RAYMOND.

8. That on or about January 19, 2017, Defendants, KEVIN RAYMOND and SKOKIE MOTOR SALES, INC., breached the aforesaid duty of due care and were then and there guilty of one or more of the following careless or negligent acts or omissions:

    a. Owned, managed, maintained, operated, and controlled a motor vehicle so that as a direct and proximate result thereof, Plaintiff, ELITHA BROWN, was injured;

    b. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway which endangered the safety of person or property in violation of 625 ILCS 5/11-601;

    c. Operated said motor vehicle without keeping proper and sufficient lookout for other cars in and about the area, and more particularly, Plaintiff herein;

FILED DATE: 12/27/2018 1:53 PM   2016L013896

d. Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement, or direction of said vehicle when danger of collision with Plaintiff was imminent;

e. Failed to give audible warning with his horn when such warning was reasonably necessary to ensure safe operation of said vehicle, in violation of 625 ILCS 5/12-601; or

f. Were otherwise careless or negligent.

9. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions, Plaintiff, ELITHA BROWN:

a. Was seriously and permanently injured and suffered and will continue to suffer damages of a personal and pecuniary nature;

b. Expended and may in the future continue to expend large sums of money endeavoring to be cured of her injuries; and

c. Suffered property damage to her motor vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELITHA BROWN, by and through her attorney, Kevin M. O'Brien, hereby request that this Honorable Court grant her the following relief:

a. Judgment against Defendants, KEVIN RAYMOND and SKOKIE MOTOR SALES, INC., in an amount greater than FIFTY-THOUSAND DOLLARS ($50,000.00); and

b. Award all other relief it deems appropriate.

Kevin M. O' Brien, Attorney for Plaintiff,
Elitha Brown

Law Office of Kevin M. O'Brien
105 West Madison Street, Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney I.D. #: 26743

**STATE OF ILLINOIS** )
**COUNTY OF COOK** )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **ELITHA BROWN,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | **No.:** | |
| ) | | |
| **KEVIN RAYMOND, and** ) | **Amount Claimed:** | In excess of |
| **SKOKIE MOTOR SALES, INC.** ) | | $50,000.00 |
| ) | | |
| ) | | |
| **Defendants.** ) | | |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

I, Kevin M. O'Brien, an attorney, hereby certify as follows:

1. That upon review of the above-captioned matter, it has been determined that the total

amount of money damages sought does exceed $50,000.00.

FURTHER AFFIANT SAYETH NOT.

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Kevin M. O'Brien, Attorney for Plaintiff

Law Office of Kevin M. O'Brien
105 West Madison Street
Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney I.D. #: 26743

FILED
12/27/2018 1:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

2120 – Served                              2121 – Served
2220 – Not Served                          2221 – Not Served
2320 – Served By Mail                      2321 – Served By Mail
2420 – Served By Publication   2421 – Served By Publication
Summons – Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Elitha Brown
_____
(Name all parties)

v.

Kevin Raymond and Skokie Motor Sales, Inc.
_____

Case No. _____

### ☒ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: HSK Agent Services Inc. (Agent for Skokie Motor Sales, Inc.) 2610 Lake Cook Road, Suite 200, Riverwoods, IL 60015

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30)

Summons - Alias Summons

(08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office. 12/27/2018 1:53 PM DOROTHY BROWN

FILED DATE: 12/27/2018 1:53 PM 2018L013886

Atty. No.: 26743

Atty Name: Kevin M. O'Brien

Atty. for: Plaintiff

Address: 105 West Madison Street, Suite 700

City: Chicago

State: IL   Zip: 60602

Telephone: (312) 683-4000

Primary Email:

Witness:

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

☒ Richard J Daley Center
50 W Washington
Chicago, IL 60602

☐ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

☐ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

☐ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

☐ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

☐ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☒ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

☐ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

# ACORD AUTOMOBILE LOSS NOTICE

**DATE** 01/19/2017

| PRODUCER | PHONE (A/C, No, Ext): | COMPANY | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|---|---|

**COMPANY:** Harco National Insurance Company

| POLICY NUMBER CPP 6720 00 | REFERENCE NUMBER 134597 | CAT # |
|---|---|---|

| CODE: | SUB CODE: | EFFECTIVE DATE 07/01/2016 | EXPIRATION DATE 07/01/2017 | DATE OF ACCIDENT AND TIME 01/19/2017 | ☐ AM ☐ PM | PREVIOUSLY REPORTED ☐ YES ☐ NO |
|---|---|---|---|---|---|---|

AGENCY CUSTOMER ID:

## INSURED / CONTACT

**NAME AND ADDRESS**

SOC SEC #:

SKOKIE MOTOR SALES INC GM-
7601 N SKOKIE BLVD
SKOKIE IL 60077

RESIDENCE PHONE (A/C, No)   BUSINESS PHONE (A/C, No, Ext)

**CONTACT**

CONTACT INSURED

**NAME AND ADDRESS** Service Mngr- Thomas
Melissa melissas@shermandodge.com
melissa@shermandodge.com
Serivce Director assist.

RESIDENCE PHONE (A/C, No)   BUSINESS PHONE (A/C, No, Ext) (847) 982-9500

WHERE TO CONTACT

WHEN TO CONTACT

## LOSS

**LOCATION OF ACCIDENT** (include city & state) Dan Ryan Expressway Chicago IL

AUTHORITY CONTACTED: Hwy Patrol   REPORT #: 03-17-00812   VIOLATIONS/CITATIONS

**DESCRIPTION OF ACCIDENT** (use separate sheet, if necessary) Clmt was n/b in far left and traffic stopped and iv hit cv in rear.

## POLICY INFORMATION

| BODILY INJURY (Per Person) | BODILY INJURY (Per Accident) | PROPERTY DAMAGE | SINGLE LIMIT | MEDICAL PAYMENT | OTC DEDUCTIBLE | OTHER COVERAGE & DEDUCTIBLES (UM, no-fault, towing, etc) |
|---|---|---|---|---|---|---|
| | | | 1,000,000 | | | |

LOSS PAYEE

COLLISION DED $5000

| UMBRELLA/EXCESS ☐ UMBRELLA ☐ EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | SIR/DED |
|---|---|---|---|---|---|

## INSURED VEHICLE

| VEH # | YEAR 2017 | MAKE Jeep | Demo | BODY TYPE: | | PLATE NUMBER DL74K/L | STATE IL |
|---|---|---|---|---|---|---|---|
| | | MODEL: Grand Cherokee | | V.I.N.: | | | |

OWNER'S NAME & ADDRESS Skokie 4-18-16

RESIDENCE PHONE (A/C, No):
BUSINESS PHONE (A/C, No, Ext):

**DRIVER'S NAME & ADDRESS** (Check if same as owned) Kevin Raymond 14700 Central AVe unit B107 Oak Forest Il 60452

RESIDENCE PHONE (A/C, No): 847-982-9500
BUSINESS PHONE (A/C, No, Ext):

RELATION TO INSURED (employee, family, etc.) Finance Mngr   DATE OF BIRTH 9/16/71   DRIVER'S LICENSE NUMBER   STATE   PURPOSE OF USE

USED WITH PERMISSION? ☐ YES ☐ NO

**DESCRIBE DAMAGE** ? may need to go to Ally front bumper cracked

ESTIMATE AMOUNT   WHERE CAN VEHICLE BE SEEN?   WHEN CAN VEH BE SEEN?   OTHER INSURANCE ON VEHICLE

## PROPERTY DAMAGED

**DESCRIBE PROPERTY** (auto, year, make, model, plate #) 1998 Honda Odessey 2000 zx32245 IL

OTHER VEH/PROP INS? ☐ YES ☐ NO   COMPANY OR AGENCY NAME: Appolo Casualty Co,   POLICY #:

OWNER'S NAME & ADDRESS Ted Griffin - 13747 Sacremento Av., Blue Island

RESIDENCE PHONE (A/C, No): (708) 714-2418
BUSINESS PHONE (A/C, No, Ext):

**OTHER DRIVER'S NAME & ADDRESS** (Check if same as owner) Elitha Brown - 15915 Vine Av., Harvey IL 60426

RESIDENCE PHONE (A/C, No): (708) 359-5741
BUSINESS PHONE (A/C, No, Ext):

**DESCRIBE DAMAGE** Rear

ESTIMATE AMOUNT   WHERE CAN DAMAGE BE SEEN?

## INJURED

| NAME & ADDRESS | PHONE (A/C, No) | PED | INS VEH | OTH VEH | AGE | EXTENT OF INJURY |
|---|---|---|---|---|---|---|
| Elitha Brown DOB: 8-13-1958 | | | | ✓ | | Neck and shoulders and elbow |
| Darrell Brown DOB :11-23-1984 Darrell Gordon | (917) 559-6400 | | | ✓ | | Neck |

## WITNESSES OR PASSENGERS

| NAME & ADDRESS | PHONE (A/C, No) | INS VEH | OTH VEH | OTHER (Specify) |
|---|---|---|---|---|

REMARKS (include juster assigned)

| REPORTED BY | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

**EXHIBIT**

7:58:54AM

/2017

CPP 0010720

**SKOKIE MOTOR SALES INC**

**HARCO NATIONAL INSURANCE COMPANY**

**MONTHLY LOSS EXPERIENCE**

For the Month Ending: February

| Seq # | Loss Date | Customer Name / Examiner Name | Coverage Primary/Cont | Type | Claim# - Clmt | Total Paid Loss | Total Paid Expenses | Total Paid | Deductible | Current Reserve | Incurred | Over Deduct / Under Deduct | CLAIMANT NAME | Incurred Within Ded | Rei Wit De |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00 | 07/01/2016 | DAVID J GAYLES / Carol Busch | GARAGE LIABILITY AU<br>TOTAL | PD | 013302B-1<br>00101<br>000000133028 | 1,011.52 | 98.00 | 1,011.52 | 5,000.00 | 0.00 | 1,011.52 | 0.00 | CHRISTIAN MORALES | 1,011.52 |
| 00 | 07/15/2016 | JEREMY ZITO / Lynda Pauluk | GARAGE LIABILITY AU<br>TOTAL | PD | 0133106-1<br>00101<br>000000133106 | 1,395.37 | 98.00 | 1,395.37 | 5,000.00 | 0.00 | 1,395.37 | 0.00<br>1,395.37 | PATRICIA POKLACKI | 1,395.37 |
| 00 | 08/24/2016 | DANTE LLOYD / Carol Busch | GARAGE LIABILITY AU<br>TOTAL | PD | 0137310-1<br>00101<br>000000133710 | 1,322.18 | 98.00 | 1,322.18 | 5,000.00 | 0.00 | 1,322.18 | 0.00<br>1,322.18 | KERRY MURAKAMI | 1,322.18 |
| 00 | 10/24/2016 | Carol Busch | GARAGE LIABILITY AU<br>TOTAL | PD | 0133939-1<br>00101<br>000000133939 | 1,021.80 | 110.00 | 1,021.80 | 5,000.00 | 0.00 | 1,021.80 | 0.00 | WILLIAM VOYT | 1,021.80 |
| 00 | 10/24/2016 | GABRIEL RODRIGUEZ SALESMAN / Victoria Pawelock | GARAGE LIABILITY AU<br>TOTAL | PD | 0133956-1<br>00101<br>000000133956 | 7,980.61 | 0.00 | 7,980.61 | 5,000.00 | 0.00 | 7,980.61 | 7,980.61<br>5,000.00 | ROBERT NELIS | |
| 00 | 08/22/2016 | DAVID LUTTRELL / Carol Busch | GARAGE LIABILITY AU<br>TOTAL | PD | 0134121-1<br>00101<br>000000134121 | 2,895.04 | 98.00 | 2,895.04 | 5,000.00 | 0.00 | 2,895.04 | 2,895.04 | KAROL DOLEGA | 5,000.00 |
| 00 | 12/21/2016 | STEVEN BERNARD / Lynda Pauluk | GARAGE LIABILITY AU<br>TOTAL | PD | 0134594-1<br>00101<br>000000134594 | 0.00 | 0.00 | 0.00 | 5,000.00 | 0.00 | 0.00 | | | 2,895.04 |
| 00 | 01/19/2017 | Victoria Pawelock | GARAGE LIABILITY AU<br>TOTAL | PD | 0134597-1<br>00101<br>000000134594 | 0.00 | 0.00 | 0.00 | 5,000.00 | 5,550.00 | 5,550.00 | 0.00 | CHRISTOPHER LAMBE | |
| 00 | 01/05/2017 | Victoria Pawelock | GARAGE LIABILITY AU | PD | 0134597-1<br>00101 | 1,929.80 | 98.00 | 1,929.80 | 5,000.00 | 0.00 | 1,929.80 | 0.00 | TED GRIFFIN | 5,000.00 |
| 00 | 01/19/2017 | Victoria Pawelock | GARAGE BODILY INJUR | BI | 7915697-2<br>00101-<br>0154923 | 0.00 | 10.00 | 0.00 | | 0.00 | | | | 5,0 |
| 00 | 01/19/2017 | Victoria Pawelock | GARAGE LIABILITY AU<br>TOTAL | BI | 00000013597<br>00101 | 0.00 | 35.00 | 0.00 | | 7,777.00 | 7,777.00 | | HEATHER BROWN | |
| | | | GARAGE LIABILITY AU<br>TOTAL | | 000000134597 | 1,929.80 | 163.00 | 1,929.80 | | 12,000.00 | 12,000.00 | 1,929.80 | DARRELL GORDON | 5,000.00 |
| | | | | | | | | 1,929.80 | 5,000.00 | 19,777.00 | 21,706.80 | 1,929.80 | | 3,0 |

# EXHIBIT B

Matter No.: 3040095 JSL/KKG
Atty No.: 42907

STATE OF ILLINOIS          )
COUNTY OF COOK          )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ELITHA BROWN                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )          No. 2018 L 013896
                                                )
KEVIN RAYMOND, and                              )
SKOKIE MOTOR SALES, INC.,                       )
                                                )
                    Defendant.                  )

## AFFIDAVIT OF MARK DIDRICKSEN

I, Mark Didricksen, a competent individual over eighteen years of age, being first duly sworn, depose and state that if called upon to testify in this matter, I will testify to the following facts based upon my personal knowledge:

1.      I am the Inventory Manager at Skokie Motor Sales, Inc., a company in the business of selling and leasing vehicles. Based on my role at Skokie Motor Sales, Inc., I have knowledge of Skokie Motor Sale Inc.'s, operations.

2.      At all times relevant hereto, Skokie Motor Sales was and is in the business of selling and leasing vehicles.

3.      At the time of the subject incident, Skokie Motors was the owner of the 2017 Jeep Cherokee driven by Kevin Raymond, a finance manager at Skokie Motor.

4.      Pursuant to certain terms and conditions and for specific periodic payments, Skokie Motors leased the 2017 Jeep Cherokee to Kevin Raymond for his temporary use.

5.      At the time of the accident, Kevin Raymond was on his way to work and not acting within the scope of his employment with Skokie Motors.

6.   At the time of the accident, Kevin Raymond was using the 2017 Jeep Cherokee for his

personal use.

**FURTHER AFFIANT SAYETH NOT.**

_____
Mark Didricksen, on behalf of Defendant Skokie Motor
Sales, Inc.

Subscribed and Sworn to
Before me this 24th day
of ~~March~~ 2019.
April (HD)

A G RAZON          (seal)
Notary Public
Notary Public - State of Illinois
My Commission Expires Dec 31, 2019

4/2/2025

Order                                                    (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Brown
          v.

Raymond

No. _18 L 13896_

ORDER

This matter coming to be heard on Defendant
Skokie Motor Sales, Inc.'s Amended Motion to Dismiss,
the court being fully advised in the premises,
it is hereby ORDERED:

Defendant Skokie's Motion to Dismiss is
entered and continued to the 5/1/19 Case
Management Conference set for 10:00 am.

4619
6391

Attorney No.: 42907
Name: Smith Amundsen LLC /MRP
Atty. for: Δ Skokie Motors
Address: 150 N. Michigan Ave., #3300
City/State/Zip: Chicago, IL 60601
Telephone: 312-455-3200

Judge John P. Callahan, Jr.

ENTERED:            APR 0 8 2019

Circuit Court - 2018

Dated:

Judge              Judge's No.

EXHIBIT
A-10

Plaintiffs

NO: 18 L 13894

-v-

RAYMOND

Defendants

Motion Call: "A"  Time: 10 AM  Line #: 15

2005 Trial Date: _____

## **CASE MANAGEMENT ORDER**

**(Please check off all pertinent paragraphs and circle proper party name)**

(4231) ____ 1. Written, 213(f)(1), (f)(2) and 214 discovery to be **issued** by _____ or deemed vast

(4296) ✓ 2. Written, 213(f)(1), (f)(2) and 214 discovery to be **answered** by  A BY  5|8|19

(4218) ✓ 3. Party depositions, fact, 213(f)(1) and/or (2) depositions to be **completed** by  7|2|19

(4297) ____ 4. Plaintiff to send list & addresses of treaters and HIPAA order to Defendant(s) by _____

(4288) ____ 5. Subpoenas for treating physicians' records/deps to be **issued** by _____

(4218) ____ 6. Treating physicians depositions to be **completed** by _____ or deemed waive

(4231) ____ 7. All dispositive motions shall be filed no later than _____

(4296) ____ 8. All SCR 215 & 216 discovery **completed** by _____

(4206) ____ 9. (Plaintiff) - (Defendant) - (Add. Party) shall **answer** 213 (f)(3) Interrogatories by _____

(4218) ____ 10. Plaintiff's 213(f)(3) witnesses' depositions to be **completed** by _____

(4218) ____ 11. Defendant's 213(f)(3) witnesses' depositions to be **completed** by _____

(4218) ____ 12. Add. party's 213(f)(3) witnesses' depositions to be **completed** by _____

(4295) ____ 13. All fact discovery, SCR 213(f)(1), (f)(2), 215(a) and 216 discovery is closed. (Circle all applicable)

(8619) ✓ 14. The matter is continued for subsequent Case Management Conference on  7 / 2 / 19  at  10.00  AM/PM in Room 2206 for:

(A) ____ Proper Service  (B) ____ Appearance of Defendants  (C) ____ Case Value

(D) ____ Pleadings Status  (E) ____ Discovery Status  (F) ____ Pre-Trial/Settlement

(G) ____ Mediation Status  (H) ____ Trial Certification  (I) ✓ Other ____

PLAINTIFF V VOLUNTARILY DISMISSES DEFENDANT, SHALL HAVE FIRST RIGHT, WITHOUT

RESOLUE + THE RIGHT TO REFILE WITHIN ONE YEAR COSTS PAYABLE W/

REFILING. DEFENDANT'S DEPOSITION TO TAKE PLACE ON OR BEFORE

7/16/19

(4005) ____ 15. Case is DWP'd.   (4040) ____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009.

(4331) ____ 16. Case stricken from CMC Call   (4284) ____ Motion Stricken or Withdrawn from Call   (4330) ____ Case stricken from Motion Call.

NAME: KEVIN M. O'BRIEN
ADDRESS: 105 W. MADISON Suite 706
PHONE: 312 882-4006
ATTY ID#: 26794
ATTY FOR PARTY:

ENTER:

_____

Judge James N. O'Hara

MAY 04 2019

Circuit Court 1988

NOTICE:

✦ COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC/COURT DATES.

✦ FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY

**EXHIBIT**
A-11
1-PAGE

# LAW OFFICE OF KEVIN M. O'BRIEN
## Counselors and Attorneys at Law

105 WEST MADISON STREET
SUITE 700
CHICAGO, ILLINOIS 60602

—

TELEPHONE (312) 683-4000
FAX (312) 683-4075
www.obrienlawofficechicago.com
kevin@kmobrienlawoffice.com

BRYAN B. HOFFMAN
ASSOCIATE
bryan@kmobrienlawoffice.com

ROBERT A. KLAS
ASSOCIATE
rob@kmobrienlawoffice.com

November 1, 2019

Jamie Lane
Khadija K. Ghani
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
VIA ELECTRONIC MAIL: jlane@salawus.com & k.ghani@salawus.com

RE:     Elitha Brown v. Kevin Raymond
        Date of Loss:          January 19, 2017
        Your File Number:      3040095

Dear Mr. Lane and Ms. Ghani:

The purpose of this correspondence is to convey our Demand for Settlement in the above-captioned matter. As you know, the liability in this case is clear. As a result of this accident, Elitha Brown injured multiple parts of her body. Ms. Brown suffered a meniscus tear, for which she underwent a meniscectomy. In addition, a total knee replacement is recommended. Attached please find a list of Ms. Brown's medical specials. We will supplement Dr. Joseph Thometz's medical records and bills and the cost of Ms. Brown's knee brace upon receipt. Our Demand for Settlement is $600,000.00.

Please contact our office to discuss settlement of this claim, once you have had an opportunity to discuss our Demand for Settlement with your client. Thank you.

Sincerely,

Kevin M. O'Brien
Attorney at Law

KMO/bhh



## Re: requesting subpoenas for records for Skokie Motors prope

From: Elitha Brown (brown_elitha@yahoo.com)

To: bryanhoffmanlaw@gmail.com

Cc: kevin@kmobrienlawoffice.com

Date: Friday, January 10, 2020, 09:47 AM CST

Good Morning Attorney Bryan Hoffman and Attorney Kevin O'Brien

Today date is Friday January 10, 2020.

We agreed to have a 3-way phone conversation about my case today. Before we get into discussing my case, I have some questions i like answered before we preceded with the discussion of my case. During our last 3-way phone conversation, I was yelled at by Attorney Kevin O'Brien. My questions and concerns were belittled, dismissed, and simply ignored, as though i have no right to question, the way in which my case is being handled. I was not given the opportunity to finish or complete my questions before i was double team and shutdown by both you and Attorney Kevin O'Brien.

I will not tolerate any disrespectful, dismissive behavior or attitude from either of you. All of my phone conversation with this law firm will be recorded for your and my protection. I will call you for our phone conversation at 10:30 am today. Please e- mail me the following copies

(1) The interrogatory questions sent to you by the defense attorney along with my hand written answers to those questions.

(2) E-mail me copy of the signature page you stated in your letter to me on July 11, 2019 concerning the interrogatory questions.

(3) E-mail me a copy of the original notice sent to your office from the defense attorney requesting my answers to his interrogatory questions.

(4) e- mail me a copy of the date the defence attorney went over my interrogatory question were answered. Was this the july 1, date? The same date of my deposition?

(5) E-mail me the original court order from the court for my deposition. Include the court ordered deposition change of date notice as well. Not the notice your office secretary type.

If possible, e-mail me this information before our phone conversation today. Thank you. Elitha Brown

Sent from Yahoo Mail on Android


EXHIBIT
A-13
1 Page

# LAW OFFICE OF KEVIN M. O'BRIEN
## Counselors and Attorneys at Law

105 WEST MADISON STREET
SUITE 700
CHICAGO, ILLINOIS 60602

TELEPHONE (312) 683-4000
FAX (312) 683-4075
www.obrienlawofficechicago.com
kevin@kmobrienlawoffice.com

BRYAN B. HOFFMAN
ASSOCIATE
bryan@kmobrienlawoffice.com

ROBERT A. KLAS
ASSOCIATE
rob@kmobrienlawoffice.com

January 28, 2020

Elitha Brown
15915 Vine Avenue
Harvey, IL 60426
VIA REGULAR & CERTIFIED U.S. MAIL AND ELECTRONIC MAIL: brown_elitha@yahoo.com

RE:     Your Personal Injury Case
        Date of Accident: January 19, 2017

Dear Ms. Brown,

Enclosed please find a Notice of Motion and Motion to Withdraw as Attorney of Record in your above-captioned personal injury case. The Motion is set to be heard at 10:00 A.M. on February 18, 2020 in Room 2206 at the Richard J. Daley Center located at 50 West Washington Street, Chicago, Illinois 60602. We strongly recommend you appear at Court when the Motion is set to be heard.

We will request the Court to provide you adequate time to obtain another attorney. Please have the attorney you retain contact our office. We will provide a copy of your file to that attorney. Also, we recently provided you a copy of your file.

Please contact our office with any questions or concerns. Thank you.

Sincerely,

Kevin M. O'Brien
Attorney at Law

KMO/bbh
Enclosures:    (1) Notice of Motion
               (2) Motion to Withdraw as Attorney of Record





EXHIBIT
A-13
3-PAGES

FILED
1/28/2020 1:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

8252140

**STATE OF ILLINOIS**  )
**COUNTY OF COOK**  )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**ELITHA BROWN,**  )
  )  Hearing Date: 2/18/2020 10:00 AM - 10:00
 **Plaintiff,**  )
  )
 v.  )  **No.**  **2018 L 013896**
  )
**KEVIN RAYMOND,**  )
  )
 **Defendant.**  )

## NOTICE OF MOTION

TO:  SmithAmundsen LLC      Elitha Brown
  150 North Michigan Avenue, Suite 3300   15915 Vine Avenue
  Chicago, Illinois 60601     Harvey, IL 60426
  ATTN: Jamie Lane      VIA REGULAR & CERTIFIED
          U.S. MAIL

  PLEASE TAKE NOTICE that on $2 \ 18$  , 2020 at $10 \ 00$  A.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge in Room 2206 and present the attached Motion to Withdraw as Attorney of Record.

  Kevin M. O'Brien

The Law Office of Kevin M. O'Brien
105 West Madison Street, Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney Identification Number: 26743

## PROOF OF SERVICE

  I, the undersigned attorney, certify that I mailed a copy of the foregoing Motion to the parties listed on the Notice on or before 5:00 p.m. on this $28$  day of  $1 \ 20$  .

  Kevin M. O'Brien

**EXHIBIT**

A-13

FILED
1/28/2020 1:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

8252140

Hearing Date: 2/18/2020 10:00 AM - 10:00 A

**STATE OF ILLINOIS** )
**COUNTY OF COOK** )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **ELITHA BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.  2018 L 013896** |
| | ) | |
| **KEVIN RAYMOND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

NOW COMES Movant, Kevin M. O'Brien, and states as follows:

1. I, Kevin M. O'Brien, am the attorney of record for Plaintiff, Elitha Brown, in this matter.

2. An irreconcilable breakdown has occurred between Plaintiff, Elitha Brown, and her attorney of record in this matter, Kevin M. O'Brien.

3. Plaintiff and her attorney have a conflict of interest in this matter.

### PRAYER FOR RELIEF

WHEREFORE, attorney Kevin M. O'Brien requests the following relief:

a) That this Court allow attorney Kevin M. O'Brien to withdraw as attorney of record for Plaintiff, ELITHA BROWN; and

b) That this Court award all other relief it deems appropriate.

Kevin M. O'Brien

The Law Office of Kevin M. O'Brien
105 West Madison Street, Suite 700
Chicago, IL 60602
P: (312) 683-4000
Attorney Identification Number: 26743



**EXHIBIT**
A-13

**1/28/2020 11:35 AM-BBH:**

*Kevin called client and discussed case with her via phone with RK and I in room. When asked client said she trusts us but verifies information. She continued to accuse us of wrongdoing, but did not say specifically what wrongdoing we performed. When Kevin told her he thinks she doesn't trust us and doesn't follow our legal advise so he doesn't think we should be her attorney anymore she seemed to still want us as her attorney. Kevin asked her why she still wants us as her attorney after treating us the way she has and she refused to answer that question. She said if we get to the point where she thinks we're working against her she will not want us to represent her anymore, but we're not at that point yet. Kevin said our office is withdrawing from her case then emailed her confirmation of that.*

*Client also refused to attend voluntary non-binding mediation, but gave no reason other than she doesn't think it's in her best interest and rather go to trial. She accused us of not wanting to incur the expense of trial, but Kevin said expenses come out of her settlement/award. She then said she wants us to claim any expenses in her case against the defense.*



EXHIBIT # 1
3-PAGES



EXHIBIT
A-14
1-PAGE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

**EXHIBIT**
A-15
1-page

_Elitha Brown_ )
_____ )
Plaintiff(s) )
)
-v- )  NO: _2018L 013874_
)
_Kevin Raymond_ )  Motion Call: _10:00 Am   #: 11_
_____ )
Defendant(s) )

## ORDER OF ATTORNEY WITHDRAWAL

On Motion of _Kevin M OBrien_ , for leave to withdraw as attorney of record for _Elitha Brown_ , due notice having been given, the Court having found that the Movant has provided the Court with proof of service of the Motion to Withdraw on the represented party/parties by certified mail **or** personal deliver **or** third-party carrier, as required by Supreme Court Rule 13(c)(2),

IT IS HEREBY ORDERED AS FOLLOWS:

(4287) 1. The Movant, _Kevin M OBrien_ , be and is hereby given leave to withdraw as attorney of record for _Elitha Brown_ , *instanter*;

(4234) 2. The party formerly represented, _Elitha Brown_ , shall file a supplemental appearance with the Clerk of the Circuit Court, stating an address at which service of notices and other papers may be made, **or**, the party formerly represented, _____ , shall retain an attorney, who shall file a supplemental appearance for said party, and the supplemental appearance of the party or the attorney shall be filed no later than twenty-one (21) days from the date of entry of the order, on or before _March 2020_

(4251) 3. The Movant, within three (3) days from this date, on _February 21, 2020_ , shall serve a copy of this order on the party formerly represented, by certified mail **or** personal delivery **or** third-party carrier, as required by Supreme Court Rule 13(c)(4), and shall file proof of service with the Clerk of the Circuit Court;

(4619) 4. The matter is set for case management and status on the supplemental appearance of the party or
(4217) new attorney on _April 02, 10, 15_ A.M., Room _2206_, Richard J. Daley Center, 50 West Washington St., Chicago, Il, 60602, **and** failure to file an appearance by either the party or the new attorney shall result in the entry of an order of dismissal of the case for want of prosecution, or entry of an order of default upon motion and notice.

Atty No: _62674/3_
Atty Name: _Kevin M OBrien_       ENTER:
Atty For:
Address: _105 W Madison ST_
City: _7th ChicAgo 60602_           **ENTERED**
Phone: _312-683-4000_       JUDGE | Judge Karen O'Malley-2086 | NO.

Case Expenses for Elitha Brown – 02/17/2020

| | | |
|---|---|---|
| Illinois State Police | $ | 5.00 |
| Complaint – Cook County | $ | 368.25 |
| Lake County Sheriff | $ | 109.00 |
| Cook County | $ | 60.00 |
| Advanced Ortho Specialists | $ | 30.00 |
| Ciox Health – Med Recs | $ | 126.22 |
| MWHC – Med Recs | $ | 131.10 |
| | $ | 245.00 |
| | $ | 145.00 |
| | $ | 563.51 |
| | $ | 51.55 |
| | $ | 50.00 |
| | $ | 240.00 |
| | $ | 27.91 |
| ss and Bills | $ | 28.44 |
| | $ | 727.50 |
| | $ | 27.07 |
| TOTAL | $ | **3,191.55** |



EXHIBIT
A-16
1-PAGE

# THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT-LAW DIVISION

Elitha Brown               )
(Plaintiff)             )
                             )    **Case No. 2018 L 013896**

V.                  )

SKOKIE MOTORS SALES INC.
and Kevin Raymond     )
(Defendants)          )
                         )

### Petition To Vacate Order

Now Comes Elitha Brown, Sui Juris, Under Status of an Individual Citizen Before the Court and files this Petition to Vacate the Orders entered on FEB 18, 2020 by Judge Karen. Elitha Brown Makes Known Before the Court that pursuant to 735 ILCS 5/2-1401 Sec. 2-1401 (a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error coram nobis and coram vobis, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered.

Elitha Brown Makes Known Before the Court that this petition is now filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. This petition is supported by affidavit and other appropriate showing as to matters not of record and All Unjust Orders Must Be Vacated Pursuant to Illinois Law.

Elitha Brown Now Makes Known Before The Court that the Order Allowing Kevin



EXHIBIT
A-17
3 - pages

O'Brien To Withdraw must be Vacated according to the Oaths of the Officers of the Court to uphold the United States Constitution Insofar As Elitha Brown the Individual Citizen does have the United States 7th Amendment Constitutional Right to a Jury Trial. Officer of the Court Kevin O'Brien, Is Hereby Terminated By Elitha Brown for Breach of Contract and Violations of the Illinois Rules of Professional Conduct. Upon the required investigation of violations of rule 8.4 of the Rules of Professional Conduct pursuant to the Judicial Code of Conduct, it shall be revealed that Fraud Upon the Court occurred in the Motion to Withdraw submitted by Attorney Kevin O'Brien.

Elitha Brown Makes known that point 2 in the filed 'Motion to Withdraw' submitted by Kevin O'Brien on 2/18/2020 states, "An irreconcilable breakdown has occurred..." when in fact it is Now Made Known before the court that Kevin O'Brien gave Elitha Brown the ultimatum either go to mediation or he would not represent her. Where this in may have been convenient for the Attorneys, Elitha Brown had not been adequately represented in depositions and was not comfortable in accepting Kevin O'Brien's representation before this mediation or before this court, it is however a violation of the 7th Amendment of the United States Constitution which provides that, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law". Rule 1.2, of the Rules of Professional Conduct prescribe that, "a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter". Violations of The Illinois Rules of Professional conduct is considered in law as Ineffective Assistance of Conduct and therefore it is Now Made Known Misconduct has occurred and this court is required to address this issue.



EXHIBIT
A-17
3-PAGES

Elitha Brown Makes Known That All Material is to be turned over to Elitha Brown before the court and Kevin O'Brien is now to be considered 'Terminated' by Elitha Brown with time extended to Elitha Brown to properly review and prepare this case to be presented before a Twelve Man Jury Trial. There is no Relief to be deemed due to Kevin O'Brien, however this court shall consider the violations of 1.1, 1.2, 1.3, 1.4, 8.4 and the Breach of Contract committed by Kevin O'Brien whom have been reported to the Illinois Attorney Registration and Disciplinary Commission and this court shall consider all relief due to Elitha Brown for this Breach of Trust which has caused damages and delay of justice.

Due to the adjudicative facts made known before this court, Elitha Brown Prays to the Court to grant this Petition and afford the protections guaranteed in both State and National Constitutions.

Respectfully Submitted

Elitha Brown, Individual Citizen, Sui Juris

**VERIFICATION**

**STATE OF ILLINOIS**

**SS. Sec. 2/5-1401 Petition for Relief**

COUNTY OF COOK

I, Elitha Brown, pursuant to title 28, USC Section 1746 (1) and executed "Without the United States," I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my belief and informed knowledge.

Signed on this 19 day of OCTOBER 2020, by the undersigned authority

**EXHIBIT**

A-17

3- Pages

WANDA MOREHEAD
OFFICIAL SEAL

Matter No.: 3040095 JSL/KKG
Atty No.: 42907

FILED
11/19/2020 4:16 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896
11205150

STATE OF ILLINOIS)
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ELITHA BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2018 L 013896 |
| | ) | |
| KEVIN RAYMOND, and | ) | |
| SKOKIE MOTOR SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SKOKIE MOTOR SALES, INC.'S
## AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, Defendant, SKOKIE MOTOR SALES, INC., by and through its attorneys SMITH AMUNDSEN LLC, and pursuant to 735 ILCS 5/2-619(a)(9) submits its Amended Motion to Dismiss Plaintiff's Complaint at Law. In support thereof, Skokie Motor alleges and states as follows:

### INTRODUCTION

1.  This matter arises from a two-car motor vehicle accident that occurred on January 19, 2017, on the Dan Ryan Expressway near the 35th street exit. Plaintiff, Elitha Brown ("Plaintiff") was allegedly injured when she was rear-ended by co-Defendant, Kevin Raymond ("Raymond"). At the time, Raymond was driving a motor vehicle that was owned by Skokie Motors. Plaintiff seeks to impose liability on Skokie Motors based solely on its ownership of the vehicle. The allegations against Skokie Motors should be dismissed with prejudice because the Complaint fails to allege grounds upon which relief can be granted.



EXHIBIT # A-18
12-pages

2. Plaintiff's claims against Skokie Motors are barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment"). The Graves Amendment preempts claims against lessors and companies in the business of renting vehicles absent certain specific circumstances, which, as discussed in further detail below, are not applicable in this case.

3. Skokie Motors was merely the owner of the vehicle driven by Raymond involved in the subject motor vehicle accident. Skokie Motors did not engage in independent negligence or criminal wrongdoing. As such Skokie Motors is not a proper party to this cause of action and should be dismissed from this litigation.

## BACKGROUND

4. On December 28, 2018, Plaintiff filed her Complaint at Law (the "Complaint") against Raymond and Skokie Motors. *See* Plaintiff's Complaint at Law attached hereto as Exhibit A.

5. Plaintiff's Complaint alleges that on January 19, 2017, owned, managed, and maintained the motor vehicle Raymond was driving. *See* Exhibit A at ¶ 4.

6. At all relevant times, Skokie Motors was in the business of selling and leasing vehicles and at the time of the subject accident had leased the vehicle being operated by Raymond to Raymond. *See* Affidavit of Mark Didricksen attached hereto as **Exhibit B** at ¶ 2-4.

7. Pursuant to Skokie Motors and Raymond's agreement, Skokie Motors was the owner of the subject motor vehicle. *See* Exhibit B at ¶ 3.

8. Plaintiff's Complaint contains no allegations that the motor vehicle involved in the subject accident malfunctioned or had been improperly maintained. *See* Exhibit A.



EXHIBIT
A-18
12-PAGES

9.      Raymond, an employee of Skokie Motors, was on his way to work at the time of the accident and was not acting within the scope of his employment with Skokie Motors. Exhibit B at ¶ 5.

10.     At the time of the accident, Raymond was using the 2017 Jeep Cherokee for his personal use. Exhibit B at ¶ 6.

## LEGAL STANDARD

11.     A motion to dismiss under 735 ILCS 5/2/-619 admits all well-pleaded facts and all reasonable inferences from those facts. *Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995). It does not, however, admit either legal conclusions or factual conclusions absent specific allegations. *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919 (1st Dist. 1994); *Steifel v. Ill. Unions Ins. Co.*, 116 Ill. App. 3d 352 (1st Dist. 1983). If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted. *Carter v. New Trier East High School*, 272 Ill. App. 3d 551 (1st Dist. 1995).

12.     The purpose of a Section 2-619 motion is to dispose of issues of law and easily-proved issues of fact prior to trial. *Doyle v. Holy Cross Hosp.*, 186 Ill. 2d 104 (1999); *Malanowski v. Jabamon*, 293 Ill. App. 3d 720, 723 (1st Dist. 1997). Dismissal of a complaint for failure to state a cause of action is a matter within the discretion of the trial court. *Brennan v. Kadner*, 351 Ill. App. 963, 971 (1st Dist. 2004). A Section 2-619 motion to dismiss may be granted if, construing all documents submitted in support of the motion in the light most favorable to the non-moving party, there are no disputed issues of fact. *Mostafa v. City of Hickory Hills*, 287 Ill. App. 3d 160, 165 (1st Dist. 1997). In deciding a Section 2-619 motion to dismiss, a court may consider, among other things, the pleadings, affidavits, counter affidavits and depositions. *Prywelier v. Cohen*, 282 Ill. App. 3d 899, 907 (1st Dist. 1996).



EXHibit
A-18
12-Pages

12.    Plaintiff's sole theory of recovery against Skokie Motors is based on ownership of the vehicle, which is barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment"). The Graves Amendment states:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

13.    According to the Graves Amendment, a lessor cannot be liable solely for owning a leased vehicle if (1) the owner or its affiliate is engaged in the trade or business of renting or leasing motor vehicles and (2) there is no negligence or criminal wrongdoing on the part of the owner or its affiliate. *Id.*

14.    Both of these conditions are satisfied here. Skokie Motors is the owner of the vehicle involved in the accident and is engaged in the business of leasing motor vehicles. *See* Exhibit B. Further, Plaintiff's Complaint at Law contains no allegations of negligence or criminal wrongdoing on Skokie Motor's part. *See* Exhibit A.

15.    The Graves Amendment specifically insulates automobile lessors such as Skokie Motors from vicarious liability for injuries sustained as a result of a motor vehicle accident with a vehicle owned by the lessor. *See* 49 U.S.C. § 30106(a). Moreover, there are no facts alleged in

-4-



Exhibit
A-18
12-pages

the Complaint to support claims of negligence or criminal wrongdoing on the part of Skokie Motors.

16.     While there is no on-point Illinois case law considering this issue, the majority of courts that have considered the Graves Amendment have concluded that it preempts conflicting state law and is constitutional. *See, e.g., Green v. Toyota Motor Credit Corp* (E.D.N.Y. 2009), 605 F.Supp.2d 430; *Pacho v. Enterprise Rent-A-Car Co.* (S.D.N.Y. 2008), 547 F.Supp.2d 341; *Johnson v. Agnant*, 480 F.Supp2d 1 (D.D.C. 2006); *Carton v. General Motors Acceptance Corp*, 639 F.Supp.2d 982 (N.D.IA. 2009).

17.     Accordingly, the Graves Amendment preempts any claims Plaintiffs make against Skokie Motors as the vehicles owners, and Plaintiff's Complaint should be dismissed with prejudice as to Skokie Motors.

WHEREFORE, Defendant, Skokie Motors, respectfully requests that this Court enter and Order dismissing Skokie Motor from the litigation and dismissing Plaintiffs Complaint at Law with prejudice as to Skokie Motors pursuant to 725 ILCS 5/2-619(a)(9), and for all other relief this Court deems appropriate and just.

Respectfully submitted,

By: _____
JAMIE S. LANE

JAMIE S. LANE
SmithAmundsen LLC
Attorneys for: Defendants
150 N. Michigan Avenue; Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Atty No.: 42907
Email: Jlane@salawus.com

Exhibit
A-18
12-PAGES

Matter No.: 3040095 JSL/KKG
Atty No.: 42907

FILED
11/19/2020 4:16 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896

11205150

**STATE OF ILLINOIS)**
**COUNTY OF COOK )**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **ELITHA BROWN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 2018 L 013896** |
| ) | |
| **KEVIN RAYMOND, and** ) | |
| **SKOKIE MOTOR SALES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT SKOKIE MOTOR SALES, INC.'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, Defendant, SKOKIE MOTOR SALES, INC., by and through its attorneys SMITH AMUNDSEN LLC, and pursuant to 735 ILCS 5/2-619(a)(9) submits its Motion to Dismiss Plaintiff's Complaint at Law. In support thereof, Skokie Motor alleges and states as follows:

### INTRODUCTION

1.     This matter arises from a two-car motor vehicle accident that occurred on January 19, 2017, on the Dan Ryan Expressway near the 35th street exit. Plaintiff, Elitha Brown ("Plaintiff") was allegedly injured when she was rear-ended by co-Defendant, Kevin Raymond ("Raymond"). At the time, Raymond was driving a motor vehicle that was owned by Skokie Motors. Plaintiff seeks to impose liability on Skokie Motors based solely on its ownership of the vehicle. The allegations against Skokie Motors should be dismissed with prejudice because the Complaint fails to allege grounds upon which relief can be granted.

Exhibit A-18

2.     Plaintiff's claims against Skokie Motors are barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment"). The Graves Amendment preempts claims against lessors and companies in the business of renting vehicles absent certain specific circumstances, which, as discussed in further detail below, are not applicable in this case.

3.     Skokie Motors was merely the owner of the vehicle driven by Raymond involved in the subject motor vehicle accident. Skokie Motors did not engage in independent negligence or criminal wrongdoing. As such Skokie Motors is not a proper party to this cause of action and should be dismissed from this litigation.

## BACKGROUND

4.     On December 28, 2018, Plaintiff filed her Complaint at Law (the "Complaint") against Raymond and Skokie Motors. *See* Plaintiff's Complaint at Law attached hereto as **Exhibit A**.

5.     Plaintiff's Complaint alleges that on January 19, 2017, owned, managed, and maintained the motor vehicle Raymond was driving. *See* Exhibit A at ¶ 4.

6.     At all relevant times, Skokie Motors was in the business of selling and leasing vehicles and at the time of the subject accident had leased the vehicle being operated by Raymond to Raymond. *See* Affidavit of Mark Didricksen attached hereto as Exhibit B at ¶ 2-4.

7.     Pursuant to Skokie Motors and Raymond's agreement, Skokie Motors was the owner of the subject motor vehicle. *See* **Exhibit B**.

8.     Plaintiff's Complaint contains no allegations that the motor vehicle involved in the subject accident malfunctioned or had been improperly maintained. *See* Exhibit A.

## LEGAL STANDARD

9.     A motion to dismiss under 735 ILCS 5/2/-619 admits all well-pleaded facts and all reasonable inferences from those facts. *Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995). It does

-2-


Exhibit
A-18
12-pages

not, however, admit either legal conclusions or factual conclusions absent specific allegations. *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919 (1st Dist. 1994); *Steifel v. Ill. Unions Ins. Co.*, 116 Ill. App. 3d 352 (1st Dist. 1983). If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted. *Carter v. New Trier East High School*, 272 Ill. App. 3d 551 (1st Dist. 1995).

10. The purpose of a Section 2-619 motion is to dispose of issues of law and easily-proved issues of fact prior to trial. *Doyle v. Holy Cross Hosp.*, 186 Ill. 2d 104 (1999); *Malanowski v. Jabamon*, 293 Ill. App. 3d 720, 723 (1st Dist. 1997). Dismissal of a complaint for failure to state a cause of action is a matter within the discretion of the trial court. *Brennan v. Kadner*, 351 Ill. App. 963, 971 (1st Dist. 2004). A Section 2-619 motion to dismiss may be granted if, construing all documents submitted in support of the motion in the light most favorable to the non-moving party, there are no disputed issues of fact. *Mostafa v. City of Hickory Hills*, 287 Ill. App. 3d 160, 165 (1st Dist. 1997). In deciding a Section 2-619 motion to dismiss, a court may consider, among other things, the pleadings, affidavits, counter affidavits and depositions. *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907 (1st Dist. 1996).

## ARGUMENT & AUTHORITIES

11. No factual allegations contained in Plaintiff's Complaint can support a theory of liability against Skokie Motors. Plaintiff has not alleged that Raymond was either an authorized agent/employee of Skokie Motors or acting on behalf of Skokie Motors. Additionally, Plaintiff has not asserted any theories of vicarious liability.

-3-


EXhibit
A-18
12-pages

12.     Plaintiff's sole theory of recovery against Skokie Motors is based on ownership of the vehicle, which is barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment"). The Graves Amendment states:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

13.     According to the Graves Amendment, a lessor cannot be liable solely for owning a leased vehicle if (1) the owner or its affiliate is engaged in the trade or business of renting or leasing motor vehicles and (2) there is no negligence or criminal wrongdoing on the part of the owner or its affiliate. *Id.*

14.     Both of these conditions are satisfied here. Skokie Motors is the owner of the vehicle involved in the accident and is engaged in the business of leasing motor vehicles. *See* Exhibit B. Further, Plaintiff's Complaint at Law contains no allegations of negligence or criminal wrongdoing on Skokie Motor's part. *See* Exhibit A.

15.     The Graves Amendment specifically insulates automobile lessors such as Skokie Motors from vicarious liability for injuries sustained as a result of a motor vehicle accident with a vehicle owned by the lessor. *See* 49 U.S.C. § 30106(a). Moreover, there are no facts alleged in

Exhibit A-18
12-Pages

the Complaint to support claims of negligence or criminal wrongdoing on the part of Skokie Motors.

16.     While there is no on-point Illinois case law considering this issue, the majority of courts that have considered the Graves Amendment have concluded that it preempts conflicting state law and is constitutional. *See, e.g., Green v. Toyota Motor CreditCorp* (E.D.N.Y. 2009), 605 F.Supp.2d 430; *Pacho v. Enterprise Rent-A-Car Co.* (S.D.N.Y. 2008), 547 F.Supp.2d 341; *Johnson v. Agnant*, 480 F.Supp.2d 1 (D.D.C. 2006); *Carton v. General Motors Acceptance Corp*, 639 F.Supp.2d 982 (N.D.IA. 2009).

17.     Accordingly, the Graves Amendment preempts any claims Plaintiffs make against Skokie Motors as the vehicles owners, and Plaintiff's Complaint should be dismissed with prejudice as to Skokie Motors.

WHEREFORE, Defendant, Skokie Motors, respectfully requests that this Court enter and Order dismissing Skokie Motor from the litigation and dismissing Plaintiffs Complaint at Law with prejudice as to Skokie Motors pursuant to 725 ILCS 5/2-619(a)(9), and for all other relief this Court deems appropriate and just.

Respectfully submitted,

By:_____

JAMIE S. LANE

JAMIE S. LANE
SmithAmundsen LLC
Attorneys for: Defendants
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Atty No.: 42907
Email: Jlane@salawus.com

Exhibit A-18
12-pages

Matter No.: 3040095 JSL

FILED
11/19/2020 4:16 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013896
11205150

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED DATE: 11/19/2020 4:16 PM    2018L013896

| | |
|---|---|
| **ELITHA BROWN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 2018 L 013896 |
| | ) |
| **KEVIN RAYMOND, and** | ) |
| **SKOKIE MOTOR SALES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**SKOKIE MOTOR SALES INC.'S RESPONSE TO
PLAINTIFF'S PETITION TO VACATE**

NOW COMES former Defendant, SKOKIE MOTOR SALES, INC., by and through its attorneys SmithAmundsen LLC, and for its Response to Plaintiff's Petition to Vacate, states as follows:

1.    This matter arises from a two-car motor vehicle accident that occurred on January 19, 2017, on the Dan Ryan Expressway near the 35th street exit. Plaintiff, Elitha Brown ("Plaintiff") was allegedly injured when she was rear-ended by co-Defendant, Kevin Raymond ("Raymond"). At the time, Raymond was driving a motor vehicle that was owned by Skokie Motor Sales.

2.    On December 27, 2018, Plaintiff filed her Complaint at Law against Raymond and Skokie Motor. Plaintiff sought to impose liability on Skokie Motor based solely on its ownership of the vehicle.

3.    On March 27, 2019, Skokie Motor filed its 735 ILCS 5/2-619(a)(9) Motion to Dismiss on the ground that Plaintiff's claims against Skokie Motor were barred by 49 U.S.C. § 30106 (2010) (the "Graves Amendment")., which preempts claims against lessors and companies in the business

**EXHIBIT# A-18**

12 pages

FILED DATE: 11/19/2020 4:16 PM   2018L013896

of renting vehicles absent certain specific circumstances. (*See* Skokie Motor's Motion to Dismiss, attached hereto as Exhibit "A.")

4.    Following a discussion with counsel for Plaintiff, Skokie Motor agreed to file an Amended Motion to Dismiss with a supplemental affidavit by Mark Didricksen, averring that Raymond was using the vehicle for his personal use and was not acting within the scope of his employment at the time of the collision. (*See* April 2, 2019 Email, attached hereto as Exhibit "B" and Skokie Motor's Amended Motion to Dismiss, attached hereto as Exhibit "C.")

5.    In receipt of the motion and evidence, Plaintiff's counsel sought and the court entered an order voluntarily dismissing Skokie Motor on May 1, 2019. (*See* May 1, 2019 Order, attached hereto as Exhibit "D.") Included in the order is language that "Plaintiff voluntarily dismisses Defendant, Skokie Motor Sales, without prejudice + the rights to refile within one year. Costs payable upon refiling." (*See* Exhibit D.)

6.    Pursuant to 735 ILCS 5/13-217, Plaintiff had one year from the date the dismissal order was entered, or until May 1, 2020, to re-file her claims against Skokie Motor.

7.    In violation of Illinois law and Order entered by Plaintiff's own representative counsel, and without good cause, Plaintiff seeks the dismissal order against Skokie Motor be vacated[1].

8.    735 ILCS 5/2-1009 provides in pertinent part:

*(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.*

735 ILCS 5/2-1009.

---

[1] Plaintiff's Petition is very confusing and seeks to vacate the order granting her attorney to withdraw while simultaneously arguing that her counsel was ineffective. We address only her contention in the "Affidavit of Truth" that the dismissal order be vacated.


EXHIBIT # A-18
12-PAges

FILED DATE: 11/19/2020 4:16 PM   2018L013896

11.     Under 735 ILCS 5/13-217, once a lawsuit has been voluntarily dismissed without prejudice, the plaintiff may re-file the lawsuit within one year of the voluntary dismissal, or within the remaining period of limitation, whichever is the greater. 735 ILCS 5/13-217.

12.     In this case, the statute of limitations ran on January 19, 2019, two years form the day of injury. Therefore, under 735 ILCS 5/13-217, Plaintiff had until May 1, 2020 to refile her claims against Skokie Motor, but failed to do so.

13.     Illinois courts have routinely stressed that *pro se* litigants must comply with the same rules of procedure as would be required of litigants represented by counsel. *Kole v. Brubaker*, 325 Ill. App. 3d 944, 952 (2001).

14.     Furthermore, according to the January 10, 2020 email attached by Plaintiff to her Petition to Vacate, Plaintiff was provided a copy of the entire office file prior to January 10, 2020. (*See* January 10, 2020 Email, attached hereto as Exhibit "E.") Therefore, Plaintiff had almost four months (if not more) to review the file and/or retain an attorney, but again, failed to do so.

15.     Notwithstanding the law and valid court order prohibiting its being vacated, Plaintiff has shown no good cause for her motion. Specifically, she has shown no change in facts or misapplication of the law that could, somehow, support the motion.

16.     Skokie Motor cannot be penalized for Plaintiff's lack of diligence. Because Illinois' statutes and case law support upholding the dismissal of Skokie Motor, Plaintiff's Petition to Vacate should be denied insofar as it seeks to vacate the May 1, 2019 dismissal order.

WHEREFORE, the former Defendant, SKOKIE MOTOR SALES, INC., prays that this Honorable Court deny Plaintiff's Petition to Vacate, and for all other relief deemed just and equitable.

3

EXHIBIT # A-18

12- PAges

FILED DATE: 11/19/2020 4:16 PM   2018L013896

Respectfully submitted,

By: _____

Attorney for Defendant

JAMIE S. LANE
EMILY R. SCHROEDER
SmithAmundsen LLC
Attorneys for:  Defendants
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Atty No.:  42907
Email: Jlane@salawus.com
Email: Eschroeder@salawus.com

4

**EXHIBIT #** A-18
12-pAges

From: Schroeder, Emily (eschroeder@salawus.com)

To: brown_elitha@yahoo.com

Date: Thursday, March 11, 2021, 10:50 AM CST

Hi Elitha,

Please allow this email to serve as a response to the subpoena you issued to me. This email confirms that no lease agreement exists between Kevin Raymond and Skokie Motor Sales, Inc. for the vehicle involved in the occurrence.

Thanks and please let me know if you have any questions.

Best,

**Emily Schroeder**
SmithAmundsen LLC

150 North Michigan Avenue, Suite 3300, Chicago, Illinois 60601

☎ Phone (312) 455-3815 | Fax (312) 977-1860 | ✉ ESchroeder@salawus.com | 🌐 http://www.salawus.com

📠 Please consider the environment before printing this e-mail

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you


EXHIBIT
A-19
1-page

# Rule 4.1 Truthfulness In Statements To Others - Comment

Share this:



*Transactions With Persons Other Than Clients*

## Misrepresentation

[1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see Rule 8.4.

## Statements of Fact

[2] This Rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category, and so is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud. Lawyers should be mindful of their obligations under applicable law to avoid criminal and tortious misrepresentation.

## Crime or Fraud by Client

[3] Under Rule 1.2(d), a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent. Paragraph (b) states a specific application of the principle set forth in Rule 1.2(d) and addresses the situation where a client's crime or fraud takes the form of a lie or misrepresentation. Ordinarily, a lawyer can avoid assisting a client's crime or fraud by withdrawing from the representation. Sometimes it may be necessary for the lawyer to give notice of the fact of withdrawal and to disaffirm an opinion, document, affirmation or the like. In extreme cases, substantive law may require a lawyer to disclose information relating to the representation to avoid being deemed to have assisted the client's crime or fraud. If the lawyer can avoid assisting a client's crime or fraud only by disclosing this information, then under paragraph (b) the lawyer is required to do so, unless the disclosure is prohibited by Rule 1.6.

Back to Rule | Table of Contents | Next Comment



opentext™
LIGHTNING FAST
INVESTIGATIONS
Get the guide

EXHIBIT # A-20
1 - PAge

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Elitha Brown )
            Plaintiff, )
         )
    v. )
         )
Skokie Motor Sales and Kevin Raymond )   Case No. 2018 L 13896
         Defendants. )

CC
JMD

### ORDER

THIS MATTER, coming before the Court on Plaintiff Elitha Brown's Petitions to Vacate the Order entered February 18, 2020, which granted the Motion to Withdraw as Counsel for Plaintiff. The Petitions were filed pursuant to 735 ILCS 5/2-1401.

This matter is currently pending on Calendar A of the Law Division Motion Section, Judge James O'Hara, presiding. On February 18, 2020, and sitting in Judge O'Hara's stead, this Court entered an order granting the motion of the Law Office of Kevin O'Brien to Withdraw as Counsel for Plaintiff.

On March 19, 2020. Plaintiff filed a 2-1401 Petition to Vacate the February 18, 2020 order and seeking other relief. Due to the COVID Pandemic, it appears that matter was not scheduled for presentment to the Court nor ruled upon. On August 13, 2020, Plaintiff filed an appearance as a Self-Represented Litigant. On October 19, 2020, Plaintiff again filed a Petition to Vacate the February 18, 2020 order and seeking other relief. The Petitions allege similar if not identical facts, including that Plaintiff had terminated the Law Office of Kevin O'Brien.

Having reviewed the Petitions, the Motion to Withdraw and the Order of February 18, 2020, the Court finds no meritorious basis to grant either Petition to Vacate. The Petitions to Vacate Filed March 19, 2020 and again October 19, 2020 are hereby denied.

IT IS SO ORDERED.

Dated: November 23, 2020

```
ENTERED

Karen L. O'Malley 2086 Circuit Judge
```

Judge Karen L. O'Malley

EXHIBIT # A-21
1 - page



**IAT INSURANCE GROUP**

P.O. Box 17449
Raleigh, NC 27619-7449
Tel: (866) 969-3899
Fax: (919) 834-0855

**January 10, 2022**

**via email:** brown_elitha@yahoo.com
**Via Certified Mail**

Elitha Brown
15915 Vine Ave
Harvey, IL 60426

RE:     *Elitha Brown*
        *Re: Elitha Brown v. Kevin Raymond*
        Case #: 2018 L 13896

Dear. Ms. Brown:

We are in receipt of the Third-Party Document Subpoena requesting "all documents in relationship to Policy Claim Number CPP000672000, all payments made in this claim, including a copy of the payout check, how much this claim paid out, who received the payout, [and] all account numbers associated with the payout."

Harco National Insurance Company ("Harco") received notice that a Motion to Quash has or will be filed by *Defendant* Kevin Raymond in response to this subpoena. As a result of the filing of this Motion to Quash, Harco cannot produce any documents or take any further action at this time.

Harco does not and has not waived any rights or defenses available at law (jurisdictional or otherwise) to this or any future Subpoena served or issued in this matter. Additionally, Harco cannot and will not produce any attorney-client communications, any attorney work product or any documents otherwise legally protected from disclosure.

Sincerely,



**IAT INSURANCE GROUP**

Harco National Insurance Company

Gwenn Keifer-Reed
Paralegal
P.O. Box 17449
Raleigh, NC 27619-7449

Harco National Insurance Company
A Member of IAT Insurance Group



**EXHIBIT**
A-22
1-PAGe

Request for any and all documents related to claim numbet 134597

From:  Elitha Brown (brown_elitha@yahoo.com)

To:     anton.larkin@iatinsurance.com

Date:   Monday, June 15, 2020 at 01:59 PM CDT


Dear Mr. Anton Larkin.          6-15-2020

My name is Elitha Brown. I spoke with you over the phone on 6-4-2020 left a message on your voice mail for you to call me in reference to claim # 134597, and again on 6-5-2020, I personally spoke to you informing you of the following, Attorney kevin M. O'Brien was no longer my attorney nor was he representing me in my case.
I requested any and all documents concerning claim number 134597 from you.
Mr. Anton Larkin informed me he had to speak with his attorney and would call me back.
On 6-9-2020, I called you Mr. Larkin to see when will the documents from claim # 134597 be provided to me. I was informed by Mr. Larkin that you will only be provided documents that were filed in court. I am entitled to any and all documents you provided to Attorney Kevin M. O'Brien and Attorney Bryan Hoffman.
I am requesting ALL documents related to claim # 134597 including the documents that were filed with the courts. Also, any and all e-mails, notes, paid hospital bills, list of the injuries in this claim, computation of damages, insurance documents, electronically store information, (ESI) and other tangible things, any and all agreements, or settlement agreement, any and all documents related to this case and claim.  I am requesting these documents within 14 days of today date 6-15-2020. If for any reason you cannot or will not honor my request or deny my request. Please e- mail me a detailed explanation as to the reasons you are denying my request along with the laws you are using to deny my request.

            Thank You
            Elitha Brown
            708-359-5741
Sent from Yahoo Mail on Android



EXHIBIT
A23

## RE: Request for any and all documents related to claim numbet 134597

From: Anton Larkin (anton.larkin@iatinsurance.com)

To:     brown_elitha@yahoo.com

Cc:     JLane@salawus.com

Date:   Monday, June 15, 2020, 02:58 PM CDT

Ms. Brown,

This email will follow the voice message I just left for you.

As you are now representing yourself, you will need to make your requests for relevant documents in accordance with the Illinois Code for Civil Procedure.  As you know, we have retained Jamie Lane (copied here) to represent both our insured and IAT.  All documents that are sought as a part of the discovery process should be made through our counsel.

As a courtesy, I have asked our counsel to provide you with some documents that were filed with the court.  Again, any other requests for production of documents will need to be made as a part of discovery in litigation.

Regards,

**Anton Larkin**

*Senior Claims Specialist*

Phone: 847-321-4987

Fax: 847-472-6015

 INSURANCE GROUP

1701 Golf Road

Tower 1- Suite 600

Rolling Meadows, IL  60008-4241





## Re: Brown v. Raymond - Case Management Order [IWOV-Active.FID868470]

From: Elitha Brown (brown_elitha@yahoo.com)

To: eschroeder@salawus.com

Date: Friday, January 29, 2021, 11:46 AM CST

Good Morning Emily Schroeder

This is Elitha Brown.

I received your email and like to respond to it.

First, i am not in agreement with the deposition dates. As I explained to you before, As you are already aware Attorney Kevin o'brien and attorney Bryan B. Hoffman has committed misconduct in this case. just because judge Karin L. O" Malley failed to terminate the attorney and her unjust order granting attorney Kevin O'Brien motion to withdraw. I refuse to agree to or go along with a process that has violated my rights and choose not to address that violation.I have a right to remedy in this case.

Secondly, I appreciate your offer of $50.000. dollars. However, it appears my former attorney. Kevin O" Brian was offered 500.0000. According to your Harco insurance policy document.

So, I respectfully decline your offer. Again, I am requesting the lease agreement between skokie Motor Sales Inc. And Kevin Raymond. As you know, i am not an attorney and should not be held to the same standards as an attorney. I need the lease agreement for trial. So please send me a copy of the lease agreement and skokie motor sales inc, insurance information so that i can get treatment for my right knee.

>       Respectfully
>       Elitha Brown

Sent from Yahoo Mail on Android

On Wed, Jan 27, 2021 at 1:06 PM, Schroeder, Emily
<ESchroeder@salawus.com> wrote:

> Hi Elitha,
>
> I just left you a voicemail – feel free to give me a call back if you are able. A few things to discuss on this one, which I address below.
>
> First, I have attached another proposed case management order. We previously sent one along but you indicated that you would not agree until your motion to vacate was ruled upon. Please let me know by Friday if this agreeable, so that I can submit it to the Court as the Court has requested.
>
> Second, we have to complete the deposition of the remaining physician, Dr. Suleiman. I have provided dates in the past but did not receive any response from you. Please let me know within the next few days whether one of the following dates will work with your schedule:
> - March 16
> - March 23
> - March 30
>
> The time must be reserved in the doctor's schedule, so I will need to let them know ASAP.
>
> Third, I have been authorized to extend a settlement offer of $50,000.00. Please let me know if you will accept this offer to resolve the matter.

**EXHIBIT**

A-25

2 pages

Re: Brown v. Raymond - 2018 L 013896 [IWOV-Active.FID868470]

From: LAW CALAcc OCJ, law.calacc@cookcountyil.gov

To: eschroeder@salawus.com

Cc: brown_elitha@yahoo.com; jlane@salawus.com

Date: Saturday, January 30, 2021, 07:57 AM CST

Ms. Brown, you are incorrect about Illinois law. You have the right to represent yourself. However, you WILL be held to the same standards as an attorney, and courts cannot excuse self-represented litigants from compliance with procedures and law.

Kevin Raymond is the only remaining defendant in this case. Skokie Motor was voluntarily dismissed on 5-1-19. Any case against Skokie Motor had to be refiled no later than 5-1-20. This was not done. Since it is no longer a party, the court cannot order a non-party to produce documents.

If you refuse to comply with proper procedures, the court will have no alternative than to dismiss your case for that failure.

Please confirm your refusal to participate no later than 2-3-21, at10:00 AM by email:

LAW.CALAcc@cookcountyil.gov.

Judge James N. O'Hara

From: Schroeder, Emily <ESchroeder@salawus.com>
Sent: Friday, January 29, 2021 4:44 PM
To: LAW CALAcc (OCJ) <Law.Calacc@cookcountyil.gov>
Cc: 'Elitha Brown' <brown_elitha@yahoo.com>; Lane Jamie <JLane@salawus.com>
Subject: Brown v. Raymond - 2018 L 013896 [IWOV-Active.FID868470]

---

External Message Disclaimer

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Good afternoon Your Honor,

Consistent with Section 3.11¼, of the GAO, we have attempted to discuss the case management schedule with plaintiff, Elitha Brown, who is proceeding pro se but she has refused to agree to any dates for the order on more than one occasion. Attached is an email outlining our most recent attempt to secure compliance. As you can see, Ms. Brown continues to indicate that she will not participate in scheduling remaining depositions or agree to our proposed case management order.

EXHIBIT
A-26
1 PAGE

Motion - General Form (This form replaces CCMD-39)    (12/01/20) CCG 0702

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Elitha Brown
_____
**Plaintiff(s)**

v.

SKOKIE MOTORSALES INC
_____
**Defendant(s)**

No. 2018 L 013896

TO: Robert E. Senechalle

MOTION BY Plaintiff          FOR Dismissal of Judge

Now Comes Elitha Brown, sui juris litigant and files this
Motion for Dismissal of Judge Robert E. Benechalle Jr.,
for failure to perform Judicial Duty, Blatant bias by Jud
and violation of Illinois Law. The law established in Fredma
Brothers Furniture V. Dept. of Revenue, where jurisdiction is
lost when fraud committed in the procurement of jurisdic

I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.

Dated: July 29, 2022    /s/ _Elitha Brown_
                                    **Attorney Certification**

Atty. No.: _____
Name: Elitha Brown
Atty. for: _____
Address: _____
City/State/Zip: Harvey, Illinois 604
Telephone: _____

2022 JUL 29 PM 4:35
CLERK OF CIRCUIT COURT
DEPUTY DIVISION
MARTINEZ BROWN

FILED-1

**EXHIBIT**
A-27
1 Page

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order                                                    (02/25/21) CCG 0002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELITHA BROWN

v.                                    No. 2018 L 013896

KEVIN RAYMOND

#### ORDER

This Cause coming to be heard for trial,
it is hereby ordered:

1. This case is dismissed with prejudice
all matters of controversy having fully been
settled between the parties and resolved.

2. Law office of Kevin O'Brien Law release any
claim/Lien for attorney fees

3. Court to retain jurisdiction for 90 days
to adjudicate liens         PLAINTIFF ELITHA BROWN

_Elitha Brown pee-tr._

Attorney No. _43967_

Name: _M. Th Amond, Esq_          ENTERED:

Atty for: _DEFENDANT_

Address: _55 E Michigan Ave_      Dated: _8/11/22_

City/State/Zip: _Chicago IL 60603_

Telephone: _(312) 794-3334_

JANIE S. LANE          Judge                    Judge's No

**ENTERED**
Judge Robert E. Senechalle- 1915

AUG 0 1 2022

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**EXHIBIT**
A-28



The power of the Affidavit - Claiming your Remedy

£0.00 🛒

unchainedremedy.com)

# The power of the Affidavit

**Unrebutted Affidavit deemed admitted** and is factual evidence.

a) Non Rebutted Affidavits are "Prima Facie Evidence in the Case," United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);

b) Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982. "Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case."

c) Seitzer v. Seitzer, 80 Cal. Rptr. 688 **"Uncontested Affidavit taken as true** in support of Summary Judgment."

d) Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984) "Uncontested Affidavit taken as true in Opposition of Summary Judgment."

e) "**Silence** can only be **equated with fraud** where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately." U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

f) "Uncontested affidavit" moved the court to hear the case. United States v. Lopez, No. 07-3159 (10th Cir. 03/04/2008).

EXHIBIT
A-29
1-PAGE

**Affidavit of Truth in Support of**

**Plaintiff's Emergency Motion for Direct Appeal under Illinois Supreme Court Rule 302(b) and/or Supervisory Order under Supreme Court**

### Rule 383

I, Elitha Brown, Affirm the statements of Facts in this Affidavit are true and correct to the best of my knowledge. All rebuttals to this affidavit shall be rebutted Fact by Fact, within 15 days in the form of a sworn Affidavit, affirming your rebuttals to this affidavit are true and correct. All unrebutted facts in this affidavit; shall and will stand as truth in law. I, Elitha Brown petition The Illinois Supreme Court Justices to invoke Supervisory Authority into the Misconduct of the officers of the court in this case. Elitha Brown petition the Illinois Supreme Court Justices to initiate any investigation into the misconduct of its officer made clear in this affidavit of truth and the emergency motion for direct appeal under Illinois Supreme court Rule 302(b) and /or supervisory order under Supreme Court rule 383 before you. Each person listed below, must respond to this affidavit fact by fact. Your non-Response to this affidavit will be accepted as you're agreeing to the facts in this affidavit. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

You will have 15 days beginning on 9-30-2021 to respond or rebut this affidavit. All response or rebuttal must be in the form of a sworn affidavit.

1. Kevin M. O' Brien
2. Bryan B. Hoffman
3. Jamie S. Lane
4. Emily Schroeder
5. Khadija Ghani
6. Skokie Motor Sales Inc.
7. Mark DiDricksen
8. Kevin Raymond
9. Judge Karen O'Malley
10. Judge James O'Hara
11. Appellate court justice /s/ Mary Mikva
12. Appellate court justice /s/ Maureen Connors
13. Appellate court justice /s/ Sheldon Harris
14. John R. Cesario /s/ ARDC Intake Division
AMENDED



**Fact # 1, A-G must be answered fact by fact in the form of a sworn affidavit.**
**Fact #1- A** The Fact is, Attorney Kevin M. O'Brien and Bryan B. Hoffman, violated the
Professional Rules Of Conduct 1.1 and 1.3 when they failed to request the material needed to
present this case in the lawsuit against defendants Kevin Raymond and SKOKIE MOTOR
SALES INC.
**(Fact #1- A-To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman)**

**(Fact #1-B** The Fact is. Elitha Brown's Lawsuit against Kevin Raymond and SKOKIE MOTOR
SALES INC was not filed with the court until 12-28-2018; 11 months after Elitha Brown signed
The Attorney-Client Agreement with the Law Office of Kevin M. O'Brien on 1-27-2017.
Violation of Professional rules of conduct 1.1. Should you consider my position in error, please
respond within the next 15 days with your reasons why"?
**(Fact #1-B-To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman)**

**Fact #1-C-**The Fact is Attorney Kevin O'Brien Violated Rule 1.1, 1.2 and 1.4 of the professional
rule of conduct, according Emily Schroeder motion dated 11-19-2020 Stating:" after he had a
discussion with counsel Defendant attorney, agreed to Skokie Motor filing an amended motion to
dismiss with a supplemental affidavit by Mark DiDricksen, averring that Raymond was using the
vehicle for his personal use and not acting within the scope of his employment at the time of the
collision. In receipt of the motion and evidence, Plaintiff's counsel sought and the court entered
an order voluntary dismissing Skokie Motor Sales on May 1, 2019. Included in the order was
language that "Plaintiff's voluntarily dismissed Defendant, Skokie Motor Sales without prejudice
+ the rights to refile within one year, cost payable upon refiling." Attorney Kevin O'Bryan and
Bryan B. Hoffman made a strategic decision to voluntarily dismiss Skokie Motor sales Inc. after
being presented with evidence by Attorney Emily Schroeder and Jamie S. Lane, which included
the graves Amendment and Mark DiDricksen false affidavit. Should you consider my position in
error, please respond within the next 15 days with your reasons why"?
Professional Rules 1.1, 1.2 and 1.4.were not violated.
**(Fact #1-C-To be answered by Attorney Kevin M. O'Brien, attorney Bryan B. Hoffman,**
**Attorney, Jamie Lane, Attorney Emily Schroder**).

**Fact#1-D The Fact is** Attorney Kevin O'Brien failed to notify Elitha Brown that he made a
decision to voluntarily dismiss Skokie Motor Sale from Elitha Brown case without Elitha Brown
knowledge or consent which is a violation of Rule 1.2 and 1.4. Attorneys Kevin M. O' Brien and
Bryan B. Hoffman must show by clear and convincing evidence that Kevin O'Brien notified
Elitha Brown of the voluntary dismissal of Skokie Motor Sale from this case. Should you
consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact #1-D-To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman**

**Fact #1-E-**The Fact is: Attorney Emily Schroeder in a motion dated 11-19-2020 states: In
Receipt of motion and evidence, Plaintiff's counsel sought and the court entered an order
voluntarily dismissing Skokie Motor On May 1, 2019.   Attorneys Kevin M. O' Brien and Bryan
B. Hoffman must show the evidence attorney Emily Schroeder and Jamie S. Lane presented to
Kevin O'Brien and Bryan B. Hoffman which lead to the voluntary dismissal of Skokie motor
Sales Inc. Should you consider my position in error, please respond within the next 15 days with
your reasons why"?

**(Fact #1-E To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman, Jamie S. Lane and Emily Schroeder)**

**Fact #1-F** The Fact Is: The evidence presented at the CMC on 5-1-2019 consisted of Mark DiDricksen Affidavit and the Graves Amendment, Mark Affidavit was false occurring to Attorney Emily Schroeder email dated 3-11-2021, No least agreement exists. Therefore the Graves Amendment does not apply to Emily Schroeder and Jamie S. Lane defense that Skokie Motor Sales is barred from liability by the Graves Amendment. Emily Schroeder and Jamie S. Lane Attorneys Emily Schroeder, Jamie S. Lane and Kevin O'Brien must show cause for the uses of the Graves Amendment in this case. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #1-F To be answered by Attorney, Jamie Lane, Attorney Emily Schroder and Kevin M. O'Brien).**

**Fact # 1-G** The Fact Is: Attorney Emily Schroeder stated in an email dated 3-11-2021, no such lease agreement exists between Skokie Motor Sales and Kevin Raymond. Therefore, Attorneys Kevin M. O' Brien and Bryan B. Hoffman allowed Skokie Motor Sales to be dismissed on what legal bases? Attorneys Kevin M. O' Brien and Bryan B. Hoffman need to show cause for the voluntary dismissal of Skokie Motor Sales from this case. Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Professional rules of conduct 1.1, 1.2, 1.3, 1.4, Title 18 U.S.C. code section 241 and 242.and Rule 8.4(a) (b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation

**(Fact #1-G-To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman and Attorney Emily Schroeder)**

**Fact #1-H** The Fact is according to (735 ILCS 5/2-1009 Sec.2 (c) (2) which states; on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. Kevin O'Brien, Jamie Lane and Emily Schroeder allowed Skokie Motor Sales Inventory Manager Mark Didricksen, to submit his sworn false affidavit. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #1-H-To be answered by Attorney Kevin O'Brien, Attorney, Jamie Lane, Attorney Emily Schroder and Skokie Motor Sales inventory Manager Mark Didricksen).**

**Fact #1-I** The Fact is, Attorney Kevin O'Brien violated Rule 1.1 and 1.3 when Kevin O'Brien failed to verify the existence of a lease agreement as evidence to substantiate Mark DiDricksen claims that Mark, who is the inventory manager for Skokie Motor Sales has knowledge that Skokie Motors leased the 2017 Jeep Cherokee to Kevin Raymond for his temporary use; as stated in his (Mark DiDricksen) sworn affidavits. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #1-I-To be answered by Attorney Kevin O'Brien, Kevin Raymond and Mark DiDricksen)**

**Fact#1-J** The Fact is Kevin M. O'Brien never required a copy of the Corporation's lease agreement between Kevin Raymond and Skokie Motor Sales Inc., Which would expose the Corporation's liability. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

Violation of Rules 1.1, 1.3.

**(Fact#1-J-To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman)**


**FACT 2**
**Conspiracy against Rights**
**Fraud upon the court**
**Violation of Rule- 1.4**
**Violation of Rule-8.4**
**Breach of Contract**
**See violation (42 U.S.C. 1985**
**See Violation (42 U.S.C. 1986) Cooper v. Aaron**
**Fact # 2, Question A-J must be answered fact by fact in the form of a sworn affidavit.**

**The Fact is Fact 2-A;** It was required of Judge the to Initiate Disciplinary Action, once the Judge Failed to perform his/her Duties, Jurisdiction was lost and rulings of the court are to be considered void. Elitha Brown Makes Known that Judge Karen L. O'Malley refused to review Documentation Showing the Misconduct of Attorney Kevin M. O'Brien by ignoring Elitha Brown request to review the evidence. Judge Karen L. O'Malley failed to initiate an investigation or disciplinary actions. Instead, Judge Karen L. O'Malley stated" this sounds like a case for the ARDC." A complaint was made with the ARDC which included evidence and supporting documents. Violation of Rule of Illinois Rules of Professional Conduct 8.4. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**Fact 2-ATo be answered by judge Karen O'Malley.**

A lawyer shall: Promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; Reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter; Promptly comply with reasonable requests for information; and Consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

A partner in a law firm, and a lawyer who individually or together with other lawyers possess comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.

A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

It is professional misconduct for a lawyer to: violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; engage in conduct that is prejudicial to the administration of justice; state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or engage in conduct that the lawyer knows or reasonably should know is harassment or

**Fact #2-B-**The Fact is, On March 26, 2019, and April 02, 2019, Attorney Bryan B. Hoffman and Attorney Khadija Ghani engaged in conspiracy and fraud upon the court when Bryan B. Hoffman agreed to voluntarily dismiss Skokie Motor Sales Inc. from this lawsuit without my knowledge or consent. Atty. Bryan B. Hoffman and Atty. Khadija Ghani intentionally conspired together in a Quid Pro Quo scheme to prevent Skokie Motors Sales from being a named defendant in this Civil Suit. This is a violation of Title 18 U.S.C. code section 241 and 242. As well as, Rule 8.4(a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## (Fact #2-B-To be answered by Attorney Bryan B. Hoffman and Attorney Khadija Ghani)

**(Fact #2-C** The Fact is, On 4-14-2020, According to Kevin O'Brian and Bryan B. Hoffman's joint response to the ARDC dated 4-14, 2020 Page 1, paragraph 2, sentences 4, 5, 6 of that paragraph, states; Contrary to Ms. Brown's claim, Bryan Hoffman was not specifically assigned to Ms. Brown's case. Attorney Kevin O'Brien and Bryan Hoffman both performed work on Ms. Brown's personal injury case along with staff from the Law Office of Kevin M. O'Brien. The fact is Attorney Kevin O'Brien is the managing attorney at the Law Office of Kevin M. O'Brien. Bryan Hoffman is an associate the Law Office of Kevin M. O'Brien. All work was performed under the direction and supervision of Kevin O'Brien.

Kevin O'Brien Clearly states that Bryan Hoffman worked under his direction, and by reasonable Knowledge standards, Kevin O'Brien had knowledge of Bryan B. Hoffman misconduct and conspiracy on 3-26-2019 and 4-2-2019 with Defendants Attorney Khadija Ghani and failed to act. Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## Fact #2-C-To be answered by Attorney Kevin O'Brien and Bryan B. Hoffman

(**Fact #2-D**) The Fact is, On 5-20-2020 the ARDC sent me a this letter at the Conclusion of their inquiry into the misconduct of Attorney Kevin O'Brien and Attorney Bryan Hoffman.

We would be unable to show by the necessary clear and convincing evidence that Messrs. O'Brien and Hoffman neglected your lawsuit or that they failed to discuss the lawsuit with you. Messrs. O' Brien and Hoffman took the actions that were reasonably calculated to achieve your legal objectives, including gathering information about the accident, filing a complaint in the circuit Court to initiate case number 2018 L 13896, serving all defendants, contesting motion to dismiss and advising you about how you might proceed. Also, courts in Illinois provide some discretion to attorneys in making strategic decisions in litigation matters, and while you disagree with the decision to dismiss Skokie Motor Sales as a party-opponent, that is not evidence of professional misconduct by Messrs. O'Brien and Hoffman, or if a court determines that they engaged in improper conduct, please contact the undersigned. At that time, we will determine whether further action is necessary. Therefore, we will close our files at this time.
Again, thank you for your cooperation.
Very truly yours,

/s/ John R. Cesario
Senior Counsel
ARDC Intake Division

The ARDC were in total agreement with the way Attorneys Kevin O'Brien and Bryan Hoffman handled my case. The ARDC further when on to defend both attorneys Kevin M. O' Brien and Bryan B. Hoffman by stating Messrs. O'Brien and Hoffman took actions that were reasonably calculate to achieve your legal objective, including gathering information about the accident, filing a complaint in the circuit court to initiate case number 2018 L 13896, serving all defendants, contesting a motion to dismiss and advising you about how you might proceed, Also, courts in Illinois provide some discretion to attorneys in making strategic decisions in litigation matters, and while you disagree with the decision to dismiss Skokie Motor Sales as a party-opponent, that is not evidence of professional misconduct by Messrs.
The ARCD turned a blind eye to the Misconduct of Kevin O'Brien and Bryan Hoffman by failing to conduct or initiate an investigation into the misconduct of Attorneys Kevin O'Brien and Bryan Hoffman thereby creating a permissive environment condoning misconduct perpetrated by officer of the court, resulting in intentional affliction of emotional distress and a financial burden upon Elitha Brown by Kevin O'Brien, Bryan B. Hoffman and the ARDC for failure to initiate or conduct an investigation. Should you consider my position in error, please respond within the next 15 days with your reasons why"?
(**Fact #2-D-To be answered by ARDC /s/John R. Cesario Senior Counsel**)

(**Fact #2-E-**)The Fact is Kevin M. O'Brien failed to supervise the actions of Attorneys Bryan B. Hoffman. On March 26, 2019, and April 02, 2019. Attorney Bryan B. Hoffman plotted in two known emails with Attorney Khadija Ghani, confirming he (Bryan Hoffman) would call off the special process server and reissuing written discovery. Defendants Attorney, Khadija Ghani agrees to provide re-vised statements in exchange for a clean copy of the discovery with the understanding Skokie Motor Sales will be voluntarily dismissed in this case. Kevin O'Brien, Bryan Hoffman and Khadija Ghani "violated Title 18 U.S.C. code section 241 and 242 as well as Rule 8.3(a) Rule 8.4 Misconduct (a)(b)(c)(d)(f)(j)(3) or (a)(4). " Should you consider my

position in error, please respond within the next 15 days with your reasons why"?
**(Fact #2E-To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman.**

**Fact #2-F** The fact is Attorneys Bryan B. Hoffman agreed to call off the special process server and reissue written discovery In exchange, Attorney Khadija Ghani agrees to re-vised statements for a clean copy of the discovery with the understanding Skokie Motor Sales Inc. will be voluntarily dismissed. Skokie Motor Inventory Manager, Mark DiDricksen revised his Affidavit with additional statements adjoining himself in the conspirac" Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Title 18 U.S.C. Code Section 241 and 242.
As well as Rule 8.3(a) Rule 8.4 Misconduct (a) or (a)(b)(c) and Rule 801-(2) (c)(d)(e).
**(Fact #2-F to be answered by Attorney Bryan B. Hoffman, Attorney Khadija Ghani and Skokie Motor Inventory Manager Mark DiDricksen).**

**Fact # 2-G: Explain in detail, what is a clean Copy of the discovery? Where is the original copy of the discovery?** " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman and Attorney, Khadija Ghani)**

**Fact #2-H** The Fact is, The Lead Attorney Emily Schroeder and Attorney Jamie Lane, failed to supervise Attorney, Khadija Ghani during her email communications with Attorney Bryan B. Hoffman on 3-26-2019 and 4-2-2019. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Rule 8.3(a) Rule 8.4 Misconduct (a) (b) (c).
**(Fact #2-H-To be answered by Lead Attorney Emily Schroeder and Attorney Jamie Lane)**

**Fact # 2-I** The Fact is Skokie Motors Sales Inc. Voluntarily dismissal, was orchestrated and carried out secretly by Attorneys Bryan B. Hoffman and Khadija Ghani, without my knowledge or consent in Emails dated ;Tue, Apr 2. 2019 at 11:44 AM", " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Title 18 U.S.C. code section 241 and 242. This is a violation of Rule 8.3(a) Rule 8.4 Misconduct (a) (b) (c).
**(Fact # 2-I- To be answered by Attorney Kevin O'Brien, Bryan B. Hoffman and Attorney Khadija Ghani)**

**Fact #2-J-**The Fact is, On Tue, Apr 2. 2019 at 11:44 AM", Attorney Khadija Ghani colluded with Attorney Bryan B. Hoffman laying out their plot to have Skokie Motor sales Inc. Voluntarily dismissed and perpetrate fraud upon the Court. Attorney Khadija Ghani email states the following: Ghani, Khadija kghani@salawus.com
We will be filing our amended MTD today with additional statements regarding Kevin acting outside the scope of his employment and using the vehicle for his personal use based on our conversation last week, with the understanding that you will then voluntarily dismiss Skokie Motors. We issued discovery on behalf of both Skokie Motors and Kevin Raymond, obviously we don't expect you to be duplicative, but since Skokie Motors will be dismissed, I re-issued with Kevin Raymond's name. So, that's why you'll receive double copies of everything today.

You never reissued discovery as we discussed last week, with clarification as to which requests were issued to which defendant. Do you still intend on re-issuing "a clean copy "of discovery?

April 02, 2019, 1:08 PM, Bryan Hoffman bryanhoffmanlaw@gmail.com `Ghani, Khadija: Please send us the revised Affidavit and we will voluntarily dismiss Skokie Motors at the next CMC. We will answer your written discovery sent to us on behalf of Kevin Raymond only (thank you for clarifying the duplicate copies) I was told we re-issued the written discovery to your office (I thinking it was mailed last Friday or possibly even yesterday – hopefully you receive it soon). " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

There conduct is a Violation of Title 18 U.S.C. code section 241 and 242 Rule 8.4 Misconduct (a) and (a)(b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.
See violation (42 U.S.C. 1985)
See Violation (42 U.S.C. 1986) Cooper v. Aaron
**Fact # 2-J- To be answered by Attorney Bryan B. Hoffman and Attorney Khadija Ghani)**

**FACT 3 Question A &B must be answered fact by fact in the form of a sworn affidavit.**

**Conspiracy Against Rights**
Deceptive Practices,
**Violation of Rule-1.1.**
**Violation of Rule 1.2**
**Violation of Rule-1.3.**
**Violation of Rule-1.4**
**See**
Title 18 U.S.C. code section 241 and 242.
Rule Misconduct 8.4(a) (4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.
**See violation (42 U.S.C. 1985)**
**See Violation (42 U.S.C. 1986)**
**Fact # 3, Question A &B must be answered fact by fact in the form of a sworn affidavit.**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; They shall be fined under this title or imprisoned not more than ten years, or both; shall not falsify evidence, or assist a witness to testify falsely, or offer an inducement to the witness that is prohibited by law.

A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

A Lawyer shall not present a material fact that he knows is false. A lawyer shall be truthful in his statements to others.

A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client.

**(Fact # 3-A** The Fact is, The affidavit of Mark Didricksen was Re-vised at the direction of Attorney Bryan B. Hoffman to Attorney Khadija Ghani. On April 02, 2019, 1:08 PM Attorney Bryan Hoffman                    , reply's to Attorney Khadija Ghani email confirming their plot stating: Please send us the revised Affidavit and we will voluntarily dismiss Skokie Motors at the next CMC.
Mark Didricksen revised his Affidavit on 4-2-2019 at 2:48PM, one hour and forty minutes after Attorney Bryan Hoffman replied to Attorney Khadija Ghani email. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
This violates Title 18 U.S.C. code section 241 and 242, Rule 8.4 Misconduct (a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. Rule 801-(2),(c),(d),(e) and Deceptive Practices, perjury and obstruction of Justice by Mark Didricksen.
## (Fact # 3-A-To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman, Attorney Khadija Ghani and Mark Didricksen).

**Fact # 3-B** The Fact is On 3-11-2021; Skokie Motor Sale Attorney Emily Schroeder sent an ex parte email to me admitting no lease agreement exists between Skokie Motors Sales and Kevin Raymond on the date of the occurrence. Attorney Emily Schroeder violated Rule 8.4 Misconduct (a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
### (Fact # 3B- To be answered by Lead Attorney Emily Schroeder)

### Facts #4
### Fact # 4, Question A-F must be answered fact by fact in the form of a sworn affidavit.

**(Fact # 4-A** The Fact is Kevin Raymond was driving a 2017 Jeep Grand Cherokee which was a Demo, with dealer plates on the vehicle, owned by Skokie Motor Sales Inc., Kevin was on his way to work for Skokie Motor Sale Inc. as their finance Manager. Kevin Raymond was not under a lease agreement with Skokie Motor Sales Inc. on 1-19-2017 at the time of the accident. "Should you consider my position in error, please respond within the next 15 days with your reasons why"?
### (Fact # 4A – To be answered by Kevin Raymond, Skokie Motor Sales Inc. and Lead Attorney Emily and Lead Attorney Jamie Lane).

**Fact # 4-B** The Fact is: In ARDC conclusion on 5-20-2020 stats the following: The Attorneys indicated that they gathered information about the accident and named Kevin Raymond and Skokic Motor as defendants in case number 2018 L 13896. Messrs. O'Brien and Hoffman stated that during discovery, they learned that at the time of the accident Mr. Raymond was operating a motor vehicle owned by Skokie Motor Sales. Messrs. O'Brien and Hoffman made a strategic decision to dismiss Skokie Motor Sales and focus on Mr. Raymond and his automobile Liability insurance policy. The Fact is Kevin Raymond had no auto insurance of his own at the time of the

accident on 1-19-2017. Attorney Kevin O'Brien and Brien Hoffman intentionally misrepresented a material fact to the ARDC. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact # 4-B – To be answered by ARDC /s/John R. Cesario Senior Counsel, Kevin Raymond, Attorney Kevin O'Brien, Attorney Bryan B. Hoffman ,Attorney Jamie S. Lane and Attorney Emily Schroeder)**

**Fact # 4-C** The Fact is a decision was made to use the Dealer Plate Insurance (HARCO) for this accident. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
 Bad Faith Insurance Practices and Violates Rule 8.4 Misconduct (a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.
**(Fact # 4-C – To be answered by Lead Attorney Emily and Lead Attorney Jamie Lane and Attorney Kevin M. O'Brien)**

**Fact # 4-D**-The Fact Is Kevin Raymond was driving the 2017 Jeep Grand Cherokee which was a Demo, with dealer plates that carried a $1,000,000 policy on the vehicle, owned by Skokie Motor Sales Inc. absent of a lease agreement between Kevin Raymond and Skokie Motor Sales" Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #-4-D to be answered by Kevin Raymond, Skokie Motor Sales Inc., Attorney Jamie S Lane and Attorney Emily Schroder and Attorney Kevin M.O' Brien)**

**Fact # 4-E** the Fact is on March 31, 2021, Attorney for the Defendants conducted a deposition with Doctor Linda Suleiman Elitha Brown participated by phone.(Background) Dr. Linda Suleiman was referred to me by Dr. Stephen M. Gryzlo A head physician in the orthopedic Department at Northwestern Hospital after my treatment with Dr. Joseph Boutet reached its limits, Dr. Joseph Boutet and Dr. Stephen Gryzlo felt my right Knee needed to be evaluated by Dr. Linda Suleiman moving forward in my treatment plan. At the close of Dr. Suleiman Deposition it was stated by the Defendants Attorney neither Dr. Suleiman nor the Defendants Attorney had a copy of my medical records at the medical doctor Deposition. Dr. Linda Suleiman stated she had not viewed my medical records before attended the deposition and she had not seen images of my right knee before I undergone meniscectomy surgery. The images of my right knee before the meniscectomy procedure were up-loaded onto Northwestern Hospital system between 2017 and 2018. My medical Records and images of my right knee were not present during Dr. Linda Suleiman Deposition. I ask that the record reflect that Elitha Brown medical records were not present at Dr. Linda Suleiman Deposition. **My Request was not reflected in the records as requested.** " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
 **(Fact # 4-E-To be answered by Lead Attorney Emily and Lead Attorney Jamie Lane**).

**Fact #4-F** the Fact is on 3-31-2021, Elitha Brown medical records and images of Elitha Brown right Knee were not present for Dr. Linda Suleiman Deposition for her to review. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #4F-To be answered by Dr. Linda Suleiman, Attorney Jamie S. Lane)**

**FACT 5 Question A-J must be answered fact by fact in the form of a sworn affidavit.**
Deceptive Practices,
Violation of Rule-1.1
Violation of Rule 1.2
Violation of Rule 1.4
Violation of (720 ILCS 5/8-2.1) (from Ch. 38, par.8-2) Sec. 8-2.1 Conspiracy against civil rights
(a)(b).
**See Violation – "12", Title 18 USC Code Sections 241.**
**Fact # 5, Question A-H must be answered fact by fact in the form of a sworn affidavit.**
If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any
State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any
right or privilege secured to him by the Constitution or laws of the United States, or because of
his having so exercised the same; They shall be fined under this title or imprisoned not more than
ten years, or both; shall not falsify evidence, or assist a witness to testify falsely, or offer an
inducement to the witness that is prohibited by law.


A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person
that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading
statements or omissions that are the equivalent of affirmative false statements. For dishonest
conduct that does not amount to a false statement or for misrepresentations by a lawyer other
than in the course of representing a client
A Lawyer shall not present a material fact that he knows is false.

A Lawyer shall not present a material fact that he knows is false.

A lawyer shall be truthful in his statements to others.

A lawyer who knows that another lawyer has committed a violation of the Rules of Professional
Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as
a lawyer in other respects, shall inform the appropriate professional authority.
A lawyer shall not violate or attempt to violate these rules; induce another to engage in conduct,
or give assistance to another's conduct, when the lawyer knows that conduct will violate these
rules; commit a criminal act that reflects adversely on the lawyers honesty trustworthiness or
fitness as a lawyer in other respects; engage in conduct involving dishonesty, fraud, deceit or
misrepresentation; engage in conduct that prejudicial the administration of justice.

 Violation of Rule 8.4 Misconduct (a) (b) (c) bars lawyers from engaging in conduct involving fraud,
dishonesty, deceit, or misrepresentation. Deceptive Practices,

**Fact # 5-A** The Fact is, May 01, 2019, Judge James N. O'Hara `Case Management "Order."
Plaintiff voluntarily dismissed defendant Skokie Motor Sales without prejudice and the right to
re-file within one year, cost payable upon refilling 7-16-2019.
The attorney's name on the case management order is Attorney Kevin M. O'Brien" Should you
consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact # 5A-To be answered by Judge James O'Hara and Attorney Kevin O'Brien**

**Fact # 5B**-The Fact is Attorney Kevin M. O'Brien committed fraud upon the court when he submitted the voluntary dismissal of Skokie Motor Sales Inc. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Rule 1.1, 1.2 1.3, 1.4 and 8.4 Misconduct (a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. Deceptive Practices,
**(Fact # 5B-To be answered by Attorney Kevin O'Brien)**

**Fact # 5-C-** Mark Didrickson committed perjury and obstruction of justice when He submitted two sworn affidavits on 3-26-2019 and 4-2-2019 testifying of having knowledge of the lease agreement between Kevin Raymond and Skokie Motor Sales Inc" Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact # 5C-To be answered by Mark DiDricksen and Attorney Emily Schroeder)**

**Fact # 5-D** The Fact is The Lease agreement between Kevin Raymond and Skokie Motor sales Inc., does not exist according Attorney Emily Schroeder in an email dated 3-11-2021.It is imperative that Attorneys Jamie S. Lane, Emily Schroeder and Kevin O'Brien provide a detailed explanation on how the Graves Amendment applies in this case when no lease agreement exists between Kevin Raymond and Skokie Motor Sales Inc. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact # 5-D -To be answered by Attorney Kevin O'Brien, Jamie Lane, Emily Schroeder)**

**Fact # 5-E-** A Criminal Information Complaint was made Concerning Perjury and Obstruction of Justice committed by Skokie Motor Sales Inc. Inventory Manager Mark Didrickson.
Mark summited two sworn affidavits testifying to having knowledge of the lease agreement between Kevin Raymond and Skokie Motor Sales Inc. The fact is there is no lease agreement between Kevin Raymond and Skokie Motor Inc. Attorney Emily Schroeder confirmed this in an email dated 3-11-2021. It is imperative that attorney Emily Schroeder provide a detailed explanation with evidence as to why and how Mark DiDricksen affidavit is being used in this case. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**( Fact # 5-E-To Be Answered by Attorney Emily Schroeder).**

**Fact # 5-F The** Fact is Elitha Brown submitted motions and asking Attorney Emily Schroeder and Jamie S. Lane for a copy of the lease agreement between Kevin Raymond and Skokie Motor Sales Inc. Elitha Brown was ignored. Elitha Brown subpoenaed Emily Schroeder for the lease agreement and Emily ignored the subpoena. Elitha Brown then motion Judge James O'Hara and ask to hold Emily in contempt of court if she did not produce the lease agreement within five day. Attorney Emily Schroder under threat of contempt, Emily issued an email to Elitha Brown on 3-11-2021 stating no such lease agreement exits. Emily intentionally withheld a material fact from the court that was a subject of this case. Emily blatantly disregarded the rule of professional conduct and her role as an officer of the court. Aid and abetted a witness in the commission of a crime, perpetrated fraud upon the court, concealed evidence. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**Fact # 5-F to be answered by Emily Schroeder.**

(Fact # 5-G The Fact is Elitha Brown submitted three motions and ask the defendants Attorney Emily Schroeder several times for Kevin Raymond Cell phone records with text messages without success. The defendants put in a motion to squash. Elitha Brown was given an opportunity to respond and Elitha Brown did. The judge James O' Hara granted my motion for Kevin Raymond cell phone records with the text messages. However, one of my motions Elitha Brown submitted to the judge had the incorrect date on it, out of all three motion two with the correct date one with the incorrect date on it, Judge James O'Hare chose to select and grant the motion with the incorrect date. Elitha Brown submitted a motion to Judge James O'Hara and other parties to amend the motion to reflect the correct date for Kevin Raymond Cell phone record with text messages. Judge James O'Hara has been mute, silent. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact # 5-G-To be answered by Judge James O'Hara, Emily Schroeder and Jamie S .Lane)**

**Fact #5-H** The Fact is Attorney Kevin O'Brien and Attorney Bryan B. Hoffman never file for a jury demand. Please provide evidence with supporting documentation of your making an effort to prepare and go to trial. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Rule 1.1, 1.3 and the seventh amendment rights.
**(Fact #5-H-** To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman)

## Fact 6. Question A-I must be answered fact by fact by sworn affidavit.

**Fact 6-A** (1). Attorney Bryan B. Hoffman and Attorney Ghani, Khadija, Emails On 3-27-2019 and April 2, 2019 agreeing to voluntarily dismiss Skokie Motor Sales Inc.at the next CMC was carried out on 5-1-2019. Please Provide supporting documentation and evidence to the contrary of Attorney Bryan Hoffman and Khadija Ghani conspired together to have Skokie Motor Sale dismiss from this case. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
violation of Title 18 U.S.C. code section 241 and 242.and Rule 8.4Misconduct( a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation
**( Fact 6-A- To be answered by Attorney Bryan B. Hoffman and Attorney Ghani, Khadija)**

(**Fact 6-B** . Mark DiDricksen Affidavits claims of having knowledge Skokie Motor Sales Inc. leased the 2017 Jeep Cherokee to Kevin Raymond for his temporary use was filed and used in defendants motions by Attorney Jamie Lane Dated 3-27-2019 & Attorney Emily Schroeder on 11-19-2020. It is Vital for the Defendants Attorneys to show cause for the application of the "Graves Amendment' Please provide a copy of the lease agreement between Kevin Raymond and Skokie motor Sales Inc. to satisfy or to prove the application of the Graves Amendment applies in this case. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Rule 8.4 Misconduct(a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation and Title 18 U.S.C. code section 241 and 242.
**(Fact 6-B -To be answered by Lead Attorney Jamie Lane and Lead Attorney Emily Schroeder, Attorney Kevin M. O'Brien, Attorney Bryan Hoffman, Attorney Khadija Ghani. And Mark DiDricksen**

## Fact # 6-C

4). the use of 49 U. S. C. 30106 (2010) (The "Graves Amendment'), which preempts claims against lessors and companies in the business of renting vehicles absent certain specific circumstances; Was used by the defendants attorneys in motions filed on 3-27-2019 and 11-19-2020. If there is no lease agreement between Kevin Raymond and Skokie Motor Sales Inc., the use of the "Graves Amendment' and Mark DiDricksen affidavit is fraud upon the court. It is imperative for Lead Attorneys Jamie S. Lane and Emily Schroeder to provide evidence that Mark DiDricksen has not committed perjury in this case. Violation of Rule 3.3, Title 18 U.S.C. code section 241 and 242 and Rule 8.4 Misconduct (a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation fraud upon the court. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**,(Fact # 6-C-To be answered by Lead Attorney Jamie Lane, Lead Attorney Emily Schroeder, Attorney Khadija Ghani, Attorney Kevin M. O'Brien and Attorney B. Hoffman).**

## Fact# 6-D

5). Attorney Emily Schroeder verified the fact no lease agreement exists in an ex parte Communication email to me dated 3-11-2021, No lease agreement exists.
HI Elitha,

Please allow this email to serve as a response to the subpoena you issued to me. This email confirms that no lease agreement exists between Kevin Raymond and Skokie Motor Sales, Inc. for the vehicle involved in the occurrence.

Thanks and please let me know if you have any questions.

Best, Emily Schroeder
Attorney Emily Schroeder knowingly and intentionally failed to copy Judge James O'Hara to her email to Elitha Brown. Emily's Email exposes the fact that her defense for Skokie Motor Sales is barred by the Graves Amendment is not based on facts and Mark DiDricksen Affidavit is not true. Emily defense for Skokie Motor Sales Inc. dismissal was nothing more than a cheap side show circus act with smoke and mirrors. Violation of Rule 3.3, Title 18 U.S.C. code section 241 and 242 and Rule 8.4 Misconduct (a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation and Fraud upon the court. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## (Fact # 6-D-To be answered by Lead Attorney Emily Schroeder)

**Fact # 6-E** The Fact is, Attorney Jamie Lane and Attorney Emily Schroeder submitted a false Misrepresentation of a material fact (Mark DiDricksen Sworn Affidavits), which made Mark

DiDrickesn a willing participant and co-conspirator in the case. The Defendants Attorney filed the re-vised Affidavit on court records to support their claim Skokie Motor Sales is barred by 49 U. S. C. 30106 (2010) (The "Graves Amendment'), which preempts claims against lessors and companies in the business of renting vehicles absent certain specific circumstances. It is imperative for the defendant's attorney provide clear and convincing evidence that Skokie Motor Sales is barred by the graves amendment. Please provide a copy of the lease agreement between Kevin Raymond and Skokie Motor Sales to show Mark DiDricksen is not a co-conspirator in this case.violation of Title 18 U.S.C. code section 241 and 242 and Rule 8.4 Misconduct (a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation and fraud upon the court. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

### Fact # 6-E (To be answered by Lead Attorney Jamie Lane and Lead Attorney Emily Schroeder)

**Fact # 6-F** The Fact is Attorney Kevin O'Brien; knowingly and intentionally voluntarily dismiss Defendant Skokie Motor Sales Inc. from this case at the CMC on 5-1-2019, without my knowledge or consent. It is imperative that Kevin O'Brien provide clear and convincing evidence of the notification to Elitha Brown of the voluntarily dismissal of Skokie Motor.
Attorney Kevin O'Brien violated and Rules 1.1, 8.4 Misconduct(a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation is a violation of Title 18 U.S.C. code section 241 and 242, fraud Upon the court and Deceptive Practices. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
### Fact # 6-F -To be answered by Attorney Kevin O'Brian.

(**Fact # 6-G** The Fact is. Bryan Hoffman failed to ask Kevin Raymond any questions concerning his Lease agreement with Skokie Motor Sales Inc., during his Bryan Hoffman's' deposition with Kevin Raymond. It is imperative for Attorney Kevin O'Brien and Bryan B. Hoffman to provide clear and convincing evidence Kevin Raymond was questioned about his lease agreement with Skokie Motor Sales during his deposition and a request was made for a copy of Kevin Raymond and Skokie Motor lease agreement. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Title 18 U.S.C. code section 241 and 242, fraud Upon the court and Rules 1.1, 8.4 Misconduct (a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation and Deceptive Practices,
### (Fact # 6-G-To be answered by Attorney Kevin M.O' Brien Attorney Bryan B. Hoffman)

(**Fact # 6-H** The Fact is Attorney Kevin O'Brien and Attorney Bryan Hoffman were in agreement with the Defendants attorneys allowing the use of Mark DiDrickesn, Sworn Affidavit and the ("Graves Amendment"), without a copy of the actual lease agreement.           "
Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Please provide clear and convincing evidence for your rebuttal.
Attorney Kevin M. O'Brien and Attorney Bryan Hoffman violated Title 18 U.S.C. Code Section 241 and 242. And Rules 1.1, 8.4 Misconduct (a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation and Deceptive Practices, fraud upon the court.
### (Fact # 6H -To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman)

**(Fact # 6-I** The Fact is Attorney Emily Schroeder has not provided Elitha Brown with all documents in connection to Claim # 134597. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact # 6I-To be answered by Lead Attorney Emily Schroeder)**

**Fact 7 Question A-K must be answered fact by fact in the form of a sworn affidavit.**

**See violation of Title 18 U.S.C. Code Section 241 and 242.**

**See violation (42 U.S.C. 1985)**

**See Violation (42 U.S.C. 1986)**

Violation of Rule 8.4 Misconduct (a)(b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.

**Fact # 7, Question A-F must be answered fact by fact by sworn affidavit.**

A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

**(Fact # 7-A** The Fact is a discussion occurred between counsel for Plaintiff's' (Bryan B. Hoffman) and Defendants Attorney Ghani, Khadija, An agreement to file an amended Motion to voluntarily Dismiss with addition statements regarding Kevin acting outside the scope of his employment and using the vehicle for his personal use based on our conversation last week, with the understanding that you will then voluntarily dismiss Skokie Motors. Mark DiDricksen revised his affidavit adding numbers5 and 6 to his re-vised affidavit stating that at the time of the accident, Kevin Raymond was on his way to work and not acting within the scope of his employment with Skokie Motors. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

Violation of Title 18 U.S.C. Code Section 241 and 242, Rule 8.4 Misconduct (a)(b)(c). bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation, fraud upon the court, 720 ILCS 5/32-2 Sec.32-2 Perjury and 720 ILCS 5/31-4 obstruction of Justice

**Fact # 7A -To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman, Lead Attorney Jamie Lane, Lead Attorney Emily Schroeder, Attorney Khadija Ghani and Mark DiDricksen)**

**Fact # 7-B-**The Fact is the voluntarily dismissal of Skokie Motor Sales Inc. was an agreement between Attorney Bryan B. Hoffman and Defendants Attorney Ghani, Khadija On 4-2-2019 was under the supervision of Attorney Kevin O'Brien and Jamie Lane " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

Violation of Title 18 U.S.C. Code Section 241 and 242 Rule 8.4 Misconduct (a)(b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation, Fraud upon the court.

**(Fact # 7B-To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman, Attorney Jamie S. Lane and Attorney Khadija Ghani.)**

**(Fact # 7-C -**The Fact is Attorney Bryan B. Hoffman and Defendants Attorney Ghani, Khadija, conspired to have Mark DiDricksen, re-vise (his) Affidavit, then filed the revised affidavit with the court as testimony of a lease agreement without submitting the actual, physical copy of the

lease agreement itself on court record as evidence in this case. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Title 18 U.S.C. Code Section 241 and 242 Rule 8.4 Misconduct (a)(b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation, 720 ILCS 5/32-2 Sec.32-2 Perjury and 720 ILCS 5/31-4 obstruction of Justice

### (Fact # 7C -To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman, Attorney Khadija Ghani and Mark Didricksen)

**Fact # 7-D,** The Fact is Attorneys Kevin O Brien and attorney Bryan B. Hoffman concealed the fact that Kevin Raymond had no lease agreement with Skokie Motor Sales Inc. at the time of the Accident on 1-19-2017. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

### Fact #7D-To be answered by Attorneys Kevin O Brien, Attorney Bryan B. Hoffman.

**Fact #7-E** The Fact is, The Defendants Attorney Jamie S. Lane and Emily Schroeder used 49 U. S. C. 30106 (2010) (The "Graves Amendment'), and Mark DiDricksen sworn Affidavits, filed Responses to my 2-1401 motion to vacate before Judge Karen L. O'Malley on11-19-2020. Attorney Jamie S. Lane and Emily Schroder fraudulent responses to my 2-1401 were successful. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
### Fact #7 -E to be answered by Attorney Emily Schroeder, Attorney Jamie S. Lane.

**Fact #7-F** the Fact is, Attorney Kevin M. O'Brien and Bryan Hoffman knowingly and intentionally voluntarily dismissed Skokie Motor Sales Inc. from my case without my knowledge or consent. Attorney Bryan B. Hoffman conspired against me to voluntarily dismiss Skokie Motor sales Inc. from my case, " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
Violation of Title 18 U.S.C. code section 241 and 242. Rule 8.3(a) Rule 8.4 Misconduct (a)(b)(c).. 720 ILCS 5/31-4 obstruction of Justice, Fraud upon the court.
### (Fact # 7-F -To be answered by Attorney Kevin O'Brien, Attorney Bryan B. Hoffman Attorney Khadija Ghani, Attorney Emily Schroeder, Attorney Jamie S. Lane).

### FACT 8 Fact # 8, Question A-G must be answered fact by fact by sworn affidavit.
Perjury
Obstruction of Justice
See Violation of 241- Conspiracy against Rights
See Violation of Title 18 U.S.C. code section 242.

**Fact #8-A** The Fact is, Skokie Motor Sales Expert witness, Mark DiDricksen, an Inventory Manager for Skokie Motor Sales Inc., committed perjury and obstructed justice when he submitted two False sworn Affidavits claiming in the affidavits the following: Pursuant to certain terms and conditions and for specific periodic payments, Skokie Motors leased the 2017 Jeep Cherokee to Kevin Raymond for his temporary use. Mark DiDricksen also claimed in his affidavit that Kevin Raymond was acting outside the scope of his employment with Skokie Motors and using the 2017 Jeep Cherokee for his personal use.

However, evidence shows Kevin Raymond did not have a lease agreement with Skokie Motor Sales or insurance of his own at the time of the accident.

Kevin Raymond was driving the company 2017 Jeep Cherokee demo vehicle, with dealer plates to work. Kevin Raymond was driving the company vehicle at the time of the accident on 1-19-2017.

Kevin Raymond had no lease agreement with Skokie Motor Sales for the 2017 Jeep Cherokee at the time of the accident. . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## Fact #8A To be Answered by Mark DiDricksen, Kevin Raymond and Skokie Motor Sales Inc..

**Fact #8-B-** the Fact is, Fraud upon the court, Occurred when Mark DiDricksen was ask to submit an Affidavit then ask to Re-vised his affidavits. Please provide evidence and supporting documentation to dispute the statement above. This is a violation of Rule 8.4 Misconduct (a)(b)(c). bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. Violation of Title 18 U.S.C. code section 241 and 242 Aiding and Abetting in the commission of a crime. . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## Fact #8-B- to be answered by Attorney Khadija Ghani, Mark DiDricksen, Attorney Emily Schroeder and Attorney Jamie S. Lane.

**Fact #8-C** The Fact is Mark DiDricksen willfully submitted a misrepresentation of a material fact when he submitted his original false affidavits, then re-vised his false affidavits, adjoining himself as co-conspirators in this case. . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## (Fact #8-C-To be answered by Mark DiDricksen Attorney Khadija , Attorney Emily Schroeder and Attorney Jamie S. Lane)

**Fact #8-D** The Fact is, Mark DiDricksen false Affidavits was used as evidence by Attorneys Jamie Lane and Attorney Emily Schroeder in filed motions before the court on 3-27-2019 and 11-19-2020 to support the uses of "The "Graves Amendment in this case. "Attorneys Jamie Lane and Attorney Emily Schroeder used Mark DiDricksen false Affidavits, Aiding and Abetting their Expert witness in the commission of a crime Perjury and Obstruction of justice, Attorneys Jamie S. Lane and Emily Schroeder should have known by reasonable knowledge standards, No lease agreement exists.). . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

## (Fact #8-D-To be answered by Lead Attorney Emily Schroeder and lead Attorneys Jamie Lane).

**(Fact # 8-E)** The Fact Is Jamie S. Lane and\ Emily Schroeder did not inform the court or bring to the court attentions, the fact that Mark DiDricksen Affidavit was false. And due to Mark DiDroicksen false affidavit, the application of the Graves Amendment is not appropriate and does not apply in this case. . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?  **(Fact # 8-E to be answered by Attorney Jamie S. Lane and Emily Schroeder).**

**Fact #8-F.** The Fact is, Attorneys Jamie Lane and Attorney Emily Schroeder, failed to submit sworn affidavit with their motions testifying that the motions they filed before the court were

true and accurate to the best of their knowledge as required. Please provide evidence and supporting documentation to dispute the statement above.

This is a violation of Rule 8.4(a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation of a material Fact. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

**(Fact #8-F-To be answered by Lead Attorney Emily Schroeder and Lead Attorneys Jamie Lane**).

**(Fact #8-G** The Fact is, Attorney Emily Schroeder and Jamie lane as officers of the court failed to bring to the attention of judge James O'Hara or the court, that Attorney Khadija Ghani plotted and conspired with Plaintiff's Attorney Bryan B. Hoffman in an agreement to voluntarily dismiss Skokie Motor Sales Inc. at the next CMC. . " Should you consider my position in error, please respond within the next 15 days with your reasons why"?

This is a violation of <u>Rule 8.4(a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.</u>  Violation of Title 18 U.S.C. code section 241 and 242.

**(Fact #8-G-To be answered by Lead Attorney Emily Schroeder Attorney Jamie S. Lane).**

**FACT 9 Fact # 9, Question A- must be answered fact by fact in the form of a sworn affidavit.**
**Violation of Title 18 U.S. C. Section 241 Conspiracy Against Rights**
**Violation of- Title 18 U.S.C. Section 242 Deprivation of Rights Under Color Of Law**
**Violation of Rule 8.4(a)(4) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation of a material Fact.**
**Fraud upon the court**
**Violation of Rule- 1.4**
**Violation of Rule-8.4**
**Breach of Contract**

A lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's informed consent.

A Lawyer shall not violate Rule 8.4(a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation

A lawyer shall abide by a client's decisions concerning the objectives of representation.
An attorney shall consult with the client as to the means by which they are to be pursued.

Each lawyer having direct supervisory authority over another lawyer shall make reasonable efforts that the other lawyers conduct, according to those rules.

**(Fact #9-A** The Fact is On April 2, 2019, at 11:44 am and 1:08 pm email, Attorney Bryan B. Hoffman engaged in a secret agreement with Defendants Attorney Khadija Ghani to voluntarily dismiss Skokie Motor Sales Inc. as a named defendant in this case. See Emails below:
Tue, Apr 2. 2019 at 11:44 AM,
Ghani, Khadija kghani@salawus.com to Bryan Hoffman.
1) We will be filing our amended MTD today with additional statements regarding Kevin acting outside the scope of his employment and using the vehicle for his personal use based on our

conversation last week, with the understanding that you will then voluntarily dismiss Skokie Motors.
2) We issued discovery on behalf of both Skokie Motors and Kevin Raymond, obviously we don't expect you to be duplicative, but since Skokie Motors will be dismissed, I re-issued with Kevin Raymond's name. So, that's why you'll receive double copies of everything today.

3).You never reissued discovery as we discussed last week, with clarification as to which requests were issued to which defendant. Do you still intend on re-issuing a clean copy of discovery? "

April 02, 2019, 1:08 PM
Bryan Hoffman bryanhoffmanlaw@gmail.com to `Ghani, Khadija:
Please send us the revised Affidavit and we will voluntarily dismiss Skokie Motors at the next CMC. We will answer your written discovery sent to us on behalf of Kevin Raymond only (thank you for clarifying the duplicate copies) I was told we re-issued the written discovery to your office (I thinking it was mailed last Friday or possibly even yesterday – hopefully you receive it soon)
Attorney Bryan Hoffman instructed Defendants attorney Khadija Ghani to: send us the revised Affidavit and we will voluntarily dismiss Skokie Motor at the next CMC.

Defendants Attorneys Khadija Ghani and Attorney Bryan B. Hoffman conspired together in a secret agreement to voluntarily dismiss Skokie Motor Sales at the next CMC. The agreement between Bryan Hoffman and Khadija Ghani was on 4-2-2019. The CMC was held on 5-1-2019. 30 days later, Bryan Hoffman and Khadija Ghani agreement was carried out without Elitha Brown knowledge or consent. **Fact # 11-E-**,. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact #9A-To be answered by Attorney Bryan B. Hoffman and Attorney Khadija Ghani)**

### FACT 10

**Fact # 10, Questions A-E must be answered fact by fact in the form of an sworn affidavit.**
A Lawyer that is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at the time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.
Each lawyer having direct supervisory authority over another lawyer shall make reasonable efforts that the other lawyers conduct, according to those rules.
A Lawyer shall not violate Rule 8.4(a) (b) (c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.

**(Fact #10-A** The Fact is, I sent an email to Attorney Kevin O'Brien and Bryan Hoffman, informing them that I will not tolerate any disrespectful attitude or behavior from them" Should you consider my position in error, please respond within the next 15 days with your reasons why".
**(Fact #10A -To be answered by Attorney Kevin O'Brien and Bryan Hoffman)**

**Fact #10-B-**The Fact is after I declined voluntary non-binding Mediation because I felt it was not in my best interest to do so, instead I wanted to take my case to trial, as my seventh amendment right allows and declare in IRPC 1.2. Attorney Kevin O'Brien abandoned my case

when I declined Non- Binding **Voluntary** Mediation by immediately withdrawing from my case. " Should you consider my position in error, please respond within the next 15 days with your reasons why"? **(Fact #10-B-**To be answered by Attorney Kevin O'Brien).

**Fact #10-C** The Fact is Attorney Kevin O'Brien was not prepared for trail nor did he file for a jury demand in my case after the 3 years of representing me as a client. Please provide evidence and supporting documentation to dispute the statement above if it is not true. This is a Violation rule of professional conduct 1.1 and 1.3. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**(Fact #10-C-To be answered by Attorney Kevin O'Brien.).**

**Fact #10-D.** The Fact is from 1-27-2017 – 2-17-2020, Attorney Kevin O'Brian total case **expenses** for Elitha Brown were $3,191.55 after 3 years of representation. " Should you consider my position in error, please respond within the next 15 days with your reasons why"? Please provide evidence and supporting documentation to dispute the statement above.
**Fact #10-D To be answered by Attorney Kevin O'Brien)**

**Face #10-E.** The Fact Is Attorney Kevin O'Brien failed to turn over a complete copy of my file as required. " Should you consider my position in error, please respond within the next 15 days with your reasons why"? Please provide clear and convincing evidence to dispute the statement above. **(Fact # 10-E- To be answered by Attorney Kevin O'Brien)**

## FACT 11

**Fact # 11 A-L Questions A must be answered fact by fact by sworn affidavit.**

A lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's informed consent.
A lawyer shall consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter; promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation
A lawyer shall not violate Rule 8.4(a)(b)(c) bars lawyers from engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation of a material fact.

Misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest

conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client.

A lawyer shall abide by a client's decisions concerning the objectives of representation. An attorney shall consult with the client as to the means by which they are to be pursued. Each lawyer having direct supervisory authority over another lawyer shall make reasonable efforts that the other lawyers conduct, according to those rules.

**Fact #11-A,** The Fact is, On November 1, 2019, Kevin O'Brien sent a demand letter to Attorney Jamie Lane and Ms. Ghani in the amount of $600,000. Stating the following:

The purpose of this correspondence is to convey our Demand for Settlement in the above-captioned matter. As you know, the liability in this case is clear. As a result of this accident, Elitha Brown injured multiple parts of her body. Ms. Brown suffered a meniscus tear, for which she underwent a meniscectomy. In addition, a total knee replacement is recommended. Attached please find a list of Ms. Brown's, medical specials. We will supplement Dr. Joseph Thometz medical records and bills and the cost of Ms. Brown's knee brace upon receipt. Our Demand for Settlement is $600,000.00

Please contact our office to discuss settlement of this claim, once you have an opportunity to discuss our Demand for settlement with your client. Thank you.

Attorney Kevin O'Brien did not inform Elitha Brown of his intentions to send a demand letter to the defendants. Kevin O'Brien did not provided Elitha Brown with a copy of the demand letter or informed Elitha Brown that there was a demand letter being sent to the defendants in an attempt to settle Elitha Brown case.

" Should you consider my position in error, please respond within the next 15 days with your reasons why". **(Fact 11-A To be answered by Attorney Kevin O'Brien.)**

**Fact #11-B-** The fact is: Attorney Emily Schroeder and Jamie S. Lane used Mark DiDricksen false affidavits in two filed motions and one response before the court on 3-27-2019 and 11-19-2020; along with the ("Graves Amendment") as evidence in this case. " Should you consider my position in error, please respond within the next 15 days with your reasons why.
**Fact #11-B-To be answered by Lead Attorney Jamie Lane and Attorney Emily Schroder)**

**Fact # 11-C;** The Fact is Attorney Emily Schroeder and Jamie S. Lane have failed to make Known to Judge James O'Hara, the presiding Judge over this case or on court records, that a Misrepresentation of a material fact previously made to the court by Mark DiDricksen was false and that Mark DiDricksen committed perjury. " Should you consider my position in error, please respond within the next 15 days with your reasons why"?
**Fact #11-C-To be answered by Lead Attorney Jamie Lane and Attorney Emily Schroder)**

**Fact #11-D-To be answered by Lead Attorney Jamie Lane and Attorney Emily Schroder)**

**Face #11-D.**The fact is A request was made to Attorney Emily Schroeder for all documents that were given to Elitha Brown formal Attorney Kevin O'Brien in this case, turned over to me Elitha Brown in order for Elitha Brown to prepare for trial. Attorney Emily Schroeder and Jamie lane has failed to turn over all files which should have included, files, documents, discoveries including the original and the reissued discovery, lease agreement between Kevin Raymond and Skokie Motor Sales Inc., records,, Kevin Raymond cell phone records with text messages, all photos, faxes, emails, settlement agreements, all the insurance documents, money wires, money transfers and checks in her possession as requested and required by Rule 26 (d) Duty to disclose A (iv). Emily and Jamie Lane has suppressed and concealed evidence in this case. Emily and

Jamie Lane has failed to turn over all discovery connected to HARCO and IAT insurance Group. And all insurance agreements under which HARCO/IAT Group insurance business that may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy the judgement. " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### (Fact #11-D-To be answered by Lead Attorney Jamie Lane and Attorney Emily Schroder)

**Fact #11-E.** The Fact is; a request was made to Attorney Kevin O'Brien for a complete copy of my file. Attorney Kevin O'Brien failed to turn over all documents, evidences of discovery and re-issued discoveries, e-mails communications, settlements agreement, Attorney Kevin O'Brien has failed to turn over any discovery in connection to HARCO and IAT insurance company in his possession as requested and required by Rule 26 (d) Duty to disclose A (iv). Attorney Kevin O'Brien has suppressed, covered-up and concealed vital evidence in this case to conceal his role in the conspiracy against Elitha Brown rights in this case.
" Should you consider my position in error, please respond within the next 15 days with your reasons why.

### Fact # 11-E – To be answered by Attorney Kevin O'Brien And Bryan Hoffman)

**Fact #11-F.**The Fact is: Attorney Kevin O'Brien omitted HARCO/ IAT insurance documents and settlement agreement under which an insurance business may be liable to satisfy all or part of a possible judgement in the action or to indemnify or reimburse for payments made to satisfy judgment from Elitha Brown. " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### (Fact #11-F-To be answered by Attorney Bryan B. Hoffman and Attorney Kevin O'Brien).

**The Fact is #11-G**: Attorney Kevin O'Brien and Bryan B. Hoffman failed to file my case in a timely manner. " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### Fact is #11-G To be answered by Attorney Kevin O'Brien and Attorney Bryan B. Hoffman

**The Fact Is # 11-H**: Attorney Kevin O'Brien and Bryan B. Hoffman failed to inform Elitha Brown of her rights in writing before or during Elitha Brown interrogatory deposition. " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### Fact Is # 11-H To be answered by Kevin O'Brien and Bryan B. Hoffman

**The Fact is #11 –I**: Attorney Kevin O'Brien and Bryan B. Hoffman Failed to keep Elitha Brown informed concerning her case. . " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### Fact is #11 –I To be answered by Kevin O'Brien and Bryan B. Hoffman

**The Fact is#11-J:** Attorney Kevin O'Brien and Bryan B. Hoffman Conspired against Elitha Brown with the Defendants Attorneys in a secret agreement to voluntarily dismiss Skokie Motor Sales as a named defendant in this case without Elitha Brown knowledge. " Should you consider my position in error, please respond within the next 15 days with your reasons why.

### Fact is#11-J To be answered by Kevin O'Brien and Bryan B. Hoffman

**The Fact is #11-K:** Attorney Kevin O'Brien failed to provide Elitha Brown with all documents related to claims numbers # 3175515 and # 134597. " Should you consider my position in error, Please respond within the next 15 days with your reasons why.
**Fact is#11-K To be answered by Kevin O'Brien and Bryan B. Hoffman**

**The Fact is #11-L:** On 2-14-2020, I Elitha Brown Paid for a copy of my file from the cook county circuit court clerk's office room 801, this is when Elitha Brown discovered the misconduct of Kevin O'Brien and Bryan B. Hoffman. Elitha Brown also discovered the voluntary dismissal of Skokie Motor Sales from my case. These documents were not in the file Kevin O'Brien provided me. Kevin concealed documents and information that was relevant to my case from Elitha Brown case. " Should you consider my position in error, Please respond within the next 15 days with your reasons why.
**Fact is #11-L to be answered by Kevin O'Brien and Bryan B. Hoffman.**

**The Fact is # 11-M** , Elitha Brown Submitted a motion for review to the appellate court with Supporting evidences, pictures and documentation which included a criminal information complaint concerning Mark DiDricksen Obstruction of justice and perjury, the appellate court justices failed to act and stated they had no jurisdiction. " Should you consider my position in error, Please respond within the next 15 days with your reasons why.
**(Fact #11-M-To be answered by appellate court Presiding Justice /s/ Mary Mikva, Justice/s/ Maureen Connors, and Justice /s/ Sheldon.**

**Fact # 11- N** The Fact is: Elitha Brown submitted evidence to show Emily Schroder and Jamie S. Lane violated rule 3.3 when they knowingly and intentionally failed to correct a misrepresentation of a material fact previously presented to the tribunal by the lawyers (Emily Schroeder and Jamie S. Lane). "Should you consider my position in error, Please respond within the next 15 days with your reasons why?
**(Fact # 11- N to be answered by Attorney Jamie S. Lane and Attorney Emily Schroeder.)**

**Fact #11-O** The Fact is:Elitha Brown submitted evidence to the appellate court justices that Elitha Brown filed documents were not being up-loaded into the circuit court computer system weeks after Elitha Brown filed the documents with the circuit court. Evidence that Elitha Brown filed documents were still in a pending status in the circuit court computer system during the time Elitha Brown records were being processed and transferred over to the appellate for review. Evidence of the appellate court clerks returned documents unstamped and unfiled.  Elitha Brown submitted an affidavit of truth with Elitha Brown motion. Also Elitha Brown submitted complaints concerning the circuit court clerks placing unofficial stamps on Elitha Brown documents which caused delays in processing and filing Elitha Brown motions and documents with the courts

Elitha Brown submitted all documentation and evidence that showed Elitha Brown due process rights had been violated while filing Elitha Brown motion with the appellate court.
On May 6th 2021, the appellate court justice's /s/ Mary Mikva, /s/ Maureen Connors. /s/ Shelden Harris rendered the following order:
The Appellate court justices' /s/ Mary Mikva, /s/ Maureen Connors, /s/ Shelden Harris made a decision on May 06, 2021 render their decision concerning a response having been received and considered IT IS HERERBY ORDERED THAT; the motion to dismiss is granted. This court

has no jurisdiction over this case. There is no final order being appealed or other basis for jurisdiction.

Following the appellate court decision to denying Elitha Brown motion, Elitha Brown immediately petition the appellate court for a rehearing with supporting documentation which included a criminal information complaint concerning Mark DiDrickesn obstruction of justice and perjury, Attorney Emily Schroeder email stating no lease agreement exists between Kevin Raymond and Skokie Motor Sales Inc. Elitha submitted Complaints concerning the circuit court clerks placing unofficial stamps on Elitha Brown documents which caused delays in processing and filing Elitha Brown motions and documents with the courts. Elitha Brown submitted evidence that showing filed documents were not being up-loaded into the circuit court computer system weeks after Elitha Brown filed the documents with the circuit court. Evidence that Elitha Brown filed documents were still in a pending status in the circuit court computer system during the time Elitha Brown records were being processed and transferred over to the appellate for review. Elitha Brown submitted an affidavit of truth with Elitha Brown petitions; Elitha Brown was denied a rehearing from the appellate court stating:

On Jun-2, 2021 Presiding Justice Mikva, Justice Connors, and Justice Harris order as follows: this matter coming to be heard on the plaintiff-appellant's petition for rehearing , the court being fully advised in the premises; IT IS HEREBY ORDERED that the petition is denied.

The appellate court turned a blind eye to the Criminal Complaint, and Obstruction of justice the circuit court clerks which was submitted in my motion and petition as evidence to the appellate court justices. The Appellate court justices being fully advised in the premises **DENIED** Elitha Brown petition for a rehearing was denied. "Should you consider my position in error, Please respond within the next 15 days with your reasons why?

### Fact is # 11- O, To be answered by appellate court Presiding Justice /s/ Mary Mikva, Justice/s/ Maureen Connors, and Justice/s/ Sheldon

**Fact #11-P** The Fact is Attorney Emily Schroeder on 3-11-2021, sent an Ex parte communication, stating Please allow this email to serve as a response to the subpoena you issued to me. This email confirms that no lease agreement exists between Kevin Raymond and Skokie Motor Sales Inc. for the vehicle involved in the occurrence. "Should you consider my position in error, Please respond within the next 15 days with your reasons why?

**(Fact #11-P- to be answered by Attorney Emily Schroeder).**

**(Fact #11-Q-** The Fact is On 3-26-2021, Elitha Brown made known to judge James O'Hara and other parties that Mark Didricksen committed perjury and obstruction of justice, Emily Schroeder email dated 3-11-2021, was submitted as evidence to confirm the perjury of Mark DiDricksen. Judge James O'Hara has not responded, or taken action, or initiated an investigation into the Perjury of Mark DiDricksen in this matter. Judge James O'Hara has turned a blind eye by failing to act on the misconduct of the officers of the court and bar members. "Should you consider my position in error, Please respond within the next 15 days with your reasons why? **(Fact #11-R- to be answered by Judge James O' Hara).**

**Fact # 11-R** The fact is; Emily failed to send a copy of her email to Judge James O'Hara who is presiding in this case informing Judge James O'Hara that Emily's Expert witness Mark DiDricksen committed perjury; As a result. A misrepresentation of a material has occurred in this case and needs to be corrected. It is imperative for an officer of the court (Emily

Schroeder) provide a detailed explanation with evidence to support why Emily Schroeder and Jamie Lane failed to make known to the court that their expert witness, Mark DiDricksen, committing perjury in this case. "Should you consider my position in error, Please respond within the next 15 days with your reasons why?

**(Fact #11-R-To be answered Emily Schroeder and Jamie S. Lane.)**


**Fact #11-S** The Fact is Elitha Brown filed a motion with Judge James O'Hara, the presiding judge in this case requesting Attorney Emily Schroder show cause for the application of the Graves Amendment. Elitha Brown submitted evidence to support no lease agreement exist. Elitha Brown have not received a response from Attorney Emily Schroeder or from the presiding Judge in this case Judge James O'Hara. "Should you consider my position in error, Please respond within the next 15 days with your reasons why?
Please provide clear and convincing evidence to support your non-response.
**(Fact #11-S-To be answered by Presiding Judge James O'Hara, Emily Schroeder and Jamie S. Lane).**

X _Elitha Brown_

ELITHA BROWN

_Elitha Brown_

VERIFICATION

STATE OF ILLINOIS          SS.

COUNTY OF COOK

I,Elitha Brown, pursuant to title 28. USC Section 1746 (1) and executed "Without the United States," I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct the best of my belief and informed knowledge.

County of: Cook
sworn to and Subscribed before me
this 9th day of October 2021

Notary Public/State of Illinois
My Commission expires 05/11/2023

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

X _Elitha Brown_

**Page 26**

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Judge O'Hara, James N, Law Division  Court Rm. 2206
50 W. Washington St,
Chicago, Illinois 60602

Dear Judge O'Hara, James N, on or About September 30th, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default.

VERIFICATION
STATE OF ILLINOIS        SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of: Cook
Sworn to and Subscribed
this 2nd day of Nov 2021

MARY A. LeFLORE
OFFICIAL SEAL



# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Appellate Court Justice /s/ Sheldon Harris
160 N. LaSalle St. Fl. 14
Chicago, Illinois 60601

Dear Appellate Court Justice /s/ Sheldon Harris, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days.  You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired.  You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

COOK

2nd     Nov   2021

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023



EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Appellate Court Justice /s/ Mary Mikva
160 N. LaSalle St. Fl. 14
Chicago, Illinois 60601

Dear Appellate Court Justice /s/ Mary Mikva, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS            SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of: Cook
Sworn to and Subscribed before me
this 2nd day of Nov . 2021

Notary Public, State of Illinois
My Commission Expires:

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023


EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Appellate Court Justice /s/ Maureen Connors
160 N. LaSalle St. Fl. 14
Chicago, Illinois 60601

Dear Appellate Court Justice /s/ Maureen Connors, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Mark DiDricksen
7601 Skokie BLVD, Skokie IL, 60077

Dear Mark DiDricksen on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

*Elitha Brown*

VERIFICATION
STATE OF ILLINOIS            SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

*Elitha Brown*

State of illinois
County of: COOK
Sworn to and Subscribe before me
this 2 nd day of Nov. 2021

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

05/12/2023

EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Judge Karen L. O'Malley, Law Division  Court Rm. 2204
50 W. Washington St,
Chicago, Illinois 60602

Dear Judge Karen L. O'Malley, on or About September 30th, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days.  You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired.  You are being notified you are in default.

*Elitha Brown*

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

Cook

2nd   Nov  2021

Mary A. LeFlore

*Elitha Brown*

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

**EXHIBIT**
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Jamie Lane in care of Skokie Motor Sale Inc.
150 Michigan Avenue Suite 3300
Chicago Illinois 60601

Dear Skokie Motor Sales Inc, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of illinois
County of: Cook
Sworn to and Subscribed before me
this 2nd day of Nov 2021

MARY A. LEFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

05/12/2023



# <u>NOTICE OF DEFAULT</u>

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Khadija Ghani
150 Michigan Avenue Suite 3300
Chicago Illinois 60601

Dear Attorney Khadija Ghani, On or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS      SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of: Cook
Sworn to and Subscribed before me
this 2nd day of Nov 2021
by

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

05/12 2 ...



EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Jamie Lane in care of Kevin Raymond
150 Michigan Avenue Suite 3300
Chicago Illinois 60601

Dear Kevin Raymond, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

COOK
Nov 2021

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

05/12/2023

**EXHIBIT**

A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Bryan B. Hoffman
150 Madison Suite 700
Chicago, Illinois 60602

Dear Attorney Bryan B. Hoffman, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS                SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of: Cook Sworn to and Subscribed before me
this 2nd day of Nov 2022

A. LeFlore
Notary Public State of Illinois
My Commission expires
05/12/2023

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023


EXHIBIT
A-3

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Jamie Lane
150 Michigan Avenue Suite 3300
Chicago Illinois 60601

Dear Attorney Jamie Lane, On or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS             SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

Cook
2nd        Nov 2021

Mary A. LeFlore

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023


EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Emily Schroeder
150 Michigan Avenue Suite 3300
Chicago Illinois 60601

Dear Attorney Emily Schroeder On or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of: Cook
Sworn to and Subscribed before me
this 2nd day of Nov. 2021
by _____

Notary Public State of Illinois
My Commission Expires

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023


EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Skokie Motor Sale Inc.
7601 Skokie BLVD, Skokie IL, 60077

Dear Skokie Motor Sales Inc, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS          SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

State of Illinois
County of Cook

2nd          Nov 2021

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

05/12/2023

EXHIBIT
A-31

# NOTICE OF DEFAULT

10-31-2021

Effective Date October 31, 2021

RE: NOTICE OF DEFAULT

From:

Elitha Brown 15915 Vines Ave.
Harvey Illinois 60426

TO:

Attorney Kevin M. O' Brian
150 Madison Suite 700
Chicago, Illinois 60602

Dear Attorney Kevin M. O'Brian, on or About September 30, 2021, you received my affidavit of truth by certified mail. My Affidavit required you to rebut/ answers my affidavit of truth point-by-point, in the form of a sworn affidavit within 15 days. You have failed to rebut my affidavit of truth; As a result, an unrebutted affidavit stands as fact in law. This letter is to notify you in writing your 15 days to rebut my affidavit have expired. You are being notified you are in default and further legal actions will be taken.

VERIFICATION
STATE OF ILLINOIS            SS.
COUNTY OF COOK

I, Elitha Brown Pursuant to Title 28. USC Section 1746 (1) and executed "without the United States", I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and informed knowledge.

COOK

2nd    Nov  2023

MARY A. LeFLORE
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires May 12, 2023

EXHIBIT
A-31

Societa República Ea Al Maurikanos Estados.Moorish National Republic.

## The Moorish Divine and National Movement of the World.

*'Northwest Ame^em /Northwest Africa / 'North America / North gate/Turtle island. 'Temple of the 'Moon andSun.*

### Judicial Notice: Fee Schedule.

To all Elected United States Republic Officials and Public Servants of Federal, State, City, and Municipal Governments, Personal and Corporate Entities: Concerning the Constitution and all Statutory and Civil Law Codes of the Land, etc., Know all Men by these presents:

The Authority for Fines (Damages) caused by Crimes of Government Officials (Officers). These Damages were determined by The United States Government for Violations committed by Trustees of the Public: and Registered Agents of State Agencies/Organizations.

| Breach. | PenaltviFinef. | Authnritv. |
|---|---|---|
| Violation of Oath of Office - | $250,000.00 | 18 USC 3571. |
| Denied Proper VVarrant(s) - | $250,000.00 | 18 USC 3571. |
| Denied Right of reasonable Defense Arguments - | $250,000.00 | 18 USC 3571. |
| Denied Defense Evidence(Records) - | $250,000.00 | 18 USC 3571. |
| Denied Right to truth in Evidence - | $250,000.00 | 18 USC 3571. |
| Slaver)' (Forced compliance to Contracts not held) - | $250,000.00 | 18 USC 3571. |
| Denied Provisions in the Constitution - | $250,000.00 | 18 USC 3571 |
| Treason (Combined with above actions) - | $250,000.00 | 18 USC 3571 |
| Genocide - | $1,000,000.00 | 18 USC 1091. |
| Misprision of Felony - | $500.00 | 18 USC 4. |
| Conspiracy - | $10,000.00 | 18 USC 241. |
| Extortion - | $5,000.00 | 18 USC 872 |
| Mail Threats - | $5,000.00 | 18 USC 876 |
| Fraud - | $10,000.00 | 18 USC 1001. |
| Falsification of Documents - | $10,000.00 | 18 USC 1001. |
| Perjury - | $2,000.00 | 18 USC 1621. |
| Subornation of Perjury - | $2,000.00 | 18 USC 1622. |
| Grand Theft (18 USC 2112) each to determine no. of counts by damage - | $250,000.00 | 18 USC 3571. |
| Racketeering (Criminal) - | $250,000.00 | 18 USC 1963. |
| Racketeering (Civil) - Wages taken $x3 (Sustained Damages total x 3) - | | 18 USC 1964. |

Thirty-seven (37) Constitutional Violations from Count 1; = $9,250,000.00 Damages.

### CAVEAT

All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond, and if required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prima facie evidence and ground to impose a lien upon the official personally to secure their public oath and service of office.

Notice to Principal is notice to Agent, Notice to Agent is notice to Principal

Thank you,

I am:. *Elitha Brown - Bey*

By: Elitha. Brown-Bey; natural-Person in-Plena-Vita.Allodial.
Territory: Illinois. Country: Al Moghreb Al-Aska. Domicile: North America.
Mailing: % 15915 Vine Avenue ; Rural free deliver)'.
Harvey, Illinois (Republic); United States of America (Republic).





# DECLARATION OF PUBLIC MINISTER

*To* All Elected United States Republic Officials and Public Servants of Federal, State,

## City, and Municipal Governments, Personnel and Corporate Entities Presents:

The Affiant, *Elitha Brown-Bey* does herewith declare and affirm that, under penalty of perjury under United Nations International Laws, that, *Elitha Brown-Bey*, executes this Affidavit with sincere Intent, that, *Elitha Brown-Bey* can competently state the matters set forth herein, that the contents are true, correct complete, and certain, and not misleading in accordance with the best of my belief knowledge and understanding.

I, *Elitha Brown-Bey,* declare that I am a free and living man of the soil of this land of the ancient mound builders, known by its' indigenous name, Kingdom of The Power, Under the Absolute Law's of the Living Father, Moorish Nation of Muurs/Moors.

I, *Elitha Brown-Bey,* **declare** that I am a Public Minister of a foreign state in relation to the United States pursuant to *Title 28 USC 1603(b)* and I am a representative of my judicial jurisdiction to a judicial jurisdiction of a foreign authority.

I, *Elitha Brown-Bey,* declare that my power and duty as a Public Minister rest upon the **Law of Nations** as well as upon **Treaties**, and my primary duty is the protection of the interests of fellowman/woman or countrymen. My authority as a Public Minister to protect the estates, property rights, as well as the personal rights of my fellowman irrespective of if I have been accorded the right to represent them in tribunal by provision of treaty or otherwise, is acknowledged by all civilized nations as inherent in the office of Public Minister under the accepted principles of International Law.

I, *Elitha Brown-Bey,* declare that even in the absence of specific authorization to act as the personal agent of my fellowman, and in the absence of a treaty, as a Public Minister under the principles of International Law, I have the authority and the responsibility to represent my countrymen in the tribunals of the state. As a Public Minister, I am authorized to assert claims on behalf of my fellowman, even where the claimants are unknown.

I, *Elitha Brown-Bey,* declare that I am a Public Minister of a foreign state in relation to the United States, therefore tribunals have no jurisdiction over me pursuant to *Title 28 USC 1603(b), the Vienna Convention on Diplomatic Relations of April 18, 1961 and The Hague Convention of de October 5, 1961.* I am immune from the jurisdiction of the Courts of the United States and of the States. Immunity is recognized as the **Public Law 94-583, 21 October 1976 Statute 2891** codified in Title 28 USC § **1602 ET seq; and Public Law 1790, 1 Statute at L. 117, Chapter 9** codified in 22 USC § 252.

It is provided that whenever any writ or process issued out or prosecuted by a person in any tribunal of the United States or of a state or by a judge or justice whereby the person of any Public Minister of a foreign jurisdiction, or any domestic or domestic servant of any such minister Is arrested or imprisoned or his goods or chattels are detained, seized, or attached, such writ or process shall be deemed void. I, *Elitha Brown-Bey,* declare that whoever violates the immunity of a foreign state may be criminally sanctioned in accordance with **Public Law 92-539 and Public Law 94-467.** It is also provided that whenever a writ or process issued out in violation of the above prohibition, every person by who the same is obtained or prosecuted, whether as a party or as an attorney or as solicitor, and every officer served in executing it, shall be deemed a violator of the laws of nations and as a disturber of the public repose, and shall be subject to the penalty provided by law. **Reference Public Law 1948, Chapter 645.62 Statute 688 codified in 18 USC § 112, and Public Law 1871, Chapter 1871, Chapter 22 § 6, 17 Statute 15; codified In USC 42 § 1986.**

I, *Elitha Brown-Bey,* declare that as a Public Minister I am neutral in intinere status while temporarily domiciled within the United States and the several states effectively invoking the protections of International Law as against the war powers administered by the United States Department of State.

1



## Noble Autochthonous Status

We the Moors are the Nobles of North, South and Central America and Adjoining Islands by hereditary Birthrights. Ali, El, Dey, Bey, Al (The Five Civilized Tribes) are Moorish **Noble Titles** to the land and possess the only lawful title to the land. We are a Divine Body mentioned as We the People; we possess Supreme Political Authority, We have all benefits and rights to the land we stand on in accord with the Law of Nature which cannot be bought or sold, and it is only gained through heredity, birth-line and pedigree.

This Declaration Certifies that sui juris, is a born-free human male, a mortal man with sentient and moral existence, being a Natural-born Aboriginal, Autochthonous Indigenous Moor American by Birthright and by law, and do claim all absolute, Un-a-lien-able, Fundamental Rights, privileges, Immunities and Protections, as guaranteed, protected and secured by the original parent compact (organic), **The Constitution for the United States of America (1787), as amended (1791) by the Bill of Rights, Articles I through X, "The Declaration of Human Rights", § 1 through 32.**

Further, it is Certified herein that pursuant to the **Foreign Sovereign Immunities Act of October 21st, 1976 [H.H. 11315] Public Law 94-583, 94th Congress, 90 Statutes at Large §1, R.S. 1999, Title 8 U.S.C.A. 1481** is still in force and effect today.

See:

**Briehl v. Dulles, 248 F.2d 561, 568 @ N. 21,** among others. Further, the Indigenous American is Non-Incorporated, statutorily Incapacitated, Statute Immune, Tax Immune, Tax Exempt, EXEMPT from LEVY and claims Diplomatic Immunity and Sovereign Immunity, 'ab initio' from **Day 13th, August 1958 M.E.**, 'ad infinitum'.

This Indigenous status is foreign to and not subject to/by the status of "Statute Staples", "Chattel Property", "Citizen", "Resident", "Subject", "Person", "Whoever", "Taxpayer", and/or any other titles under Statutes, Rules, Regulations, Policies, common usages of the corporate United States, the corporate United States of America, the Corporate State of NORTH CAROLINA and/or any other corporate Governmental body whatsoever, Without A Valid Contract.

Furthermore, this Autochthonous Choctaw Moor makes explicit reservation of All Rights pursuant to Uniform Commercial Code (UCC) § 1-207, (UCC) 1-308, (UCC) § 1-103, without the United States as defined in State or Federal Statutes.

### FORMAL SUI JURIS OATH
### OF RENUNCIATION

I, *Elitha Brown-Bey*, sui juris, Al Moroccan Moor, having firsthand knowledge of the Facts as the Facts have been made known to me, hereby and herein freely RENOUNCE all allegiance to the Foreign Venue and Jurisdiction of and within the United States (Washington, D.C.). I do freely give of this Formal Renunciation, being of sound mind, and having with me the Power of the God (the Original Man), by (ALLAH) GOD ALMIGHTY to make of my own volition this Oath by Formal Declaration.

**In accord with the provisions set forth in Title 8 U.S.C.A. 1481, This Autochthonous Moor DECLARES that all OFFICERS, AGENTS, EMPLOYEES, ACTORS, or otherwise OFFICIALS of the United States, those being bound to obey the laws and Statutes proscribed therein, are BOUND to take NOTICE of this FORMAL OATH OF RENUNCIATION. As well, the ACTORS, AGENTS, OFFICERS, EMPLOYEES, and/or other OFFICIALS of the United States Government, bound by the Laws, Statutes, Acts, and Provisions of the same Constitution that require the entities to uphold that Constitution Shall Not Infringe Upon, Ignore, Disregard, or otherwise find of no substance and/or standing, this Formal Oath of Renunciation by Declaration.**

Pursuant to **Title 8 of the United States Code Services**, and the laws as they have been enumerated in the HOLY Texts, I sui juris, do DECLARE that no man can infringe upon this Unalienable Right to renounce allegiance to any Foreign Government, Tyrannical Power, King, Foreign Nation, or other Alien Dominion.

I, *Elitha Brown-Bey*, sui juris, being a born a free man upon the soil of the Americans Do Not intend to abrogate Any Immunity or Personal Right and No Thing herein shall be construed to do so. These Personal Rights are by and from (ALLAH) GOD ALMIGHTY and any infringement upon these Rights of this Aboriginal Choctaw Moor, sui juris, shall be deemed a blatant disregard of those Entitled Rights to Life, Liberty, and harm from Life or Limb.

2

I, *Elitha Brown-Bey*, sui juris, herein, and here-from, DECLARE that being a free man of (ALLAH) GOD, am not, nor will, not give the Body, Mind, Spirit, nor Soul, to any Nation as defined by Government, or body politic. This Sovereign Man DECLARES that no Law other than those that are for the Peace and dignity of Self Preservation, Freedom, and the Rights to Liberty shall govern this Antochthon.

I, *Elitha Brown-Bey*, sui juris, do DECLARE that the Laws of the Common man, being of the Common Law, shall govern me, and those Laws that are equitable and of good faith shall govern me, and I do not recognize any other form of Politic other than that of the Republic which is for the people, and by the people, those being Indigenous, not Citizens of a Foreign Government (WASHINGTON, D.C.).

## NOTICE

**LET NO THING IN THIS FORMAL OATH OF RENUNCIATION BE CONSTRUED AS TO BE AN ACT OF EXPATRIATION OR RENUNCIATION OF AMERICAN NATIONALITY. THIS OATH IS FOR THE EXPLICIT PURPOSE OF RENUNCING UNITED STATES CITIZENSHIP (THAT JURISDICTION OF/AND WITHIN STATE OF ILLINOIS) OR WHEREVER DOMICILED.**

I, *Elitha Brown-Bey*, the Undersigned Secured Party/Creditor, do aver that the above mentioned is the Truth and Facts according to the Law, and is, to the best of my knowledge and Belief, True, Correct, Certain and not to Mislead. This Declaration and Certificate is made under the Pains and Penalties of Perjury according to the Laws of ALMIGHTY GOD (ALLAH), The United States of America Republic and the Illinois and Minnesota State Republic or where domiciled.

EXECUTED AND SIGNED by Me this _____ Day of _____ '2022 A.D. in the County of _____

**State of Illinois**

By: _____

**Elitha Brown-Bey**, Indigenous Choctaw Moor American National

Autochthonous / Free-Man / Al Moroccan-Moor

Secured Party / Creditor

Holder-In-Due-Course

Executor

Beneficial Owner

### JURAT

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and Year last above Written.

_____

**Notary Public of Illinois**

**My Commission expires:** _____

Official Seal
Crystal Collins
Notary Public State of Illinois
My Commission Expires 6/17/2025

3

 

**Autochthonous Choctaw Moor**

POLITICAL STATUS: Classified- Truth A-1 Freehold by Inheritance
**Library of Congress Diplomatic Immunity Registration No. AA222141**

### TRAVEL BRIEF IN SUPPORT OF ACCESS TO INTERNATIONAL JURISDICTION AND EXTRATERRITORIALITY

THE CONSTITUTION.... for the United States of America, Amendment IX

"The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."

THE CONSTITUTION.... for the United States of America, Amendment X

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

A **CHOCTAW MOOR AL MOROCCAN(AMERICAN) NATIONAL**.... having made proof of my status At Law by way of my Declaration of Nationality, as well as Sui Juris Indigenous Moor/Private Aboriginal/Autochthonous. The Supreme Court's construction and application of Property Clause [Article IV, section 3, clause 2] of the Federal Constitution, confers upon Congress the power to dispose of, and make rules and regulations as to, property belonging to the United States **[49 L. Ed 1239, see 63-C Am Jur 2d. Public Land at section 40]**.

"No public policy of a state can be allowed to override the positive guarantee of the U.S. Constitution" **[Article IV, section 4; See 16 Am Jur 2d. Constitution Law, at section 70]**.

By: _____

**AUTHORIZED Autograph:  Public Minister- Elitha Brown-Bey**
WITNESS THE THUMBPRINT AND SEAL

### ACKNOWLEDGEMENT

Official Seal
Crystal Collins
Notary Public State of Illinois
My Commission Expires 6/17/2025

**Illinois  Republic**
**Cook County**

This instrument was acknowledged before me on this ___ day of _____, A.D. Two Thousand Twenty-Two, by _____. On the day noted above the individual named herein appeared In Propria Persona ["sui juris" and "alieni juria"] before me, a Notary Public of the above State, and demonstrated satisfactory evidence to be the individual whose signature is subscribed hereon.  The said individual solemnly affirmed under oath that he has firsthand Knowledge of the facts contained herein and that the facts are true, correct and complete to the best of his knowledge, understanding and belief.

4

VERIFICATION UPON OATH OF AFFIRMATION
JURAT DECLARATION

*Private Aborigine, Sui Juris Indigenous Moor*

*The Nationality Act of 1940*

I, *Elitha Brown-Bey*
Private, Sui Juris, Indigenous Choctaw Moor,
Diplomatic Immunity Registration No. AA222141
UCC I-207, UCC I-308, UCC I-103.6; 28 CFR 16.41(d); 28 USC 1746(1)

Illinois Republic
Cook County

The above affiant, *Elitha Brown-Bey* appeared before me a Notary in his true character and affixed his signature to the above document and affirmed under oath this ____ day of _____ month, 2022.

The jurisdiction I Am exercising is the "International Jurisdiction," which is "Internal" and "Private," meaning that it is inside the Body and on the Soil. Therefore, I Am a Private Citizen of the Continental United States of America, and Not a public citizen of the United States. In the International Jurisdiction, as Holder of Preferred Stock, I Am the Allodial Land Owner; and therefore, I am the owner of the roadways and highways. In the capacity of National, a Private Autochthon of the Organic Union States in the America's., I may only respond in this manner:

1. **Law Enforcement Officers are to be shown the two documents noted below.**
   A. THE TRAVEL BRIEF:
   B. THE APOSTILLE:

2. **Law Enforcement Officers are to provide the following Documents in exchange for: Driver's License, Registration, Proof of Insurance, or My Name.**
   A. OFFICER'S NAME:
   B. OFFICER'S BOND NUMBER:
   C. NAME & ADDRESS OF BONDING COMPANY:
   D. RISK MANAGEMENT OFFICE NAME & OFFICE ADDRESS:

Please be advised that **I Am NOT a "person"** under the jurisdiction of your agency, which applies only within the territorial jurisdiction of the United States **[Foley Brothers v. Filardo, 336 U.S. 281, 1948]**, which is defined and limited by the Constitution for the United States of America **[Article 1, section 8, clause 17]**. Please take note: **Title 5 of the U.S. Codes, section 556(d):** Jurisdiction Issue.

1. **I am an Aborigine Choctaw Moor of the North Carolina Republic. I DO NOT reside in Corporate State of North Carolina or any Territory, Possession, Instrumentality or Federal Enclave which is under the "Sovereignty of" or "Subject to the Jurisdiction of" the United States.**

2. **I Am NOT a citizen of the United States subject to its Jurisdiction; I Am a natural born flesh and blood Citizen of one of the Organic de jure Fifty Republic States of the Continental United States of America, over which the Sovereignty of the United States does NOT extend.**

Per: The Treaty of Peace and Friendship of 1787 and 1836 which are STILL IN FORCE. If a Moor is detained or jailed, this action would necessitate His immediate release from custody, upon confirmation of his foreign status. Or He may be released on His own "personal recognizance bond." And if the request for this bond is refused or dishonored, then the Moor National will use the dishonor to charge an "Involuntary Bankruptcy" action against all parties responsible for His detention, *pursuant to Administrative Claims under the Federal Tort Claims Act, as amended July 1, 2002 [28 CFR 14.2, pages 253-254].*

Police power must be exercised within Constitutional constraints; and under such constraints, police power cannot impinge upon the People's constitutionally secured rights in "Property" and "Liberty." My private conveyance [passenger vehicle], which is NOT operated for compensation and NOT engaged in commerce, is NOT the property of the STATE. My private conveyance [passenger/motor vehicle] is exempt from the titling, registration and insurance requirements, and is NOT subject to the provisions of the Illinois Vehicle Code, by Right of Avoidance [fraudulent contracts]. There is NO lawful authority to convey the Manufacture's Statement of Origin [MSO] from the "First Seller" to the Illinois Department of Transportation [DOT]. Any Quiet Title action conveying my private conveyance's [passenger/motor vehicle] MSO to the DOT by interlocutory order is unlawful. I hold the receipt, for my private conveyance as the Bona Fide Purchaser and Absolute Owner, in lieu of Proof of Ownership and Vehicle Registration.

5

I, *Elitha Brown-Bey*, a traveler and Non-Driver/Non-Operator, do solemnly declare that I Am a Autochthonous Moor of the Continental United States of America, and may lawfully move or travel upon the roadways and highways going to and from; That I Am the Bone Fide Purchaser, Possessor and Owner of said vehicle; That I have Absolute Dominion over the Non-Commercial and Not-for-Hire vehicle.

## CERTIFICATE OF EXEMPTION ON INDIGENOUS GROUNDS
## DENIAL OF CORPORATE STATUS AND
## NEGATIVE AVERMENT

The vehicle I travel with is NOT owned by the STATE of Illinois or a political subdivision thereof. There exist NO security interest in said vehicle on behalf of the STATE. I, *Elitha Brown-Bey*, maintain controlling security interest in said vehicle, pursuant to **UCC-1 Financing Statement #** _____, as prima facie evidence of my security interest in said vehicle.

The vehicle is NOT required to be registered. And there is NO requirement for a State Certificate of Title. It is NOT required to register a vehicle unless the **STATE of ILLINOIS** has acquired ownership of the vehicle. The STATE of ILLINOIS acquires ownership of the vehicle by the transfer of the security interest at the time of "first sale" or at the time of transfer of the Certificate of Title; and the State's security interest is renewed at the time of annual registration, or re-registration. In other words, if the STATE of ILLINOIS doesn't own the vehicle, that vehicle cannot be registered. If the STATE doesn't own the vehicle, that vehicle is NOT required to be registered. Therefore, the **STATE of ILLINOIS** does NOT possess NOR control the security interest in the vehicle.

In the Nature for a Peace Declaration I, *Elitha Brown-Bey* Am a Living Soul, an Al Moroccan Moor, a Private Human Being, a Creditor and Claimant; I AM NOT a Statutory "person" or Juristic "person." I AM Hsia/Ousia, a living being upon the Land and on the Soil; however, I Am domicile on the overlay of the Republic otherwise known as North Carolina.

Whereas: I, *Elitha Brown-Bey*, do hereby solemnly declare that I: **1.)** A Living Soul, is competent for stating the matters set forth herewith; **2.)** A Living Soul, have personal knowledge about the facts stated herein; and **3.)** Everything stated in this **TRUTH AFFIDAVIT** is the Truth, the whole Truth and nothing but the Truth; and all stated is true, correct, complete and not misleading, for the best of one's knowledge. NO THIRD PARTIES ALLOWED;

Whereas: I, *Elitha Brown-Bey*, Am NOT: a man-made created entity; a corporation; a franchise; a subject of Britain, a British Commonwealth, the British Isles, the United Kingdom or the Holy See; a citizen of England, a citizen of the United States, a 14th Amendment citizen subject to the jurisdiction of the United States, a citizen of America; a resident, citizen or subject of any earthly territory, Kingdom or land;

Whereas: I, *Elitha Brown-Bey*, am: a child of the Creative Force, Elohim, who created everything that is, was, or shall ever be; an heir of the Great Mother, Elohim; and therefore, My Citizenship is on the Soil. While a Sojourner on this earth, I exist on the land commonly known as Illinois Territory, a Republic where the land will forever belong to the people, being established by "We the People." My Mother, Elohim, who created all land and owns all land is Sovereign, and I am Autochthonous to the land of the America's;

Whereas: I, *Elitha Brown-Bey*, am a real-live, flesh and blood, living, breathing soul; proving that I Am Not a Corporate Fiction and that **I DO NOT belong in the Courts of the Corporate Fictions**. The entities named below are corporations and I hereby negatively aver their existence:

**CITY OF CHICAGO, COUNTY OF COOK, STATE OF ILLINOIS, ALL ILLINOIS DISTRICT AND CIRCUIT COURTS, WASHINGTON DC; UNITED STATES FEDERAL CORPORATION, UNITED STATES, U.S., USA; UNITED STATES DISTRICT COURT, and ALL BRITISH BAR ASSOCIATES AND/ATTORNEYS/LAWYERS/COUNSELORS, ESQUIRES/JUDGES.**

Whereas: I, *Elitha Brown-Bey*, Am Not in affirmation; but rather, I DENY the existence for the above CORPORATIONS and FICTIONS, and all departments/branches, divisions/subsidiaries of the above corporations/fictions and all other limited liability fictional entities: Furthermore, I OBJECT [and do not ratify] the use of the ALL CAPITAL NAME. The ALL CAP NAME (**ELITHA SANDRA BROWN©**) is the prima facie evidence that one is doing business with the STATE;

WHEREAS: The FRANCHISE, BIRTH, and /or TRUST CERTIFICATE was created and offered fraudulently and deceitfully, supposedly to aid in the Census, as a means of identification, to document a birth, and for health reason and purposes; the true nature of the BIRTH CERTIFICATE is an unrevealed commercial agreement, an unconscionable adhesion contract with an Agency of the federal corporate United States, the Department of Commerce; the true nature of the DATE OF BIRTH is to execute the birth of the certificate [by signing, filing and recording], not the "natural " person.

**WHEREAS; The BIRTH CERTIFICATE is a TRUST INSTRUMENT** recorded with County Recorder, a subsidiary of the Secretary of State [of the several states], sent to the Bureau of Census, a division of the Department of Commerce [Washington D.C.], placing the name on the **BIRTH CERTIFICATE** in commerce as a legal" person" [e.g. corporate Trust] distinct said separate from the "natural bond citizen," Indigenous Choctaw Moor to this land.

WHEREAS: The Secretary of States [of several states] issues and charters corporations and franchises, that any American citizen with a **BIRTH CERTIFICATE** is liable to the Franchise Tax Board of the State Department of Revenue for income taxes, and the federal corporate United States for its debt obligations to the Federal Reserve bank;

WHEREAS: This TRUST INSTRUMENT has deceived the above "name" into an unrevealed contract attempting to place Myself [and My fellow Al Moroccan(American) Vessels] under the jurisdiction of the federal United States with its tax and regulating authority originating from the Department of Commerce, pursuant to the authority of the Constitution for the United States of America [1789] and under the jurisdiction of the equity, admiralty or maritime jurisdictions of the federal court system; and the Uniform Commercial Code [UCC] of 1969.

**NOW, THEREFORE: Should and man or woman deem that the statements above are not true, please answer by notarized affidavit using their Given Name at Birth and Married Name [if different] for autograph [signature] within ten [10] days, for the notary address.**

**Unrebutted after thirty [30] days from the date of county recording, this affidavit stands as fact.**

THAT: I, ***Elitha Brown-Bey***, "To regulate with foreign Nations, and among the several states, and with the Indian Tribes," [See U.S. Constitution, **Article I, section 8, clause 3, Indigenous Choctaw Moors**], have declared and established "sui juris" status about both My "property" and "name." I demand a certified copy with my signed authorization of all documents or contracts being "held-in-due-course," pursuant to UCC 3-305.2, UCC 3-305.52 and UCC 3-505, that create any legal disability to the claimed "sui juris" status and "alieni juris" relating to my "name." My "name" is My property; and for My "name" to enjoy "sui juris" status that "name" must be free of legal disability resulting from a contract or commercial agreement which is being "held-in-due-course" by a fellow citizen or by any agency of the federal, state, county or municipal government.

THAT: I, ***Elitha Brown-Bey***, REVOKE all powers, including, but not limited to, Powers of Attorney and Agency. I hereby DISSOLVE and TERMINATE any franchise connected with the BIRTH CERTIFICATE or TRUST INSTRUMENT. I hereby remove all commercial activity, including, but not limited to, the LIMITED LIABILITY for the payment of debt. I hereby release the Department of Commerce, its agents and Judiciaries, of their obligation to perform any commercial duties or responsibilities toward myself. I am NOT in commerce or involved in any commercial activity with the federal corporate United States government or any subsidiary.

### THIS IS A LAWFUL AND LEGAL NOTICE: CLAIM AND REMEDY

**TO ALL Public Officials, by and through the Secretary of State of Illinois, all letters or communications are to be presented in writing, via Notary Location, signed in red ink under penalty of perjury. This Notice is a Miranda Warning. For The Record, On The Record, Let The Record Show: If, for any reason you do not understand any of these Statements, Warnings, it is incumbent upon you to summons a superior officer or supervisor immediately to explain for you the importance of this Presentment [NOTICE].**

Your failure will leave you in the position of accepting full responsibility for any liabilities I incur, damages and injuries to My Being from your actions, and the actions of any of your fellow officers.

The individual tending this document is an Original Indigenous Choctaw Moor and a Private American Citizen of Posterity, a Secured Party and Holder-in-due-Course, a Sovereign and Private "State" in fact [not a 14th Amendment citizen of, nor a subject of, nor owing allegiance to, the federal United States; nor any of the de facto Corporate State contracting thereto]. Therefore, I carry within myself the original and exclusive peculiar jurisdiction and venue under Our One Supreme Court, the Real Law and Common Law. This matter is Public Record filed with the Secretary of State for the State of North Carolina, and may be recorded upon the records and books of the **Register of Deeds in Cook County Illinois Record No. 10105905**, and published as a Public Notice in said county's Paper of Record.

This Document will become an evidentiary document in any court action undertaken by Myself because of any liabilities I incur, injuries and/or damages that befall Myself, from actions on your part and the part of any officers involved herein; or any public officer that may violate any of My Inalienable Rights [at NO time have I waived said Rights] in any future action. Remember, you have taken a solemn and binding Oath to protect and defend the federal Constitution and the Constitution for the Illinois Republic [via the State of North Carolina]. A violation of this Oath is Treason! If you move against myself in defiance of this Presentment [NOTICE], there will be NO IMMUNITY from prosecution.

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPLE AND**
**NOTICE TO PRINCIPLE IS NOTICE TO THE AGENT.**

I, *Elitha Brown-Bey*, Nunc Pro Tunc Being of Husia/Ousia and Elohim ["The Creative Force of Will"], Am the Principle; and you are the Agent! Fail not your Oath, lest you will be called to answer before the Highest Court of International Law. The terms and conditions of this Instrument/Presentment [NOTICE] puts liability with you and those acting in concert with you, jointly and severally with the corporations involved with you. An unauthorized-use of My Name in all Capital Letters and/or in Upper and Lower-Case Lettering will be taken as a violation of My Privacy Rights and/or common-law copyrighted property rights. The penalty for said unauthorized-use is set forth as follows: Principal Amount set at $500,000.00 per use.

**VERIFICATION UPON OATH OF AFFIRMATION**
**JURAT DECLARATION**

Private Sui Juris Indigenous Choctaw Moor
The Nationality Act of 1940
54 Stat 1137, Section 101(a) and 8 U.S.C. Section 1101(21)
All RIGHTS RESERVED, U.C.C. 1-207, U.C.C. 1-308, U.C.C. 1-103.6
In accordance with 28 C.F.R. 16.41(d) and 28 U.S.C.1746 (1)

Secured Party/Creditor and Holder in due Course
U.C.C.-1 Financing Statement #
EXEMPT FROM LEVY HJR 192, U.C.C. 1-104; 3-104;
10-104 [via 31 U.S.C. 463(b) and PL 73-10];
31 U.S.C. 5118, through 22 U.S.C. 2281

By: *Elitha Brown*

The use of a Notary Public does not grant any jurisdiction
And is used for identification purposely only.

ILLINOIS REPUBLIC
Cook County

The above affiant, *Elitha Brown-Bey*, (otherwise **ELITHA SANDRA BROWN©**) appeared before me a Notary in his true character and affixed his signature to the above document and affirmed under oath this ___ day of ___ month.

Notary Public _____

Commission _____

Official Seal
Crystal Collins
Notary Public State of Illinois
My Commission Expires 6/17/2025

8

 

POLITICAL STATUS CLASSIFIED A-1 TRUTH FREEHOLD BY INHERITANCE
**LIBRARY OF CONGRESS DIPLOMATIC IMMUNITY REGISTRATION NO. AA222141**

**DECLARATION OF INTENT AND CONSTRUCTIVE NOTICE
OF EXPATRIATIONN FROM THE DE FACTO CORPORATE
U.S. GOVERNMENT AND REPATRIATION INTO THE DE JURE
ORGANIC UNITED STATES OF AMERICA REPUBLIC**

Status: AUTOCHTHONOUS, Truth A-1 Freehold
**By Inheritance AA222141**

**To All Who's Presence I May Come:**
I.S.L.A.M.

I, **_Elitha Brown-Bey_**, do state and declare my intent to expatriate from the United States. United States as used in this document means the corporate United States, Washington D.C., The District of Columbia, or U.S. government Incorporated as a for profit commercial enterprise in the Legislative act of February 21, 1871, forty-first Congress, Session III, Chapter 62, page 419. I know and believe, that I, **_Elitha Brown-Bey_** am not and was never a citizen of the United States because **1.)** I could never be **Dred Scott vs. Sanford 1857 U.S. Supreme Court "No person of African descent could ever be a citizen of the United States." 2.)** I never intended to be. I never knowingly or willingly entered into any contract or obligation with the United States, any of its principals, agents, or assigns. I have never knowingly and willingly waived any of my rights of birth endowed to me by the Creator. To waive any of my God given rights would be in direct conflict with my spiritual and religious beliefs. To waive any of my God given rights would be an unconscionable agreement on my part. Unconscionable Agreement- an agreement that no promissory with any sense, and not under a delusion, would make, and that no honest and fair promisee would accept.

Black's Law Dictionary Abridged 7th Edition. Even knowing that I am not and was never a citizen of the United States, I still find the urgent need to kill any assumption that I am a United States citizen by renouncing United States citizenship, and declaring, my expatriation from the United States to further prevent the violation of my God given unalienable rights by the United States, its principals, agents, and assigns. **Expatriation Act 1868, "the right to expatriation is a natural and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness,"** "any declaration, instruction, opinion order, or decision, of any officers, of this government which denies, restricts, impairs, or questions, the right of expatriation, is hereby declared inconsistent with the fundamental principals of government _15 Stat. 223-224 (1868) R.S. section 1999, 8 U.S.C. Section 800 (19_40).

**I give my lawful NOTICE to the world that it is my intent to expatriate from the United States.**

I, **_Elitha Brown-Bey_**, announce my claim of my birthrights an Indigenous Moor, and declare my repatriation into America formerly known as Amexem, Al Moroc, and the Al Moroccan Empire, which existed before the United States and is separate and foreign to the United States. The Holy Koran of the M.S.T. of A. "Let my yea be yea and my nay be nay." **United States (Federal Government) foreign to the several states: reference Federal Civil Judicial Procedure, 1996 Edition, West Publishing, St. Paul, Minnesota, Title 28 U.S.C.A., Section 3002, Definitions (15), Page 1073, and IN re Merriam, N.E. 505, 141 N.Y. 479, affirmed 16 S. Ct. 1073, 161, 411, Ed. 287.**

**The use of a Notary Public is for Verification Purposes Only**
**I give my lawful NOTICE to the world of my claim to my divine birthright as a Choctaw Moor.**

I Elitha Brown-Bey,
M.S. _Elitha Brown-Bey_ AA222141 Indigenous free, Autochthonous and private Great
Seal Moor*

In Propria Persona, Sui Juris (not Pro Se or colorable), The United States Code of Laws of a General and
Permanent Character, In Force Title 22, Chapter 2, Section 141. Droit.
**Choctaw Moors:** The Indigenous Peoples of North, South, and Central, Al Morocs (Americans) including
the adjoining islands.

> Official Seal
> Crystal Collins
> Notary Public State of Illinois
> My Commission Expires 6/17/2025

By special appearance before me on _____, 2022 Ccy, 1434 MC, The Divine Being

**Elitha Brown-Bey,**

## AFFIDAVIT ATTESTING
### AUTOCHTHONOUS CHOCTAW MOOR STATUS
### AND SWORN DENIAL OF U.S. CITIZENSHIP

I, *Elitha Brown-Bey*, am competent to handle my own affairs, over the age of 21 and do solemnly make this affidavit
with sound mind and voluntary actions.

I, *Elitha Brown-Bey*, do solemnly swear under the pains and penalties of perjury that I am a Moor American National
and that I have always been a Moorish American Citizen.

I, *Elitha Brown-Bey*, do solemnly swear under the pains and penalties of perjury that I am not and have never been
a Citizen of the UNITED STATES.

I, *Elitha Brown-Bey*, do solemnly swear under the pains and penalties of perjury that I am not and have never been
a Citizen of the DISTRICT OF COLUMBIA or any other Federal Territory.

I, *Elitha Brown-Bey*, do solemnly swear under the pains and penalties of perjury that I am an indigenous,
autonomous moor, inhabitant of the United States of America, Republic of Illinois.

The Statements made by the herein principal are the truth, the whole truth and nothing but the truth. Any objections to
the statements made within this affidavit should be made within 10 business days to the address listed below or forever
hold your peace.

Address to Respond:

**Elitha Brown-Bey**
c/o _13415 Emerald_
_Harvey, IL 60426_
**Non-Domestic Moor Embassy**
**Turtle-Island/Atlan/Muu-La Land/Amexem**
**Latitude 38° 52' 37' Longitude 76° 52' 82.7"**
**Near Harvey, Illinois Territory Republic**
**[Zip Exempt] Non- Federal**

M.S. _Elitha Brown_
Indigenous Choctaw Moor American

### TRUTH AFFIDAVIT
### In the Nature for a Peace Declaration

I, *Elitha Brown-Bey*, Agent **ELITHA SANDRA BROWN©**, being of sound mind, over the age of 21 years, have first hand knowledge of the facts stated herein as a Peace Affidavit. I will tell the truth, the whole truth and nothing but the truth under the pains and penalties of perjury. I was born on the land of Illinois, a Republic, known by the Ancient name Baraka, I am not a created entity, a corporation, a British subject, a subject of the British Isles, a citizen of England, a subject of the United Kingdom, a British commonwealth subject, a citizen of the UNITED STATES, a 14th Amendment citizen subject to the jurisdiction of the United States, a resident, citizen or subject of any territory, a citizen of America nor a resident of any land.

I, *Elitha Brown-Bey*, am a child of the Creator, Elohim; and therefore, my citizenship is everywhere. While a sojourner on this earth, I am an inhabitant of the land commonly known as Illinois, a Republic. My Father, ALLAH, who created all land and owns all is Sovereign, and I am Autochthonous to the land.

*Elitha Brown-Bey*, hereby declare a **Peace Treaty** with the UNITED STATES regarding their Declaration of War from 1861 to 1865, which was a war of violence, arms and literal killing of men and women and the subsequent enslavement of the people. This war converted the Sovereign states into UNITED STATES Territories via the 14th Amendment to the UNITED STATES Constitution. I am a natural born soul on the land Illinois, a republic or an inhabitant of the land Illinois, a republic where the land will forever belong to the people.

I, *Elitha Brown-Bey*, am declaring peace with the UNITED STATES and its territories, the UNITED STATES OF AMERICA, GREAT BRITAIN, THE BRITISH ISLES, the UNITED KINGDOM, ENGLAND and all BRITISH COMMONWEALTHS.

**This Declaration of Peace is nunc pro tunc as of the end of the South's acceptance of surrender of 1864. I have never been at war with anyone or any nation and I am at peace with all men, all governments, all kings and queens and anyone who would profess to be my enemy. My Father owns this universe and He has declared peace with all mankind through His son/daughter.**

I, *Elitha Brown-Bey*, hereby declare a **Peace Treaty** with the UNITED STATES regarding concerning **Franklin Delano Roosevelt's Declaration of War on the American People under the trading with the Enemy Act of March 9, 1933**, which is war of commerce, contracts, economics and the labor of the American People. People are created by the Creator as the Original Asiatic Woman of the planet, living souls with inherent rights to life, liberty, property and happiness. The State of ILLINOIS/UNITED STATES corporations then re-created the people as corporate fictions with the institution of birth certificates. The Birth Certificate created for **ELITHA SANDRA BROWN©** (any derivative thereof) is by this Peace Treaty declared null and void nunc pro tunc. Any license created through said birth certificate to enslave the living soul as a fiction: **ELITHA SANDRA BROWN©** is by this Peace Treaty declared null and void pro tunc. From this day forward, I, *Elitha Brown-Bey*, will live at peace with the UNITED STATES and its territories, the UNITED STATES OF AMERICA, GREAT BRITAIN, THE BRITISH ISLES, the UNITED KINGDOM, ENGLAND and all BRITISH COMMONWEALTHS. This Declaration of Peace is nunc pro tunc to March 5, 1836.

Peace, Peace, Peace be unto all men and women in this world. Self-defense is a right given by the Creator to all his creatures including mankind, but as much as I can, I will live at peace with all men and women.

This Peace Treaty was prepared by and unrebutted within thirty (30) days is nunc pro tunc to March 5, 1836.
Treaty of Peace and Friendship between the Emperor of Morocco and the United States of 1787 and resigned 1836.

**ELITHA SANDRA BROWN©, GRANTOR**

By *Elitha Brown-Bey*, Attorney in Fact, Sui Juris

|¦

 

## POLITICAL STATUS: CLASSIFIED-TRUTH A-1 FREEHOLD BY INHERITANCE

### MOORISH DIVINE AND NATIONAL MOVEMENT OF NORTH AMERICA

### *CHOCTAW MOOR NATION*

## DECLARATION OF NOBILITY & DIPLOMATIC STATUS

FOR THE INDIGENOUS MOORISH AMERICAN NATIONALS OF THE CONTINENTAL UNITED STATES OF AMERICA REPUBLIC AND THE ADJOINING ISLANDS

**Time / Day Moorish Calendar Year 1434**

KNOW ALL MEN AND WOMEN BY THESE PRESENTS, THAT I, *Elitha Brown-Bey*, A FLESH AND BLOOD NATURAL SPIRITUAL MAN AND DULY AFFIRM STANDING SQUARELY UPON OUR PRINCIPLES OF LOVE, TRUTH, PEACE, FREEDOM AND JUSTICE DEPOSES AND SAYS:

May the Peace and Blessing of Allah Be upon He/She Who Reads This document. I am a Autochthonous Choctaw Moor American National of Al Moroc (America) bound to the continent by birthrights and inheritance Anciently known as Northwest Amexem (North Gate) which is the land of our Ancient Forefathers the Moroccans and we have a historical continuation here over 50,000 years as the Aboriginal and Indigenous Peoples by (Freehold) by (Allodial Title) of this land and are the Sovereign Lords here and rightful Land Barons who bear the Noble titles El, Bey, Dey, Al, and Ali; these are our ancestral names and we answer to no others.

I, *Elitha Brown-Bey*, am an official of our *Moorish Government M.D.N.M.* and act under the capacity of our Provincial Regencies styled Moorish Divine and National Movement as Consul, Foreign Minister, Ambassador, Public Minister, and Plenipotentiary etc., the usage we chose is Sheik/Sheikess and anyone bearing this title is a government official and is protected by the Law of Nations and Rights of Indigenous Peoples (part I & II 1994) as well as the Universal Declaration of Human Rights (1948) / Declaration of the Rights of a Child 1959/ Vienna Convention. Any disputes are of a treaty nature and should be referred to the Moroccan Treaty of Peace and Friendship 1787 (1836) still in force, A Moor in American (Moorish Al Moroccan) is a descendant of Moroccans born in America (which is decoded as Morocco) and our ancestors are the signing parties to the treaty. It is the accountability of each Provincial Regency to Nationalize the Moors who are Reclaiming/Proclaiming their nationality as well as Facilitate the necessary institutions to continue our Legacy to our posterity including culture, religion, education, information, media, health, housing, employment, social welfare, economic affairs, land and resource management etc.

We as Aboriginal and Indigenous Peoples as a specific form of exercising our rights to self-determination, have the right to autonomy or self-government in matters relating to our internal and local affairs. We bear a definite territory and permanent population, flag and a fixed government, thus we are culturally identifiable, ethnically identifiable and our historical continuation is over 50,000 years. **(See: Chicago, Illinois Rahm Emanuel signed Proclamation on Moorish American Week).**

The before mentioned is a foreign neutral or Neutral in Intinere including family and friends and are opposed to war in any form, Public Ministers are entitled to all the immunities of the state for whom they act as recognized by the Law of Nations. In the Provincial Regency/Mission/Embassy the Grand Sheik is the highest Authority and will Delegate whom he/she sees fit to operate in the capacity of Diplomatic Status and represent the Moorish Government here and abroad, **(See Articles of the Vienna Convention).**

We as an autonomous Nation of Aboriginal Indigenous Peoples have been Labeled and marked by many Misnomers: Indians, Black, Negro, Colored, African-American, Spanish, Latino, Puerto Rican, and other Artificial Persons which are all misnomers though we are referred By tribal names by the Europeans such as Olmecs (El Maliks) Delaware, Washitaw, Nanticoke, Leni, Lenape, Iroquois, Yamasee, Seminole, **Choctaw**, Cherokee, Chickasaw, Tunica, Shawnees, Onandaga, Seneca, Mohawk, Cayuga, Oneida, Adodarhoh, Blackfoot, Alibama, Nez Perce, Natchez, Osage, Creeks etc. These are some of the many names we are none by and called yet we **are all Moors of Al Moroc Anciently called Amexem or the North Gate Egypt of the West, Atlantis etc.**

## NOTICE

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction, a benefit for the Pagans and Heathens so they whom I pray may become knowledgeable in the truth for the Law by our Holy Father in Heaven and repent, so they will no longer be alienated from their true God. Yahweh/Allah.

### JURAT

State of Illinois

　　　　　　ss:

County of COOK

Subscribed and affirmed before me this _25_ day of the month of _Nov_ in the Year of our Lord and savior, Two Thousand and Tweenty-Two A.D.

By: _Bey Call_

**Notary Public of Illinois**

**My Commission Expires:** _Dec 17, 2025_

WITNESS my hand and official seal:

```
Official Seal
Crystal Collins
Notary Public State of Illinois
My Commission Expires 6/17/2025
```

COOK COUNTY RECORDER of DEEDS for LANDS, File Number: 10105905







**AUTO DEALER DECLARATIONS**

**HARCO NATIONAL INSURANCE COMPANY**

1701 GOLF ROAD, SUITE 1-600, ROLLING MEADOWS, IL 60008

(800) 822-4429  /  Facsimile 847-321-4810

Policy Number
**CPP0006720 00**
Renewal of Number
NEW



EXHIBIT
A-33

**ITEM ONE**

| Named Insured and Mailing Address | Agent Name and Address |
|---|---|
| SKOKIE MOTOR SALES INC<br>7601 N SKOKIE BLVD<br>SKOKIE IL 60077 | JOSEPH BROWN<br>5000 DEARBORN CIRCLE<br>SUITE 200<br>MT. LAUREL NJ 08054 |
| | Agent No.    000125K207 |

| Policy Period | From: | 07-01-2016 | To: | 07-01-2017 |
|---|---|---|---|---|

**at 12:01 A.M. Standard Time at your mailing address shown above**

---

**ITEM TWO — SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge and limit, if applicable, are shown in the columns below. Each of the "auto"-related coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for the applicable coverages by the entry of one or more of the symbols from Section I – Covered Autos Coverages of the Auto Dealers Coverage Form next to the name of the "auto"-related coverage.

| COVERAGES | COVERED AUTOS | LIMIT | | PREMIUM |
|---|---|---|---|---|
| COVERED AUTOS LIABILITY | 21 | $ 1,000,000 | EACH ACCIDENT | |
| GENERAL LIABILITY BODILY INJURY AND PROPERTY DAMAGE LIABILITY | | $ 1,000,000 | EACH ACCIDENT | |
| DAMAGES TO PREMISES RENTED TO YOU | | $ 100,000 | ANY ONE PREMISES | |
| PERSONAL AND ADVERTISING INJURY LIABILITY | | $ 1,000,000 | ANY ONE PERSON OR ORGANIZATION | AS BILLED |
| | | N/A | GENERAL LIABILITY AGGREGATE | |
| | | N/A | PRODUCTS AND WORK YOU PERFORMED AGGREGATE | |
| LOCATIONS AND OPERATIONS MEDICAL PAYMENTS | | $ 5,000 | ANY ONE PERSON | AS BILLED |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS DEDUCTIBLE | | |
| ADDED PERSONAL INJURY PROTECTION. (or equivalent added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | |
| PROPERTY PROTECTION INS PPI (MICHIGAN ONLY) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE. ENDORSEMENT MINUS DEDUCTIBLE FOR EACH ACCIDENT | | |
| AUTO MEDICAL PAYMENTS | 22 | $ 5,000 EACH INSURED<br>See Item Seven for covered Autos Insured On A Specified Car Basis | | AS BILLED |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia only) | | SEPARATELY STATED IN THE MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENTS | | |
| UNINSURED MOTORISTS | 26 | $ 50,000 | | AS BILLED |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | 30 | | | AS BILLED |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | | Separately stated for each location in Item Five | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | | | AS BILLED |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS † | DEDUCTIBLE FOR EACH COVERED AUTO, BUT NO DED. APPLIES TO LOSS CAUSED BY FIRE OR LIGHTENING.† | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY MISCHIEF OR VANDALISM.† | |
| PHYSICAL DAMAGE COLLISION COVERAGE | | | DEDUCTIBLE FOR EACH COVERED AUTO.† | |
| ACTS, ERRORS OR OMMISSIONS LIABILITY | | $ 500,000<br>$ 500,000<br>$ 2,500 | Aggregate<br>Per Claim<br>Deductible | AS BILLED |

| † See ITEM SIX for dealers "autos". | | MVLEF (NY) TAX/SURCHARGE | |
|---|---|---|---|
| Premium shown is payable at inception: | AS BILLED | PREMIUM FOR ENDORSEMENTS | AS BILLED |
| Audit Period (If Applicable):  [X] Annually   [ ] Semi-annually   [ ] Quarterly   [ ] Monthly | | ESTIMATED TOTAL* | AS BILLED |

*This policy may be subject to final audit.

80-0047 (04/14)

Insured Copy

DRESRTP000022

*This policy is subject to final audit.

# ACORD™ AUTOMOBILE LOSS NOTICE

**DATE** 01/19/2017

| PRODUCER | PHONE (A/C, No, Ext): | | COMPANY | NAIC CODE: | | MISCELLANEOUS INFO (Site & location code) | |
|---|---|---|---|---|---|---|---|
| | | | Harco National Insurance Company | | | | |

| | | POLICY NUMBER CPP 6720 00 | | REFERENCE NUMBER 134597 | CAT# |
|---|---|---|---|---|---|

| CODE: | SUB CODE: | EFFECTIVE DATE 07/01/2016 | EXPIRATION DATE 07/01/2017 | DATE OF ACCIDENT AND TIME 01/19/2017 | ☐ AM ☐ PM | PREVIOUSLY REPORTED ☐ YES ☐ NO |
|---|---|---|---|---|---|---|
| AGENCY CUSTOMER ID: | | | | | | |

## INSURED

| | CONTACT | ☐ CONTACT INSURED | |
|---|---|---|---|

| NAME AND ADDRESS | SOC SEC #: | NAME AND ADDRESS Service Mngr- Thomas | WHERE TO CONTACT |
|---|---|---|---|
| SKOKIE MOTOR SALES INC GM-<br>7601 N SKOKIE BLVD<br>SKOKIE IL 60077 | | Melissa melissas@shermandodge.com<br>melissa@shermandodge.com<br>Serivce Director assist. | |

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) (847) 982-9500 | WHEN TO CONTACT |
|---|---|---|---|---|

## LOSS

| LOCATION OF ACCIDENT (include city & state) | Dan Ryan Expressway Chicago IL | AUTHORITY CONTACTED: Hwy Patrol<br>REPORT #: 03-17-00812 | VIOLATIONS/CITATIONS |
|---|---|---|---|

| DESCRIPTION OF ACCIDENT (Use separate sheet, if necessary) | Clmt was n/b in far left and traffic stopped and iv hit cv in rear. |
|---|---|

## POLICY INFORMATION

| BODILY INJURY (Per Person) | BODILY INJURY (Per Accident) | PROPERTY DAMAGE | SINGLE LIMIT 1,000,000 | MEDICAL PAYMENT | OTC DEDUCTIBLE | OTHER COVERAGE & DEDUCTIBLES (UM, no-fault, towing, etc) |
|---|---|---|---|---|---|---|
| LOSS PAYEE | | | | | COLLISION DED $5000 | |

| UMBRELLA/ EXCESS | ☐ UMBRELLA ☐ EXCESS | CARRIER: | | LIMITS: | AGGR | PER CLAIM/OCC | SIR/ DED |
|---|---|---|---|---|---|---|---|

## INSURED VEHICLE

| VEH# | YEAR | MAKE: Jeep Demo | BODY TYPE: | | PLATE NUMBER DL74K/L | STATE IL |
|---|---|---|---|---|---|---|
| | 2017 | MODEL: Grand Cherokee | V.I.N.: | | | |

| OWNER'S NAME & ADDRESS | Skokie 4-18-16 | RESIDENCE PHONE (A/C, No): BUSINESS PHONE (A/C, No, Ext): |
|---|---|---|
| DRIVER'S NAME & ADDRESS ☐ (Check if same as owner) | Kevin Raymond 14700 Central AVe unit B107 Oak Forest Il 60452 | RESIDENCE PHONE (A/C, No): 847-982-9500 BUSINESS PHONE (A/C, No, Ext): |
| RELATION TO INSURED (Employee, family, etc.) Finance Mngr | DATE OF BIRTH 9/16/71 | DRIVER'S LICENSE NUMBER | STATE | PURPOSE OF USE | USED WITH PERMISSION? ☐ YES ☐ NO |
| DESCRIBE DAMAGE ? may need to go to Ally front bumper cracked | ESTIMATE AMOUNT | WHERE CAN VEHICLE BE SEEN? | WHEN CAN VEH BE SEEN? | OTHER INSURANCE ON VEHICLE |

## PROPERTY DAMAGED

| DESCRIBE PROPERTY (if auto, year, make, model, plate #) | 1998 Honda Odessey zx32245 IL 2000 | OTHER VEH/PROP INS? ☐ YES ☐ NO | COMPANY OR AGENCY NAME: Appolo Casualty Co.<br>POLICY #: |
|---|---|---|---|
| OWNER'S NAME & ADDRESS | Ted Griffin - 13747 Sacremento Av., Blue Island | RESIDENCE PHONE (A/C, No): (708) 714-2418 BUSINESS PHONE (A/C, No, Ext): |
| OTHER DRIVER'S NAME & ADDRESS ☐ (Check if same as owner) | Elitha Brown - 15915 Vine Av., Harvey IL 60426 | RESIDENCE PHONE (A/C, No): (708) 359-5741 BUSINESS PHONE (A/C, No, Ext): |
| DESCRIBE DAMAGE Rear | ESTIMATE AMOUNT | WHERE CAN DAMAGE BE SEEN? |

## INJURED

| NAME & ADDRESS | PHONE (A/C, No) | PED | INS VEH | OTH VEH | AGE | EXTENT OF INJURY |
|---|---|---|---|---|---|---|
| Elitha Brown DOB: 8-13-1958 | | ☐ | ☐ | ☑ | | Neck and shoulders and elbow |
| Darrell Brown DOB :11-23-1984 Darrell Gordon | (917) 569-6400 | ☐ | ☐ | ☑ | | Neck |

## WITNESSES OR PASSENGERS

| NAME & ADDRESS | PHONE (A/C, No) | INS VEH | OTH VEH | OTHER (Specify) |
|---|---|---|---|---|
| | | ☐ | ☐ | |

EXHIBIT # A-33

| REMARKS (include adjuster assigned) | | | |
|---|---|---|---|
| REPORTED BY C/D called from scene | REPORTED TO Holly | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |

ACORD 2 (10/98)     NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE     © ACORD CORPORATION 1988

Claim #: 134597-07 (28)

# Administrative Claim Service, Inc. 
### 333 North Avenue, 3rd Floor
### Wakefield, MA 01880
E-mail: acs_@acsacc.com
Web: www.acsacc.com
Tel: 1-888-227-5945
Fax: 1-888-227-3299

## *GUEST PASSENGER RECORDED STATEMENT SUMMARY*

| | |
|---|---|
| **TO:** | Vicky Paweleck |
| **NAME OF COMPANY:** | IAT Insurance - HARCO |
| **PAGES:** | 5 |
| **CLAIM #:** | 134597-07 |
| **CONTACT NAME:** | DARRELL GORDON |
| **DATE OF LOSS:** | 1/19/2017 |
| **DATE ASSIGNED:** | 1/19/2017 |
| **DATE CONTACTED:** | 1/20/2017 |
| **DATE RETURNED:** | 1/23/2017 |
| **ACS ADJUSTER:** | ANR/BBB |
| **LANGUAGE:** | ENGLISH |

**EXHIBIT**

A-33

Case: 1:23-cv-00517 Document #: 1 Filed: 01/27/23 Page 143 of 149 PageID #:143

2017  
7:58:54AM  
CPP 0006720  
SKOKIE MOTOR SALES INC

## HARCO NATIONAL INSURANCE COMPANY
### MONTHLY LOSS EXPERIENCE
For the Month Ending: February

| Seq # Loss Date | Customer Name / Examiner Name | Primary/Cert Coverage | Type | Claim# - Clmt | Total Paid Loss | Total Paid Expenses | Total Paid Deductible | Current Reserves | Incurred | Over Deduct / Under Deduct | CLAIMANT NAME | Incurr Within Ded | Re Wri Bra |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/07/2016 | DAVID J GAYLES / Carol Busch | GARAGE LIABILITY AUT | PD | 013028-1 00101 | 1,011.52 | 98.00 | 1,011.52 | 0.00 | 1,011.52 | 0.00 | CHRISTIAN MORALESS | | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013028 | 1,011.52 | 98.00 | 1,011.52 | 5,000.00 | 0.00 | 1,011.52 | | | |
| 07/13/2016 | JEREMY ZITO / Lynda Pasluk | GARAGE LIABILITY AUT | PD | 013106-1 00101 | 1,395.37 | 98.00 | 1,395.37 | 0.00 | 1,395.37 | 0.00 | PATRICIA POKLACKI | 1,011.52 | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013106 | 1,395.37 | 98.00 | 1,395.37 | 5,000.00 | 0.00 | 1,395.37 / 1,011.52 | | | |
| 08/24/2016 | DANTE LLOYD / Carol Busch | GARAGE LIABILITY AUT | PD | 013730-1 00101 | 1,322.18 | 98.00 | 1,322.18 | 0.00 | 1,322.18 | 0.00 | KERRY MURAKAMI | 1,395.37 | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013730 | 1,322.18 | 98.00 | 1,322.18 | 5,000.00 | 0.00 | 1,322.18 / 1,395.37 | | | |
| 10/24/2016 | Carol Busch | GARAGE LIABILITY AUT | PD | 013999-1 00101 | 1,021.80 | 110.00 | 1,021.80 | 0.00 | 1,021.80 | 0.00 | WILLIAM VOYT | | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013999 | 1,021.80 | 110.00 | 1,021.80 | 5,000.00 | 0.00 | 1,021.80 / 1,021.80 | | 1,322.18 | |
| 10/24/2016 | GABRIEL RODRIGUEZ SALESMAN / Victoria Paweleck | GARAGE LIABILITY AUT | PD | 013956-1 00101 | 7,980.61 | 0.00 | 7,980.61 | 0.00 | 7,980.61 | 2,980.61 | ROBERT NELIS | | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013956 | 7,980.61 | 0.00 | 7,980.61 | 5,000.00 | 0.00 | 7,980.61 / 5,000.00 | | 1,021.80 | |
| 08/22/2016 | DAVID LUTTRELL / Carol Busch | GARAGE LIABILITY AUT | PD | 014132-1 00101 | 2,895.04 | 98.00 | 2,895.04 | 0.00 | 2,895.04 | 0.00 | KAROL DOLEGA | | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000014132 | 2,895.04 | 98.00 | 2,895.04 | 5,000.00 | 0.00 | 2,895.04 / 2,895.04 | | 5,000.00 | |
| 12/21/2016 | STEVEN BERNARD / Lynda Pasluk | GARAGE LIABILITY AUT | PD | 014394-1 00101 | 0.00 | 0.00 | 0.00 | 5,550.00 | 5,550.00 | | CHRISTOPHER LAMBE | 2,895.04 | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000013494 | 0.00 | 0.00 | 0.00 | 5,000.00 | 5,550.00 | 5,550.00 | | | |
| 01/19/2017 | Victoria Paweleck | GARAGE LIABILITY AUT | PD | 014597-1 0101 | 1,929.80 | 98.00 | 1,929.80 | 0.00 | 1,929.80 | 0.00 | TED GRIFFIN | 5,000.00 | |
| 01/19/2017 | Victoria Paweleck | GARAGE BODILY INJUR | BI | 014597-2 0101 | 0.00 | 10.00 | 0.00 | 7,777.00 | 7,777.00 | | ELITHA BROWN | | |
| 01/19/2017 | Victoria Paweleck | GARAGE LIABILITY AUT | BI | 014597-3 0101 | 0.00 | 55.00 | 0.00 | 12,000.00 | 12,000.00 | | DARRELL GORDON | | |
| | | GARAGE LIABILITY AUT TOTAL | | 00000014597 | 1,929.80 | 163.00 | 1,929.80 | 5,000.00 | 19,777.00 | 21,706.80 | | 1,929.80 | 3.0 |


EXHIBIT A-33

12/16/21, 8:16 PM
Case: 1:23-cv-00517 Document #: 1 Filed: 01/27/23 Page 144 of 149 PageID #:144
Court Clerks cannot refuse to file a document for form | aFreeCountry



Home    Join A Group    Founding Documents    Income Tax?    Sovereignty of People

Dividing Issues    Terms of Use    Check Email

Search

# User login

**Username \***

**Password \***

- Create new account
- Request new password

Log in

# Support

# aFreeCountry

**Donate**





... HowToWinInCourt....

# Navigation

- Forums
- Recent posts
- Shopping cart

Home > Forums > The Law > Statutory "Law"

# Court Clerks cannot refuse to file a document for form

Log in or register to post comments        4 posts / 0 new

Last post

Tue, 04/07/2015 - 07:06                                        #1



M. R. Hamilton

## Court Clerks cannot refuse to file a document for form

Sometimes a court clerk might refuse to file a document because it does not meet certain form guidelines. A clerk is not permitted to refuse filing a document for form as required by rule 5.(d)(4) of the Federal Rules of Civil Procedures specifically state.

> **5.(d)(4)** Acceptance by the clerk. A clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

This is an important rule especially for those who are preceding in a court of record. Although a court of record proceeds according to common law, the sovereign can choose the Federal Rules by which to proceed. This is one of the ways to get a clerk to do his job. Since law is the decree o the sovereign,

conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

There is also case law that specifies that a document is filed once it is delivered to the clerk. It does not have to be stamped and sign. That is done merely to designate a time of filing. In one case, the court opined that a document is filed even if delivered to a deputy clerk at night at his home.

> **it is settled law that delivery of a pleading to a proper official is sufficient to constitute filing thereof**. *United States v. Lombardo*, 241 U.S. 73, 36 S. Ct. 508, 60 L. Ed. 897 (1916); *Milton v. United States*, 105 F.2d 253, 255 (5th Cir. 1939). In *Greeson v. Sherman*, 265 F. Supp. 340 (D.C.Va.1967) it was held that a pleading delivered to a deputy clerk at his home at night was thereby "filed." (*Freeman v. Giacomo Costa Fu Adrea*, 282 F. Supp. 525 (E.D.Pa. 04/5/1968).)

Read the rest of the Order to the Clerk attach hereto. It has good information regarding the duties of the clerk.

# Who's online

There are currently 0 users online.

# Syndicate

# Who's new

- joediezel13
- Sweetz88
- sjc2
- ViSilla
- pkemke

sovereigns can decree that some statutes apply in his case.

A court clerk does not have the authority to make any decisions. His duties are ministerial and not tribunal. The tribunal is who gets to make the decisions regarding the quality of a paper. So if at first a clerk will not file your papers, simply state politely that he file them on demand. If that fails, present the clerk with an order from the court of record. You may have to mail if by registered mail before the clerk will comply.

As you will see in the attached template, the anyone who removes a document from the record can be punished for up to three years in prison according to.

### 18 USC § 2071

(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other

I remember, do not argue with a deputy clerk. Nobody ever wins an argument. The deputy clerk is not someone who you debate law with. They are simply paper warehousers, and do not usually comprehend such things. Send you order directly to the clerk along with a letter explaining the crime being committed by the deputy clerk and he will usually perform his duties as the law requires.

**Do not forget to edit the template. Everything in red font need to be update. You may also want to change the header to better suit local practice.**

**File Attachments:**
[OrderToClerk.ott](OrderToClerk.ott)

Log in or register to post comments

Mon, 12/07/2015 - 01:31                                    #2

B.W. Cornwell



**OTT file**

I don't have a way to open the Order To Clerk.ott file. There's nothing in my registry that recognizes it and I think it's a file from your phone app. But I don't have the solution. I did a quick search online and didn't find a program that would open it. I don't know what the info is but I like to be able to read all associated info if possible. Thank you.

Log in or register to post comments

Fri, 12/11/2015 - 15:07 **(Reply to #2)**                  #3
**Libre Office a Free Ofiice Suite**

12/16/21, 8:16 PM                    Court Clerks cannot refuse to file a document for form | aFreeCountry.com

M. R. Hamilton



It can be opened with Libre Office, OpenOffice.org, or OOO. I believe Star Office and probably a few other open source programs. I don't write docs on my phone. That would be way to cumbersome.

Libre Office is my office suite of choice. They all do about the sme thing. It can be downloaded here. https://www.libreoffice.org/download/libre office-fresh/



━━━ HowToWinInCourt ━━━

Log in or register to post comments

Wed, 04/05/2017 - 17:30                                    #4

HELEN DAVIS          **my husband is dealing with this as we speak**

My husband is experiencing just this the clerk refuse to file is documents. he file a notice of objection with a f1300 asking the judge to be seen in superior court in the main court building in san Diego . also adding the rest of his payments that is awarded back to him, and

1-23-2023

To: United States District Court Northern District Of Illinois

From: Elitha Brown-Bey
c/o 15915 Vine Ave
Harvey Illinois [60426]

Dear Clerk for the United States District Court Northern District Of Illinois

Enclosed in this express packet is the packet to file my complaint in Federal Court. I have also enclosed the following:

1). 1 sets of Exhibits ▬▬ set containing 193 exhibits to be filed in this case.

2). 2 USB flash drives loaded with the complaint and the 193 Exhibits.

3). 1 copy of Court Clerks Cannot Refuse to file a document for form.

Note; if for any reason exhibits are missing, please use the USB flash drive. Sorry for any inconveniences this may cause. If you have any questions or concerns please feel free to contact me at the information listed below.

Elitha Brown-Bey

(708) 359-5741

X _Elitha Brown-Bey_

Monday, January 23, 2023

PEACE